

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

January 19, 2022

**BY ECF**

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Trevor Milton,* 21 Cr. 478 (ER)

Dear Judge Ramos:

    The Government respectfully writes to advise the Court that the parties have conferred and agreed to a schedule with respect to the exchange of certain material and information prior to and during trial pending confirmation of the currently scheduled trial of April 4, 2022, as a firm trial date by the committee of Southern District of New York charged with assigning trial dates.[1] The schedule is as follows:

| | |
|---|---|
| March 7, 2022: | The Government provides to the defendant material covered by 18 U.S.C. § 3500, including material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), and a list of witnesses whom the Government reasonably expects to call in its case-in-chief. |
| | The Government provides notice to the defendant of evidence it may seek to offer pursuant to Federal Rule of Evidence 404(b). |
| | The parties provide notice to each other, consistent with the requirements of Federal Rule of Criminal Procedure 16, of experts |

---

[1] If the committee does not confirm the trial date as a firm trial date, as opposed to a back-up, the Government may seek an adjournment of trial, in light of the number of witnesses and complexity of the issues in this trial. The defendant has indicated he will oppose any adjournment request by the Government. Should the committee assign a firm date different than April 4, 2022, the parties will confer in good faith as to whether an adjustment of the above schedule is warranted. Notwithstanding the foregoing, the parties respectfully submit that the Court should treat April 4, 2022, as the firm trial date for purposes of the issuance of trial subpoenas pursuant to Federal Rule of Criminal Procedure 17.

|  |  |
|---|---|
|  | potentially to be called, if any, during the Government's case-in-chief and the defendant's case. |
| March 14, 2022: | The Government provides to the defendant a list of exhibits the Government reasonably expects to seek to introduce during its case-in-chief. This exhibit list will be subject to good-faith revision as the Government continues to prepare its case for trial, including in response to the defense's list of proposed exhibits that it anticipates seeking to introduce into evidence during the Government's case-in-chief. |
|  | The defendant produces material covered by Federal Rule of Criminal Procedure 16. |
|  | The parties provide notice to each other, consistent with the requirements of Rule 16, of rebuttal experts, if any. |
| March 21, 2022: | Defense counsel provides to the Government a list of exhibits that the defendant reasonably expects to introduce during the Government's case-in-chief or the defendant's case. This exhibit list will be subject to good-faith revision as the defense continues to prepare for its case. |
| March 28, 2022: | Defense counsel provides to the Government material covered by Federal Rule of Criminal Procedure 26.2 and a list of witnesses whom the defendant reasonably expects to call in his case. |

The parties recognize that 3500 and Rule 26.2 obligations are continuing, and accordingly that when new material is generated after the pertinent deadline described above, such material will be timely provided, *i.e.*, generally the same day it is generated, and prior to the witness to whom it applies next taking the stand. The defense has also agreed that, consistent with Rule 26.2(c), if the defense intends to withhold any such material on the ground of privilege or work-product, it will provide that material to the Court for timely review.

Finally, both the Government and the defense anticipate timely agreeing to stipulations to avoid the need to call custodians of records or otherwise to authenticate evidence or the accuracy of transcripts, and the parties agree that the dates set forth herein do not alter the parties' reciprocal discovery obligations or the obligation to produce materials obtained pursuant to Federal Rule of Criminal Procedure 17(c), absent an order to the contrary.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   s/_____
     Jordan Estes
     Matthew Podolsky
     Nicolas Roos
     Assistant United States Attorneys
     (212) 637-2543/1947/2421

cc:    Counsel of Record (by ECF)