

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

March 11, 2022

**BY ECF**

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Trevor Milton,* 21 Cr. 478 (ER)

Dear Judge Ramos:

      The Government respectfully writes in response to the defendant's letter filed earlier today (Dkt. No. 96), and to request that the Court set a trial date of July 18, 2022, which the Court indicated would be a convenient date during our conference on March 10, 2022, or September 2022, which would provide certainty to the parties. The defendant's request for a trial date of April 25, 2022, is both impractical under the current rules for trial scheduling in this District and seeks to use the filing of a meritless interlocutory appeal to improper strategic advantage.[1]

      First, the Court should not set an April 25, 2022 trial date due to the pendency of the defendant's interlocutory appeal.[2] On November 29, 2021, the defendant filed an interlocutory appeal (Dkt. No. 33) seeking immediate appellate review of this Court's order denying the defendant's motion to dismiss the Indictment for lack of venue (Dkt. No. 32). On December 8, 2021, the defendant filed his brief before the Second Circuit, in which he argued, in substance, that he would be irreparably harmed by the mere fact of his trial occurring in the Southern District of New York. (*United States v. Milton*, No. 21-2937 (2d Cir.) (Dkt. No. 22).) On December 28, 2021, the Government filed a motion to dismiss that appeal, contending that the order denying the defendant's motion to dismiss the Indictment was neither a final judgment or an appealable collateral order, and that the defendant had failed to satisfy the requirements for mandamus relief. (*Milton*, No. 21-2937 (2d Cir.) (Dkt. No. 31).) The defendant opposed the Government's motion on January 6, 2022, again arguing that if trial were to proceed at all in the Southern District of New

---

[1]    Although the defendant represented during the March 10, 2022 conference that he would confer with the Government regarding the trial date in this case, the defendant filed his letter requested an April 25, 2022 letter without discussion with the Government.

[2]    The Government has no objection to the Court resolving motions and setting schedules while the appeal is pending.

York—regardless of outcome—"Mr. Milton's constitutional right to trial in a proper venue already will have been violated and irreparably so." (*Milton*, No. 21-2937 (2d Cir.) (Dkt. No. 36 at 21).) That appeal remains pending before the Second Circuit.

"As a general matter, '[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United State v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). However, "a district court may retain jurisdiction to proceed with a trial, despite the pendency of a defendant's interlocutory . . . appeal, where the appeal is found to be frivolous." *United States v. Salerno*, 868 F.2d 524, 539 (2d Cir. 1989); *see also Rodgers*, 101 F.3d at 251-52 ("We fail to see any efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on this court the power to do nothing but dismiss the appeal.").

For the reasons set forth in the Government's motion to dismiss the appeal now pending before the Second Circuit, the Government believes the defendant's interlocutory appeal is meritless. However, should trial proceed while the interlocutory appeal is pending, the defendant will be able to argue that the appeal was not frivolous and that this Court lacked jurisdiction to proceed with trial and render judgment. The defendant should not be permitted to manipulate the court system by filing a notice of appeal—arguing that the occurrence of a trial in this District itself would cause irreparable harm—while pressing for a trial date, holding in reserve the ability to argue after conviction that the trial was invalid due to his filing of the appeal.

Nor does the defendant's assertion that he intends to withdraw his appeal before trial starts if the appeal remains pending as of April 25, 2022, provide any reasonable assurance to either the Government or the Court. Indeed, the defendant also contends that "[a] defendant should not be required to choose between two rights."[3] (Dkt. No. 96 at 3.) It is impractical and provides improper advantage to the defendant to require the Government to prepare for a four-to-six-week trial while an appeal taken by the defendant is pending, with the possibility that the defendant will continue to press the appeal, which would require either that the trial be adjourned or that a trial proceed while the defendant retain the ability to later claim that the Court was without jurisdiction. To provide certainty to the parties and witnesses, the defendant should withdraw his appeal at least six weeks before any scheduled trial date. To that end, the government does not intend to provide early disclosure of 3500 material while such an appeal is pending, which the Government would otherwise be inclined to do.

Second, particularly in light of the expected length of trial, the need to prepare witnesses for trial, and the complexity of the issues anticipated to be raised before and during this trial, including impending deadlines for the filing of motions and other pre-trial submissions, and for the purposes of prudence and judicial efficiency, an April 25, 2022 trial date is impractical because

---

[3]    The defendant provides no support for his suggestion that his right to a speedy trial requires a trial when he chooses, particularly where he has filed an interlocutory appeal of the denial of a motion to dismiss. (Dkt. No. 96 at 3.) Indeed, the defendant has no such right. *See* 18 U.S.C. § 3616(h)(1)(C) (excluding from the time in which a trial is required to be held any period of "delay resulting from any locutory appeal").

such a date would be uncertain given current scheduling protocols. The Government understands that three trials are currently scheduled to begin on April 25, 2022, and therefore that no other trials can go forward on that date. Given the number of witnesses expected to be called at this trial, as well as the necessity of producing 3500 material for those witnesses, setting trial for April 25, 2022, when it is unlikely to be able to go forward on that date under the Court's current protocols, would be impractical and burdensome.

In short, the Court should not permit the defendant to press for a trial date only five weeks away for a four-to-six-week trial, while at the same time causing delay and uncertainty through an interlocutory appeal in which he argues that a trial in this District could cause him irreparable harm. The court should set a trial date of July 18, 2022, or during September 2022, which would provide the parties with necessary certainty and prevent the defendant from leveraging the filing of a meritless appeal to improper advantage.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney for the
        Southern District of New York

By:   s/_____
      Jordan Estes
      Matthew Podolsky
      Nicolas Roos
      Assistant United States Attorneys
      (212) 637-2543/1947/2421

cc:    Counsel of Record (by ECF)