

570 Lexington Avenue, Suite 3500
New York, NY 10022

Marc L. Mukasey
Partner
212-466-6406
Marc.mukasey@mfsllp.com

March 18, 2022

VIA ECF
The Honorable Edgardo Ramos
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Trevor Milton* (1:21-cr-00478-ER)

Dear Judge Ramos:

    This letter is respectfully submitted on behalf of defendant Trevor Milton, as a follow-up to the Court's Order of March 16, 2022, regarding scheduling. (ECF 98).

**Trial Date**

    Mr. Milton has filed a motion to voluntarily withdraw his interlocutory appeal without prejudice. *See* ECF No. 99. He has done so in order to secure July 18, 2022 as the firm trial date of this matter. Assuming the Court can secure a July 18th trial date, we have agreed to meet and confer with the government to set a disclosure and exchange-of-materials schedule for the Court's approval.[1]

    As you know, it is Mr. Milton's primary objective to secure the earliest available trial date. In addition to his constitutional and statutory rights to a speedy trial, there are practical considerations at play. Mr. Milton and his family must travel 3,000 miles from the Rocky Mountain regions to New York, and arrange for lodging in the New York area. This cannot be accomplished without a great deal of planning, and cannot be adjusted and re-adjusted without significant cost. Prominent among these logistical issues are complicated and sensitive health care arrangements that must be made well in advance of the trial date so that a member of Mr. Milton's immediate family can travel to, and stay safely in, the New York area during trial.

---

[1] Of course, Mr. Milton would readily accept a trial date before July 18, 2022, if the Court's schedule and the COVID protocols adjust to permit it.

Hon. Edgardo Ramos
March 18, 2022
Page 2

Significant arrangements in this regard were made for the family in contemplation of an April 4th trial date, and we hope to avoid similar anxiety with respect to July 18th.

**Subpoenas**

Between October 2021 and February 2022, the defendant submitted to chambers subpoenas pursuant to Fed. R. Cr. P. 17(c). The subpoenas sought critical documents from third parties and assumed an April 4, 2022 trial date based on our September 15, 2021 conference (ECF No. 30 at 46:15-16). Rule 17(c) provides that a subpoena *duces tecum* may be made returnable *before* trial. See *United States v. Nixon*, 418 U.S. 683, 698-700 (1974) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 71 (1951) (Rule 17(c)'s "chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials."); *see also* 2 Fed. Prac. & Proc. Crim. § 272 (4th ed.). Our subpoenas were submitted to the Court well in advance of the presumed April 4th trial date in order to allow time for third-party recipients to object to, or litigate, the scope of the subpoenas.

Those 17(c) subpoenas were never issued by the Court. We would now like to re-submit to the Court a pared-down number of those 17(c) subpoenas with July 18, 2022 as the presumptive trial date in the hopes that the Court will issue the subpoenas forthwith. If the interlocutory appeal was the obstacle to issuance of the prior batch of subpoenas, that should no longer be the case after the motion for voluntary dismissal. However, if issuance of the subpoenas must await COVID committee confirmation of July 18th, we may be in a bind; we may not have COVID committee confirmation of the trial date in enough time to serve the subpoenas, receive and review responsive documents, and possibly litigate against non-responsive recipients. That will leave us two bad options: (a) forsaking the collection of critical documents from third-parties in order to secure a July 18th trial, or (b) compromising July 18th as a firm trial date in order to await the production of subpoenaed documents, and then be faced with yet another tentative trial date further down the road. We hope to avoid this Hobson's choice by getting the new batch of subpoenas issued in contemplation of a July 18th trial. The Government takes no position regarding the propriety of any Rule 17(c) subpoenas requested by the defendant, but, to the extent that the Court issues such subpoenas, the Government has no objection to the use of July 18, 2022, as the trial date.

If we have misapprehended any aspect of the Court's March 16, 2022 Order, or its effect on any of the foregoing issues, we will make ourselves available for a conference at the Court's convenience.

Thank you for your kind consideration of this submission.

Respectfully submitted,

 /s/ Marc L. Mukasey
Marc L. Mukasey
*Counsel for Defendant*
*Trevor Milton*

Hon. Edgardo Ramos
March 18, 2022
Page 3


cc: Co-Counsel, Bradley J. Bondi (Cahill Gordon & Reindel LLP)
      Counsel of Record (via ECF)