# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 6, 2022

**BY EMAIL**

Marc L. Mukasey, Esq.
Mukasey Frenchman LLP
570 Lexington Avenue, Suite 3500
New York, NY 10022

Bradley Bondi, Esq.
Cahill Gordon & Reindel LLP
32 Old Slip
New York, NY 10005

  Re: *United States v. Trevor Milton*, 21 Cr. 478 (ER)

Dear Counsel:

  This letter provides notice, pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, of expert testimony that the Government may offer during its case-in-chief at trial.

**I. Disclosure Regarding Professor Dina Mayzlin**

  The Government may call Dina Mayzlin, the Associate Dean for the Ph.D. Program, Robert E. Brooker Chair in Marketing, and Professor of Marketing at the University of Southern California Marshall School of Business. Professor Mayzlin's academic research focuses on, among other things, how businesses manage interactions with consumers on the internet and social media, and word of mouth or "buzz" as a driver of purchase decisions. A copy of Professor Mayzlin's Curriculum Vitae is attached. Professor Mayzlin is analyzing the influence on potential retail investors of the defendant's television and podcast interviews, his social media posts, and videos on Nikola Corporation's YouTube channel. Based on her analysis, her experience researching the effect of online speech on consumer behavior, and her review of the academic literature on social media's effect on investors, she is expected to testify about the following:

  First, Professor Mayzlin will provide an overview of the existing research on how online social media statements can influence consumer behavior. In particular, she will summarize the existing academic literature about how statements on social media can affect consumer behavior, including investor behavior. Professor Mayzlin is also expected to summarize the empirical methodologies that she and other academics use to measure these effects.

  Second, Professor Mayzlin will testify about raw and summary statistics concerning the defendant's internet following. Professor Mayzlin may also testify about particular tweets and the total number of "likes," comments, and re-tweets those tweets generated. Similarly, Professor Mayzlin may testify about the average audience size of particular television shows and podcasts

the defendant appeared on. With respect to videos posted on Nikola Corporation's YouTube channel, Professor Mayzlin may testify about the total number of views of particular videos.

Third, Professor Mayzlin is analyzing the dissemination of information from the defendant's social media posts and online videos. She may testify about, for example, the reach of content in a particular tweet, or over a series of tweets, as measured by repetition of that content in other social media users' posts.

Fourth, Professor Mazylin is in the process of analyzing data pertaining to retail investors' trading volume. In the event that she is anticipated to testify about the analysis, we will likely supplement our expert disclosure.

## II.   Disclosure Regarding Other Witnesses Not to Be Qualified as Experts

The Government wishes to inform you that it will call certain fact witnesses at trial who have technical expertise in the fields or engineering or finance. The Government does not intend to qualify any of these individuals as experts, and these individuals will be testifying about facts of which they have first-hand knowledge. If upon receiving the Government's witness list you have any concerns about the scope of a witness's testimony, please let us know.

We appreciate your willingness to enter into standard trial stipulations. We are anticipating that we will be able to reach an agreement on an authenticity stipulation concerning materials extracted from the defendant's electronic devices. However, in the event you are unwilling to agree to such a stipulation, the Government will call as a witness at trial a law enforcement agent or analyst to testify about forensic extractions of electronic devices and metadata. While the applicable case law indicates that such witnesses need not be qualified as experts to testify, we reserve the right to seek such a qualification in the event it is necessary to call such a witness.

Finally, the Government will also provide notice of any rebuttal experts on June 17, 2022, as we previously agreed. In the event that the Government subsequently determines it is necessary to call additional expert witnesses to respond to defense arguments, the Government will promptly provide notice after such an expert is identified.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

By: s/ _____
    Jordan Estes
    Matthew Podolsky
    Nicolas Roos
    Assistant United States Attorneys
    (212) 637-2543/1947/2421