UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TREVOR MILTON,<br><br>Defendant. | Case No. 1:21-cr-00478-ER |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* RELATING TO THE ADMISSION OF EVIDENCE OF THE "TOTAL MIX" OF INFORMATION**

Bradley J. Bondi
CAHILL GORDON & REINDEL LLP
1990 K Street NW, Suite 950
Washington, DC 20006
(202) 862-8910
bbondi@cahill.com

Marc L. Mukasey
MUKASEY FRENCHMAN LLP
570 Lexington Avenue, Suite 3500
New York, NY 10022
(212) 466-6400
Marc.Mukasey@mfsllp.com

*Counsel for Trevor Milton*

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple Computer Sec. Litig.*,
886 F.2d 1109 (9th Cir. 1989) ....................5

*Basic Inc. v. Levinson*,
485 U.S. 224 (1988) ....................1

*In re KeySpan Corp. Sec Lit.*,
383 F. Supp. 2d 358 (E.D.N.Y 2003) ....................2, 3

*La Pietra v. RREEF Am., L.L.C.*,
738 F. Supp. 2d 432 (S.D.N.Y. 2010) ....................2

*Longman v. Food Lion, Inc.*,
197 F.3d 675 (4th Cir. 1999) ....................2

*In re Morgan Stanley Information Fund Sec. Litig.*,
592 F.3d 347 (2d Cir. 2010) ....................5

*Oran v. Stafford*,
226 F.3d 275 (3d Cir. 2000) ....................5

*SEC v. Honig*,
No. 18 Cv. 8175 (ER), 2020 WL 906383 (S.D.N.Y. Feb. 25, 2020) ....................3

*SEC v. Jasper*,
678 F.3d 1116 (9th Cir. 2012) ....................4n

*TSC Indus., Inc. v. Northway, Inc.*,
426 U.S. 438 (1976) ....................1

*United Paperworkers Int'l Union v. Int'l Paper Co.*,
985 F.2d 1190 (2d Cir. 1993) ....................2

*United States v. Alkins*,
925 F.2d 541 (2d Cir. 1991) ....................4

*United States v. Cassese*,
428 F.3d 92 (2d Cir. 2005) ....................3

*United States v. Contorinis*,
692 F.3d 136 (2d Cir. 2012) ....................1

*United States v. Dunloy*,
584 F.2d 6 (2d Cir.1978)....................................................................................4

*United States v. Frenkel*,
682 F. App'x 20 (2d Cir. 2017) ....................................................................2n

*United States v. Gatto*,
986 F.3d 104 (2d Cir. 2021)..............................................................................4

*United States v. Gramins*,
939 F.3d 429 (2d Cir. 2019)............................................................................1n

*United States v. Hanson*,
994 F.2d 403 (7th Cir. 1993) ............................................................................6

*United States v. Harris*,
733 F.2d 994 (2d Cir.1984)................................................................................4

*United States v. Ibisevic*,
675 F.3d 342 (4th Cir. 2012) ............................................................................6

*United States v. Kohan*,
806 F.2d 18 (2d Cir. 1986)..............................................................................4, 6

*United States v. Litvak*,
808 F.3d 160 (2d Cir. 2015)..............................................................................4

*United States v. Mateos*,
623 F.3d 1350 (11th Cir. 2010) ........................................................................6

*United States v. Parsons*,
141 F.3d 386 (1st Cir. 1998)..............................................................................6

*United States v. Percoco*,
13 F.4th 158 (2d Cir. 2021) ..............................................................................4

*United States v. Quinones*,
511 F.3d 289 (2d Cir. 2007)..............................................................................6

*Wechsler v. Steinberg*,
733 F.2d 1054 (2d Cir. 1984)............................................................................4

*White v. H&R Block, Inc.*,
No. 02 Cv. 8965 (MBM), 2004 WL 1698628 (S.D.N.Y July 28, 2004) ..................................3

*Wielgos v. Commonwealth Edison Co.*,
892 F.2d 509 (7th Cir. 1989) ............................................................................2

**Statutes**

17 C.F.R. § 240.10b-5(b) ....... 1

**Rules**

Fed. R. Evid.
Rule 401 ....... 1, 3, 5
Rule 402 ....... 1
Rule 801 ....... 4
Rule 803 ....... 4

Defendant Trevor Milton respectfully moves *in limine* for the admission into evidence of (1) the Securities and Exchange Commission ("SEC") filings for VectoIQ and Nikola Motor Company, filed during the time period alleged in the Indictment; and (2) the entirety of the interviews in which Mr. Milton allegedly made fraudulent statements.

