

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

June 23, 2022

**BY ECF**

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Trevor Milton,* **S1 21 Cr. 478 (ER)**

Dear Judge Ramos:

    The Government writes in response to the defendant's letter filed earlier today (Dkt. No. 125) requesting a 30-day adjournment of trial. The defendant's request for an adjournment is predicated on a purported need to investigate the conduct underlying Count Four, which was added as part of the Superseding Indictment returned by the grand jury on June 22, 2022. But as explained below, the allegations in Count Four are no surprise to the defendant. To the contrary, he has been on notice of them since at least March, when the victims of the charged conduct filed suit against him. Moreover, the Government provided notice of the conduct and the evidence upon which it would rely to prove it—all of which would have been offered as proof of the crimes charged in the original Indictment—on the same schedule to which the parties agreed for all of the other allegations in this case. For these reasons, although, as courtesy to the defense, the Government would not object to a one-week adjournment of the trial, no delay is warranted and certainly an adjournment of greater than one week would be contrary to the "ends of justice." *United States v. Spencer*, 646 F. App'x 6, 9 (2d Cir. 2016).

## Background

    On June 22, 2022, the grand jury returned a Superseding Indictment adding an additional wire fraud count—Count Four—relating to misrepresentations made by the defendant in connection with his purchase of property in Utah. As the defendant is aware, the misrepresentations alleged in Count Four are substantially similar, if not identical, to the false representations alleged by the Government in the original Indictment in this case. They were made in the course of and during substantially the same time period as the defendant's overarching and previously alleged scheme to defraud investors and thereby to inflate the value of his stock holdings, which stock holdings he used to purchase the Utah property. (*See, e.g.*, Dkt. No. 1 ¶¶ 2, 4, 18-20, 26-79.)

Prior to the return of the Superseding Indictment, beginning on June 6, 2016—the date agreed to by the parties for the Government to begin to produce, on a rolling basis, 3500 material—the Government produced 3500 material relating to the conduct underlying Count Four. Beginning on June 16, 2022, the Government produced, on a rolling basis, documents obtained by the Government relating to the conduct underlying Count Four. The entirety of this discovery consists of (a) a recording, approximately 30 minutes in length, of a phone call during which the defendant explicitly and clearly misrepresented material facts relating to Nikola's business—consistent with substantively identical misrepresentations previously alleged in the original Indictment—and (b) approximately 226 pages of emails, notes, and transactional documents. Furthermore, on June 17, 2022, the Government disclosed its current witness list to the defendant, which included as witnesses the two victims of the conduct alleged in Count Four, and provided notice to the defendant that:

> In approximately 2020-2021, the defendant purchased a property in Utah known as Wasatch Creeks Ranch in exchange for cash and stock options based on false and misleading statements regarding Nikola's business and products. This conduct was part of the charged scheme to defraud and associated evidence is therefore admissible as direct proof of the charges contained in the Indictment. Nonetheless, even if such evidence were not admissible as direct proof of the charged schemes, it would still be admissible, and the Government would offer it, to prove motive, intent, plan, knowledge, and lack of mistake.

In short, the defendant received all of the disclosures he was entitled to receive regarding the conduct at issue in Count Four on precisely the schedule agreed to between the parties. The addition of a substantive count related to this conduct will not necessitate any changes to the Government's witness list or require additional 3500 productions.

Nor were the Government's disclosures the first time that the defendant was made aware of the allegations underlying Count Four. To the contrary, since March 14, 2022, he has been litigating a civil case in the United States District Court for the District of Utah based on a detailed complaint describing the same fraudulent conduct. *See Peter Hicks, et al. v. Trevor R. Milton, et al.*, No. 22 Civ. 166 (D. Utah filed Mar. 14, 2022).

### **Applicable Law**

Whether to grant an adjournment based on the return of a superseding indictment is a "matter is left to the trial judge's discretion, consistent with the 'ends of justice.'" *Spencer*, 646 F. App'x at 9 (quoting 18 U.S.C. § 3161(h)(7)(A)); *see also United States v. McGee*, 564 F.3d 136, 142 (2d Cir. 2009) (decision of whether to grant continuance following return of superseding indictment is "within the trial judge's discretion to be decided in accordance with 'the ends of justice'"); *United States v. Shea*, No. 20 Cr. 412 (AT), 2022 WL 1443918, at *5-6 (S.D.N.Y. May 6, 2022) (denying adjournment because, among other things, the defendant was previously aware of the facts underlying the additional charge and had not shown prejudice). In evaluating a defendant's motion to adjourn a trial, courts consider "the impact of the second indictment on the defense and the time that remains available to deal with the changes effected by the superseder."

*United States v. Montoya-Echeverria*, 896 F. Supp. 148, 151 (S.D.N.Y. 1995) (denying motion to adjourn trial based on superseding indictment returned 26 days before trial).