## ARGUMENT

### I. VECTOIQ AND NIKOLA SEC FILINGS ARE ADMISSIBLE AS PART OF THE "TOTAL MIX" OF INFORMATION.

Under Federal Rule of Evidence 402, "relevant evidence is admissible[,]" subject to exceptions not applicable here. Fed. R. Evid. 402. Under Rule 401, evidence is "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, under Rule 401, VectoIQ and Nikola's SEC filings, such as prospectuses, S-1, and S-4 filings (hereinafter the "SEC Filings") are relevant to the issues of materiality and intent.

#### A. The SEC Filings Are Relevant to the Issue of Materiality.

The government must prove, as an essential element of securities fraud, that the defendant made a statement or an omission that was "misleading as to a *material fact.*" *Basic Inc. v. Levinson,* 485 U.S. 224, 238 (1988) (emphasis in original); *see* 17 C.F.R. § 240.10b-5(b). For a fact to be material, "there must be a substantial likelihood that the disclosure of the . . . fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976); *see United States v. Contorinis*, 692 F.3d 136, 143 (2d Cir. 2012) ("To be material, information must 'alter[ ] the "total mix" of information available.'").[1]

---

[1] Despite this clear and unambiguous "reasonable investor" standard for materiality, the Indictment repeatedly singles out a segment of investors—"retail investors"—who were allegedly misled. *See*, *e.g.*, Indictment ¶¶ 3, 10, 17, 22, 24, 26, 37, 64, 71, 80–81. But there is no "retail investor" standard. *See United States v. Gramins*, 939 F.3d

The "total mix" of information standard is "objective[,]" *Longman v. Food Lion, Inc.*, 197 F.3d 675, 682 (4th Cir. 1999), and highly "fact-specific." *Wielgos v. Commonwealth Edison Co.*, 892 F.2d 509, 517 (7th Cir. 1989). In general, however, the "total mix" of information includes everything from "data sent to shareholders by [the] company," to "information already in the public domain and facts known or reasonably available to the shareholders." *United Paperworkers Int'l Union v. Int'l Paper Co.*, 985 F.2d 1190, 1199 (2d Cir. 1993).

SEC filings lie at the very heart of the "total mix." *See La Pietra v. RREEF Am., L.L.C.*, 738 F. Supp. 2d 432, 441 (S.D.N.Y. 2010) (concluding that prospectuses, which are readily accessible on the SEC's website, are the single most important document investors should consult). Indeed, logically, SEC filings *necessarily* lie squarely within the "total mix" of information available to the reasonable investor. "[T]he fundamental purpose of such SEC filings is to protect investors by requiring publicly traded companies," such as Nikola, "to disclose information about their operations and finances." *In re KeySpan Corp. Sec Lit.*, 383 F. Supp. 2d 358, 373–74, n.6 (E.D.N.Y 2003).

As the government has acknowledged in this very case, "[i]n assessing materiality, statements must be taken together and in context." January 14, 2022, Government's Memorandum of Law In Opposition to Defendant's Pretrial Motions (ECF 71) at 19 (citing *In re Morgan Stanley Information Fund Sec. Litig*., 592 F.3d 347, 360 (2d Cir. 2010)). Here, the SEC

429, 448 (2d Cir. 2019) (explaining that the materiality requirement for securities fraud is an objective one and requiring that the misrepresentation be important to a "reasonable investor"); *see also United States v. Frenkel*, 682 F. App'x 20, 22 (2d Cir. 2017) (explaining that materiality for purposes of wire fraud is "assessed from the objective perspective of a reasonable person"). There is a wide range of investors in the public markets, including, among others, individual investors, hedge funds, mutual funds, asset managers, and large institutions. The so-called "retail investor" is not representative of the full spectrum of investors, and cannot be used as a proxy for the statutory standard of a hypothetical "reasonable investor" in the stock market as a whole. If the government attempts to introduce evidence that implies a legally incorrect standard, Mr. Milton intends to object to such evidence because it will confuse the issues and necessarily mislead the jury. Mr. Milton also has requested a jury instruction on this issue.

Filings, in their entirety, provide essential context for the alleged misstatements charged in the Indictment. Accordingly, the SEC Filings fall well within the total mix of information available to the reasonable investor, and hence within Rule 401's liberal test of relevance.