## **Discussion**

Although the Government does not object to a one-week adjournment of trial, the 30-day adjournment requested by the defendant would be contrary to the ends of justice and should be denied.[1]

The defendant has failed to show any reasonable basis for an adjournment. The defendant contends, vaguely, that he wishes "to investigate the matter thoroughly and need sufficient time to do so" and that he "anticipate[s] the need to subpoena and review documents." (Dkt. No. 125 at 2.) But the defendant does not provide any explanation as to what steps he wishes to take much less why he needs additional time to take them. Nor could he. The evidence to be offered specific to Count Four is minimal. It consists of a recording, potentially a handful of emails and documents, and the testimony of approximately two witnesses. The remainder of the evidence necessary to prove Count Four is the same evidence that will be offered to prove Counts One through Three—namely, testimony and documents demonstrating the truth of the affairs at Nikola when the misrepresentations were made by the defendant—all which the defendant has had in his possession for months. *See, e.g.*, *Montoya-Echeverria*, 896 F. Supp. at 151 (rejecting claim that defendant needed additional time to investigate because "he ha[d] not persuaded the Court that a proper defense cannot be mounted in the[ ] circumstances").

Moreover, the return of the Superseding Indictment has altered nothing in terms of the defendant's preparation for trial. As noted above, the Government, consistent with its obligations and the agreement between the parties, disclosed its intention to offer the evidence relating to Count Four as direct proof of the conduct charged in Counts One through Three, and as proof of motive, intent, plan, knowledge, and lack of mistake, pursuant to Federal Rule of Evidence 404(b). The same evidence therefore would have been presented at trial regardless of the return of any Superseding Indictment. Indeed, the defendant implicitly concedes as much, noting that he had planned to file motions (however futile) to preclude the introduction of such evidence even before the Grand Jury returned the Superseding Indictment. (Dkt. No. 125 at 1.)

The defendant also contends that a 30-day adjournment is necessary for him to amend or supplement previously filed motions. (Dkt. No. 125 at 2.) The defendant is certainly welcome to file a motion to dismiss a validly returned wire fraud count, however wasteful of time and resources such a motion would be. The defendant is also welcome to supplement his motions *in limine*, which is a common practice as trials approach in this district. But the defendant fails to explain how an additional 30 days—on top of the weeks remaining before trial—is necessary to do so, let alone to supplement proposed *voir dire* with the names or other matters relating to Count Four or proposed jury instructions with matters relating to a second wire fraud count.

---

[1] The Government has also told defense counsel that it will, as a courtesy and to the extent practicable, endeavor to call witnesses specific to the conduct underlying Count Four later in the trial.

By contrast, a 30-day adjournment would substantially burden the Court, the Government, third-party witnesses, and the public. Indeed, the Government has devoted substantial resources to preparing for trial in substantial reliance on the defendant's repeated assertions that he wished to proceed with trial as soon as possible (notwithstanding his filing of a meritless interlocutory appeal), even declining repeatedly and for reasons unclear to consent to exclusion of time from Speedy Trial Act calculation. (*See, e.g.*, Dkt. Nos. 16 at 5:12-19, 30 at 44:15-18 & 48:22-8, 91, 96, 97.) Civilian witnesses have also expended significant time preparing for trial and have arranged their schedules to be available for the scheduled trial date. A 30-day adjournment would be particularly problematic because witnesses, as may be expected, have travel plans in August, and selecting a jury for a complex trial in mid-August will almost certainly prove difficult.

The public interest also weighs against an adjournment. Nikola is a public traded company, and thousands of retail investors suffered substantial losses as a result of the defendant's fraudulent scheme. A delay at this stage would undermine the public's interest in a prompt disposition of this case.

In short, the return of the Superseding Indictment in this case has no material impact on preparations for trial, which was to include the same evidence that will be offered to prove up the additional wire fraud charge. *See McGee*, 564 F.3d at 142 (rejecting claim that denial of adjournment following return of indictment was an abuse of discretion because the defendant failed to "establish both that the denial of the adjournment was arbitrary, and that it substantially impaired the presentation of his case" (quotation marks and citation omitted)). Accordingly, any adjournment of more than one week, which the Government and Government witnesses could accommodate, would not serve the ends of justice and should be rejected. *See, e.g.*, *Shea*, 2022 WL 1443918, at *6 (rejecting 30-day adjournment request based on superseding information filed 25 days before trial adding honest services wire fraud count).

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney for the
        Southern District of New York

By:   s/
      Jordan Estes
      Matthew Podolsky
      Nicolas Roos
      Assistant United States Attorneys
      (212) 637-2543/1947/2421

cc:    Counsel of Record (by ECF)