The SEC Filings are highly relevant to Mr. Milton's defense of lack of materiality, as follows: The SEC Filings show (or tend to show) that the reasonable investor enjoyed access to, and full disclosure of, all material facts. That evidence, in turn, tends to make materiality of the Mr. Milton's statements less probable. *See, e.g., SEC v. Honig*, No. 18 Cv. 8175 (ER), 2020 WL 906383, at *6–7 (S.D.N.Y. Feb. 25, 2020) (Ramos, J.) (citing *Ganino v. Citizen's Utilities Co.*, 228 F.3d 154, 167–68 (2d Cir. 2000)); *In re KeySpan Corp. Sec. Lit.*, 383 F. Supp. 2d at 377–78 (citing cases); *White v. H&R Block, Inc.*, No. 02 Cv. 8965 (MBM), 2004 WL 1698628, at *12 (S.D.N.Y July 28, 2004).[2]

**B. The SEC Filings Are Relevant to the Issue of Intent To Deceive.**

The government also must prove that Mr. Milton acted (i) knowingly, (ii) willfully and (iii) with intent to defraud, manipulate or defraud investors.

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. To act "willfully" means to act knowingly and purposefully, with an intent to do something the law forbids; that is to say, with a bad purpose either to disobey or to disregard the law. *See, e.g., United States v. Cassese,* 428 F.3d 92, 98 (2d Cir. 2005) (affirming a judgment of acquittal because "we conclude that [the government] did not adduce enough evidence to prove beyond a reasonable doubt that Cassese believed that he was acting unlawfully").

---

[2] Mr. Milton assumes that the government will not oppose admissibility on the ground of a lack of authenticity but rather will enter into a customary stipulation regarding the authenticity of documents filed publicly with a government agency, such as the SEC Filings. In the alternative, Mr. Milton can authenticate the SEC Filings through the testimony of the drafters, many of whom the government itself identifies on its disclosed witness list.

"Intent to deceive, manipulate or defraud," in the context of the securities laws, means to act with the intent to deceive, manipulate or defraud *investors*. *See Wechsler v. Steinberg*, 733 F.2d 1054, 1058 (2d Cir. 1984). It follows that Mr. Milton's good faith—that is, his honest belief in the truth of his representations—is a complete defense (although, of course, the burden of persuasion remains on the government "to prove fraudulent intent and consequence lack of good faith beyond a reasonable doubt"). *See United States v. Alkins*, 925 F.2d 541, 549 (2d Cir. 1991); *see also United States v. Percoco*, 13 F.4th 158, 176 (2d Cir. 2021); *United States v. Gatto*, 986 F.3d 104, 118 (2d Cir. 2021); *United States v. Litvak*, 808 F.3d 160, 189–90 (2d Cir. 2015).

Here, Mr. Milton—as founder, former executive chairman, and largest shareholder of Nikola—made public statements, which the government alleges were false. Accordingly, evidence showing overlap or similarity between Mr. Milton's statements and the SEC Filings undercuts the government's contention that Mr. Milton spoke with intent to deceive investors and instead reflects that Mr. Milton spoke with a good faith belief in the truth of his representations.

**C. The SEC Filings Are Not Hearsay.**

The SEC Filings are not hearsay because they are not "offer[ed] . . . for the truth of the matter[s] asserted" in those filings. Fed. R. Evid 801(c)(2) (defining "[h]earsay"). Rather, the SEC Filings are offered to show *what was said* in the SEC Filings, and therefore to show the disclosures made to, and available to, the reasonable investor. *See United States v. Kohan*, 806 F.2d 18, 22 (2d Cir. 1986) (*citing United States v. Southland Corp.,* 760 F.2d 1366, 1376 (2d Cir. 1985)); *United States v. Harris,* 733 F.2d 994, 1003–04 (2d Cir.1984); *United States v. Dunloy,* 584 F.2d 6, 11–12 (2d Cir.1978).[3]

[3] In the alternative, SEC filings also can qualify as business records under Rule 803(6) of the Federal Rules of Evidence. *See SEC v. Jasper*, 678 F.3d 1116, 1122–23 (9th Cir. 2012).

## II. THE PODCAST AND TELEVISION INTERVIEWS ARE ADMISSIBILE IN THEIR ENTIRETY AS PART OF THE "TOTAL MIX" OF INFORMATION.

### A. The Interviews Are Relevant to the Issue of Materiality.

The total mix of information includes, in addition to SEC filings, information available in other forms to the reasonable investor. *See e.g.*, *Oran v. Stafford*, 226 F.3d 275, 283 (3d Cir. 2000) (considering press releases by both the defendant and the FDA about the status of a causal relationship between defendant's drug and heart disease); *In re Apple Computer Sec. Litig.*, 886 F.2d 1109, 1112, 1116 (9th Cir. 1989) (considering articles in Business Week and the Wall Street Journal).

Here, the government concedes, implicitly but necessarily, that the total mix of information includes the podcast and television interviews in which Mr. Milton allegedly made misrepresentations. *See Indictment* ¶¶ 25, 28, 39, 40, 45, 50, 52, 55–57, 59, 66–69, 73, 78. Mere snippets or excerpts of these interviews do not suffice. Statements must be "taken together and in context." *Morgan Stanley*, 592 F.3d at 360. The interviews, in their entirety, provide essential context for the alleged misstatements and fall well within the total mix of information available to the reasonable investor, and hence within Rule 401's liberal test of relevance.

### B. The Interviews Are Relevant to the Issue of Intent To Deceive.

The interviews, in their entirety, also are relevant to the issue of intent to deceive. For example, when considering Mr. Milton's state of mind, his good faith, and his alleged intent "to deceive, manipulate or defraud" investors, only the *complete* interviews provide evidence of the following—the tone of the broadcast, the target audience, the focus of the interview, Mr. Milton's demeanor, his ability to speak consistently off the cuff, whether Mr. Milton mentioned Nikola's products (as distinct from its financial information), and whether Mr. Milton said something else in the interview—all of which a jury may indisputably consider in addition to the

snippet offered by the government, and a jury may regard as curative, clarifying or mitigating. The entirety of the interview is necessary to allow the jury to consider the alleged misstatements in context.

Defense counsel assures the Court that they have no intention of elongating the proceedings with hours of interviews; counsel readily acknowledges that some interviews run more than an hour. Nevertheless, defense counsel contends that the evidentiary record should include the interviews in full, so that counsel can make all necessary and appropriate arguments.

**C. The Interviews Are Not Hearsay.**

When a defendant offers his own prior statement simply to show that the statement was made, rather than for the truth of the matter asserted, the statement is not hearsay, and the statement is admissible if it is relevant to an issue of consequence. Thus, for example, when relevant, a defendant may offer his own prior statement to show his own state of mind. *See e.g.*, *United States v. Quinones*, 511 F.3d 289, 311–12 (2d Cir. 2007) (citing cases); *Kohan*, 806 F.2d at 22; *United States v. Parsons*, 141 F.3d 386, 390–91 (1st Cir. 1998); *United States v. Ibisevic*, 675 F.3d 342, 349 (4th Cir. 2012); *United States v. Hanson*, 994 F.2d 403, 406 (7th Cir. 1993); *United States v. Mateos*, 623 F.3d 1350, 1364 (11th Cir. 2010).

Here, Mr. Milton offers the interviews in their entirety, not for the truth of the matters asserted therein, but simply to show what was asked and what was said in the interviews and the context in which those statements were made, all of which is relevant to Mr. Milton's state of mind and his alleged intent to deceive. The relevance of such evidence is set forth above and need not be repeated here.[4]

[4] Again, Mr. Milton assumes that the government will not oppose admissibility on the ground of a lack of authenticity but rather will enter into a stipulation regarding the authenticity of documents, parts of which the government itself offers into evidence. In the alternative, Mr. Milton can authenticate each interview through the

## CONCLUSION

For the reasons above, Mr. Milton moves the Court to admit into evidence the SEC Filings and the entirety of the interviews in which Mr. Milton allegedly made fraudulent statements.

Dated: June 20, 2022

Respectfully submitted,

/s/ Bradley J. Bondi

Bradley J. Bondi
CAHILL GORDON & REINDEL LLP
1990 K Street NW, Suite 950
Washington, DC 20006
(202) 862-8910
bbondi@cahill.com

Marc L. Mukasey
MUKASEY FRENCHMAN LLP
570 Lexington Avenue, Suite 3500
New York, NY 1002
(212) 466-6400
Marc.Mukasey@mfsllp.com

*Counsel for Trevor Milton*

testimony of the producer of each interview.