UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                        :
    UNITED STATES OF AMERICA                            :
                                                        :
        - v. -                                          :        S1 21 Cr. 478 (ER)
                                                        :
    TREVOR MILTON,                                      :
                                                        :
            Defendant.                                  :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x


### GOVERNMENT'S AMENDED REQUESTS TO CHARGE


                                        DAMIAN WILLIAMS
                                        United States Attorney
                                        Southern District of New York


Jordan Estes
Matthew Podolsky
Nicolas Roos
Assistant United States Attorneys

        - Of Counsel –

## <u>TABLE OF CONTENTS</u>

REQUEST NO. 1 ................................................................................................................ 1

    Court's Usual Instructions ................................................................................. 1

REQUEST NO. 2 ................................................................................................................ 2

    Summary of the Indictment ................................................................................ 2

REQUEST NO. 3 ................................................................................................................ 4

    Count One: Securities Fraud Under Title 15 – Statutory Purpose ................................. 4

REQUEST NO. 4 ................................................................................................................ 6

    Count One: Securities Fraud Under Title 15 – Elements of the Offense ......................... 6

REQUEST NO. 5 ................................................................................................................ 8

    Count One: Securities Fraud Under Title 15 – First Element: Fraudulent Act ................. 8

REQUEST NO. 6 .............................................................................................................. 12

    Count One: Securities Fraud Under Title 15 – Second Element: Knowledge, Intent, and Willfulness ...................................................................................................... 12

REQUEST NO. 7 .............................................................................................................. 15

    Count One: Securities Fraud Under Title 15 – Third Element: Instrumentality of Interstate Commerce ................................................................................................... 15

REQUEST NO. 8 .............................................................................................................. 17

    Count Two: Securities Fraud Under Title 18 – The Indictment and the Statute ............. 17

REQUEST NO. 9 .............................................................................................................. 18

    Count Two: Securities Fraud Under Title 18 – First Element: Scheme to Defraud ........ 18

REQUEST NO. 10 ............................................................................................................ 19

    Count Two: Securities Fraud Under Title 18 – Second Element: Criminal Intent .......... 19

REQUEST NO. 11 ............................................................................................................ 20

    Count Two: Securities Fraud Under Title 18 – Third Element: Nexus to the Purchase or Sale of Securities ................................................................................................ 20

REQUEST NO. 12 ............................................................................................................ 21

    Counts Three and Four: Wire Fraud – The Indictment and the Statute ....................... 21

REQUEST NO. 13 ............................................................................................................ 22

    Counts Three and Four: Wire Fraud – First Element: Existence of Scheme or Artifice to Defraud 22

**REQUEST NO. 14** ................................................................................................ **26**

Counts Three and Four: Wire Fraud – Second Element: Knowing Participation in Scheme with Intent to Defraud ................................................................................................................ 26

**REQUEST NO. 15** ................................................................................................ **28**

Counts Three and Four: Wire Fraud – Third Element: Use of Interstate Wires ............................ 28

**REQUEST NO. 16** ................................................................................................ **30**

Willfully Causing (If Applicable) ............................................................................... 30

**REQUEST NO. 17** ................................................................................................ **32**

Conscious Avoidance (If Applicable) ........................................................................... 32

**REQUEST NO. 18** ................................................................................................ **33**

Presence of Counsel ............................................................................................ 33

**REQUEST NO. 19** ................................................................................................ **34**

Venue ......................................................................................................... 34

**REQUEST NO. 20** ................................................................................................ **36**

Time of Offense ............................................................................................... 36

**REQUEST NO. 21** ................................................................................................ **37**

Law Enforcement and Government Employee Witnesses (If Applicable) .................................... 37

**REQUEST NO. 22** ................................................................................................ **38**

Expert Testimony (If Applicable) ............................................................................... 38

**REQUEST NO. 23** ................................................................................................ **39**

Testimony Pursuant to Immunity Order (If Applicable) .................................................. 39

**REQUEST NO. 24** ................................................................................................ **40**

Uncalled Witnesses – Equally Available ..................................................................... 40

**REQUEST NO. 25** ................................................................................................ **41**

Persons Not on Trial........................................................................................... 41

**REQUEST NO. 26** ................................................................................................ **42**

Character Testimony (If Applicable) ........................................................................... 42

**REQUEST NO. 27** ................................................................................................ **43**

Defendant's Testimony [or Defendant's Right Not to Testify] .............................................. 43

**REQUEST NO. 28** ................................................................................................ **44**

PREPARATION OF WITNESSES ............................................................................... 44

**REQUEST NO. 29** ................................................................................................ **45**

STATEMENTS OF THE DEFENDANT ........................................................................ 45

**REQUEST NO. 30** ................................................................................................ **46**

USE OF AUDIO RECORDING AND TRANSCRIPT (IF APPLICABLE) ................................ 46

**REQUEST NO. 31** ................................................................................................ **47**

USE OF EVIDENCE OBTAINED PURSUANT TO SEARCHES AND SEIZURES (IF APPLICABLE) ............................... 47

**REQUEST NO. 32** ................................................................................................ **48**

CHARTS AND SUMMARIES (IF APPLICABLE) ........................................................... 48

**REQUEST NO. 33** ................................................................................................ **49**

STIPULATIONS (IF APPLICABLE) ........................................................................... 49

**REQUEST NO. 34** ................................................................................................ **50**

PARTICULAR INVESTIGATIVE TECHNIQUES NOT REQUIRED (IF APPLICABLE) ............... 50

**REQUEST NO. 35** ................................................................................................ **51**

REDACTION OF EVIDENTIARY ITEMS (IF APPLICABLE) ........................................... 51

**REQUEST NO. 36** ................................................................................................ **52**

FALSE EXCULPATORY STATEMENTS (IF APPLICABLE) ............................................. 52

**REQUEST NO. 37** ................................................................................................ **53**

SIMILAR ACTS (IF APPLICABLE) .......................................................................... 53

**CONCLUSION** ..................................................................................................... **54**

**REQUEST NO. 1**

**Court's Usual Instructions**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.    Roles of Court and Jury

b.    Rulings on Evidence and Objections

c.    Statements of Court and Counsel not Evidence

d.    Burden of Proof and Presumption of Innocence

e.    Reasonable Doubt

f.    Government Treated Like Any Other Party

g.    Definitions and Examples of Direct and Circumstantial Evidence

h.    Inferences

i.    Credibility of Witnesses

j.    Right to See Exhibits and Have Testimony Read During Deliberations

k.    Sympathy:  Oath as Jurors

l.    Punishment Is Not to Be Considered by the Jury

m.    Verdict of Guilt or Innocence Must be Unanimous[1]

---

[1] The Government respectfully requests that the Court give its standard unanimity instruction. *See Schad v. Arizona*, 501 U.S. 624, 635 (1991) (plurality opinion) (rejecting the view that jury must indicate on which alternative means of committing a crime it has based a defendant's guilt); *United States v. Stewart*, 433 F.3d 273, 319 (2d Cir. 2006) (general unanimity instruction sufficient where "different types of fraudulent conduct proscribed . . . are not separate offenses," but are instead "different means by which the statute is violated").

**REQUEST NO. 2**

**Summary of the Indictment**

The defendant Trevor Milton has been formally charged in an Indictment. The indictment is a document containing the charges against the defendant.  It is not evidence or proof of the defendant's guilt.  Before you begin your deliberations, you will be provided with a copy of the indictment.  Therefore, I will not read the entire indictment to you at this time.  Instead, I will summarize in general terms the offenses charged.  Then, I will explain in detail the elements of those offenses.

The Indictment contains four counts, or charges. I will, at times, refer to each count by the number assigned to it in the Indictment. You should know that there is no significance to the order of these numbers. In your deliberations and in reaching your verdict, you must consider each count separately.

Count One of the Indictment charges the defendant with securities fraud under Title 15 of the United States Code, and Count Two of the Indictment charges the defendant with securities fraud under Title 18 of the United States Code. Count Three charges the defendant with wire fraud. Specifically, those three counts charge that, from at least in or about November 2019 through in or about September 2020, the defendant, who was the chief executive officer and later executive chairman of Nikola Corporation ("Nikola"), defrauded investors by inducing them to purchase shares of Nikola through false and misleading statements regarding Nikola's product, technology, and business development.

Count Four of the Indictment also charges the defendant with wire fraud. Specifically, Count Four charges that, from at least in or about April 2020 through at least in or about March

2021, the defendant defrauded the sellers of Wasatch Creeks Ranch through false and misleading statements regarding Nikola's product, technology, and business development.

## REQUEST NO. 3

### Count One: Securities Fraud Under Title 15 – Statutory Purpose

The stock market crash of 1929 led to much legislation in the area of federal regulation. Included in this legislation was the Securities Act of 1933, and the creation of the Securities and Exchange Commission. The Securities Act was enacted to protect the investing public in the purchase of stock that is publicly distributed. The Act provides a comprehensive plan requiring full and fair disclosure of all important facts in connection with the distribution of securities. Such disclosures are designed to enable the investing public to make realistic appraisals of the merits of securities so that investors can make informed investment decisions.

When it enacted the Securities Act, Congress recognized that the purchase of a stock or bond is different from the purchase of a vegetable bought in a grocery store, in that the average investor is not in a position to make a personal investigation to determine the worth, quality, and value of securities.

Following enactment of the Securities Act of 1933, which requires full and fair disclosures relating to the offering of stock to the investing public, Congress enacted the Securities Exchange Act of 1934 to ensure fair dealing and outlaw deceptive and inequitable practices by those selling or buying securities on the securities exchanges, in over-the-counter markets, or in face-to-face transactions. Among the primary objectives of the Exchange Act are the maintenance of fair and honest security markets and the elimination of manipulative practices that tend to distort the fair and just price of stock or bonds. Congress recognized that any deceptive or manipulative practice that influences or relates to trading activity undermines the function and purpose of a free market.

Adapted from the charge in *United States v. Hild*, 19 Cr. 602 (RA), and from Sand, et al., *Modern Federal Jury Instructions*, Instr. 57-19.

**REQUEST NO. 4**

**Count One: Securities Fraud Under Title 15 – Elements of the Offense**

As I mentioned, Count One charges the defendant with securities fraud under Title 15 of the United States Code, which makes it "unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . . to use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, . . . any manipulative or deceptive device or contrivance."

To prove that the defendant committed securities fraud under this statute, the Government must prove each of the following three facts, also known as "elements," beyond a reasonable doubt:

*First*, that in connection with the purchase or sale of securities, such as stock, the defendant did *any one* or more of the following:

(a) employed a device, scheme or artifice to defraud, or

(b) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(c) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

*Second*, that the defendant acted knowingly, willfully, and with intent to defraud; and

*Third*, that in furtherance of the fraudulent conduct, there occurred at least one use of any means or instrument of transportation or communication in interstate commerce, or the use of the mails, or the use of any facility of any national securities exchange.

I will discuss each element in turn.

6

Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 57-20, and the charges in *United States v. Cole*, 19 Cr. 869 (ER), *United States v. Hild*, 19 Cr. 602 (RA), *United States v. Bergstein*, 16 Cr. 746 (PKC), *United States v. Tuzman*, 15 Cr. 536 (PGG); *see also United States v. Gleason*, 616 F.2d 2 (2d Cir. 1979), *cert. denied*, 444 U.S. 1082 (1980).

## REQUEST NO. 5

**Count One: Securities Fraud Under Title 15 – First Element: Fraudulent Act**

The first element that the Government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of securities, the defendant did any one of the following:

(a) employed a device, scheme or artifice to defraud, or

(b) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(c) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller of Nikola stock or the stock of the special purpose acquisition vehicle that became Nikola, which was called VectoIQ.

To prove this element, it is not necessary for the Government to prove all three types of unlawful conduct in connection with the purchase or sale of securities. Any one will suffice. You must, however, be unanimous as to which type of unlawful conduct, if any, the defendant committed.

Let me now explain some of these terms.

### <u>"Device, Scheme, or Artifice to Defraud"</u>

A device, scheme or artifice is merely a plan for the accomplishment of an objective. "Fraud" is a general term that embraces all efforts and means that individuals devise to deceive and take advantage of others. It includes all kinds of manipulative and deceptive acts, whether by making false statements or otherwise. The fraud or deceit need not relate to the investment value of the securities involved in this case, and need not involve a specific oral or written statement.

**False Statements and Omissions**

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was made with the intention to deceive. A statement may also be false if it contains half-truths or if it conceals material facts in a manner that makes what is said or represented deliberately misleading.  This includes statements that may be literally true but that nevertheless create a materially misleading impression.

The deception need not be based upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished does not matter.

**"In Connection With"**

You cannot find that the Government has proven the first element unless you find that the defendant participated in fraudulent conduct that was "in connection with" a purchase or sale of securities. I instruct you that shares of Nikola Corporation and the special purpose acquisition vehicle, or SPAC, called VectoIQ, which was renamed as Nikola, are securities within the meaning of federal law.

The requirement that the fraudulent conduct be "in connection with" a purchase or sale of securities is satisfied so long as there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities or of options to buy or sell securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction, such as the purchase or sale of Nikola securities, or the decision to hold onto securities where, if the alleged fraud had been known, the decision might have been otherwise. Statements directed to the general public

which affect the public's interest in the corporation's stock are made in connection with sales or purchases of that stock.

**"Material Fact"**

If you find that the Government has established beyond a reasonable doubt that a statement was false or a statement was omitted rendering the statements that were made misleading, you must next determine whether the statement or omission was material under the circumstances. The word "material" here refers to the nature of the false or misleading statements. We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance. Matters that are "material" may also include fraudulent half-truths or omissions of material fact. A material fact is one that a reasonable person would have considered important in making his or her investment decision. That means that if you find a particular statement of fact or omission to have been untruthful or misleading, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making their decision.

Any testimony that you may have heard from any witness with respect to whether a particular fact would or would not have been important to him reflects that witness's individual views. Although you may consider such testimony, it is not controlling. It is for you to determine whether a particular fact would have been significant to a reasonable person in making an investment decision.

In considering whether a statement or omission was material, let me caution you that it is not a defense if the material misrepresentation or omission would not have deceived a person of ordinary intelligence. In addition, a written disclaimer cannot render any misrepresentation,

including any oral misrepresentation, immaterial as a matter of law. Once you find that the offense involved the making of material misrepresentations or omissions of material facts, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the law protects the gullible and unsophisticated as well as the experienced investor.

Nor does it matter whether the alleged unlawful conduct was or would have been successful, or whether the defendant profited or would have profited as a result of the alleged scheme. Success is not an element of a violation of Section 78j(b) or Rule 10b-5. If, however, you find that the defendant expected to or did profit from the alleged scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

> Adapted from the charges in *United States v. Cole*, 19 Cr. 869 (ER), *United States v. Hild*, 19 Cr. 602 (RA), *United States v. Petit, et al.*, 19 Cr. 850 (JSR), *United States v. Tuzman*, 15 Cr. 536 (PGG), and Sand, et al., *Modern Federal Jury Instructions*, Instrs. 57-20, 57- 21. *See also United States v. Ebbers*, 458 F.3d 110, 127 (2d Cir. 2006 (acknowledging that an investor may be misled "in assessing whether to hold or sell the stock"); *In re Ames Dept. Stores Inc. Stock Litig.*, 991 F.2d 953, 966 (2d Cir.1993) (citing *Ross v. A.H. Robins Co.*, 607 F.2d 545 (2d Cir. 1979)) ("[S]tatements directed to the general public which affect the public's interest in the corporation's stock are made in connection with sales or purchases of that stock."); *SEC v. Texas Gulf Sulphur Co.,* 401 F.2d 833, 862 (2d Cir.1968) (en banc) ("Rule 10b–5 is violated whenever assertions are made . . . in a manner reasonably calculated to influence the investing public . . . .").

**REQUEST NO. 6**

**Count One: Securities Fraud Under Title 15 – Second Element: Knowledge, Intent, and Willfulness**

The second element that the Government must establish is that the defendant acted knowingly, willfully, and with intent to defraud. A person acts "knowingly" when he acts voluntarily rather than mistakenly or inadvertently. To act "willfully" means to act deliberately and with a wrongful purpose. "Intent to defraud" in the context of the securities laws means to act knowingly and with intent to deceive.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he or she committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his or her words, his or her conduct, his or her acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether a defendant possessed or lacked an intent to defraud, you do not limit yourself to what the defendant said, but you also look at what he or she did and what others did in relation to the defendant and, in general, everything that occurred.

12

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

In order for you to find the defendant guilty of securities fraud, the Government need only prove that the defendant acted with an intent to deceive, manipulate or defraud. The Government need not show that the defendant acted with an intent to cause harm.

At this point, let me advise you that since an essential element of the crime charged is intent to defraud, it follows that "good faith," as I will define that term, on the part of a defendant is a complete defense to a charge of securities fraud. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be. A defendant has no burden to establish a defense of good faith. The burden is on the Government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

In considering whether or not a defendant acted in good faith, however, you are instructed that a belief by a defendant, if such belief existed, that ultimately everything would work out so that no investors would lose any money or that particular investments would ultimately be financially advantageous for investors does not mean the defendant acted in good faith. No amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him.

As a practical matter, then, to prove the charge against the defendant, the Government must establish beyond a reasonable doubt that the defendant knew that his statements were false, fraudulent, or calculated to deceive, and that he nevertheless made such statements or undertook such conduct with the intent to defraud.

> Adapted from the charges in *United States v. Cole*, 19 Cr. 869 (ER), *United States v. Hild*, 19 Cr. 602 (RA), *United States v.*

*Middendorf*, 18 Cr. 36 (JPO), *United States v. Lumiere*, 16 Cr. 483 (JSR). *See also United States v. Litvak*, 808 F.3d 160, 178 (2d Cir. 2015) (intent element for securities fraud is "intent to deceive, manipulate or defraud" not "intent to harm"); *United States v. Kaiser*, 609 F.3d 556, 569 (2d Cir. 2010) (holding that willfulness for purposes of Title 15 securities fraud "do[es] not require a showing that a defendant had awareness of the general unlawfulness of his conduct, but rather, that he had an awareness of the general wrongfulness of his conduct").

REQUEST NO. 7

**Count One: Securities Fraud Under Title 15 – Third Element: Instrumentality of Interstate Commerce**

The third and final element of the securities fraud count is that the Government must prove beyond a reasonable doubt that the defendant knowingly used, or caused to be used, the mails or the instrumentalities of interstate commerce in furtherance of the scheme to defraud.

Let me first note that it is unnecessary for the Government to prove both the mails and an instrumentality of interstate commerce was used in furtherance of the fraudulent scheme. Only one of the above – either the mails *or* an instrumentality of interstate commerce – is enough. But you must be unanimous as to at least one.

In considering this element, it is not necessary for you to find that the defendant was or would have been directly or personally involved in any mailing or the use of an instrumentality of interstate commerce. If the conduct alleged would naturally and probably result in the use of the mails or an instrumentality of interstate commerce, this element would be satisfied.

Nor is it necessary that the items sent through the mails or communicated through an instrumentality of interstate commerce did or would contain the fraudulent material, or anything criminal or objectionable. The matter mailed or communicated may be entirely innocent so long as it is in furtherance of the scheme to defraud or fraudulent conduct.

The use of the mails or an instrumentality of interstate commerce need not be central to the execution of the scheme or even be incidental to it. All that is required is that the use of the mails or an instrumentality of interstate commerce bear some relation to the object of the scheme or fraudulent conduct.

In fact, the actual purchase or sale of a security need not be accompanied by the use of the mails or an instrumentality of interstate commerce, so long as the mails or instrumentalities

15

of interstate commerce are used in furtherance of the scheme and the defendant was still engaged

in actions that are part of a fraudulent scheme when the mails or the instrumentalities of

interstate commerce were used.

The use of the term "mails" is self-explanatory, and includes the United States Mail and

Federal Express and other commercial mail couriers. Examples of instrumentalities of interstate

commerce include telephone calls, emails, or text messages, or use of a facility of a national

securities exchange, such as a stock trade on the NASDAQ.

> Adapted from the charges in *United States v. Cole*, 19 Cr. 869
> (ER), *United States v. Hild*, 19 Cr. 602 (RA), and Sand, et al.,
> *Modern Federal Jury Instructions*, Instrs. 57-20, 57-25. *See also*
> *United States v. Giordano*, 442 F.3d 30, 40 & n.11 (2d Cir. 2006)
> (defining "instrumentality of interstate commerce").

## REQUEST NO. 8

**Count Two: Securities Fraud Under Title 18 – The Indictment and the Statute**

Count Two charges the defendant with securities fraud under Title 18 of the United States Code. The law provides that

> Whoever knowingly executes, or attempts to execute, a scheme or artifice—(1)to defraud any person in connection with any commodity for future delivery, or any option on a commodity for future delivery, or any security of an issuer with a class of securities registered under section 12 of the Securities Exchange Act of 1934 . . .; or (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any money or property in connection with the purchase or sale of any commodity for future delivery, or any option on a commodity for future delivery, or any security of an issuer with a class of securities registered under section 12 of the Securities Exchange Act of 1934 [is guilty of securities fraud].

To prove that the defendant committed this crime, the government must prove each of the following elements beyond a reasonable doubt:

*First*, that the defendant executed a scheme or artifice either (a) to defraud a person or (b) to obtain money or property by materially false and fraudulent pretenses, representations, or promises;

*Second*, that the defendant knowingly and willfully participated in the scheme or artifice; and

*Third*, that the scheme to defraud was connected to the purchase or sale of stock in a company whose securities were registered under Section 12 of the Securities Exchange Act of 1934 or was otherwise required to file reports under that Act.

> Adapted from the charge in *United States v. Chow*, 17 Cr. 667 (GHW).

17

## REQUEST NO. 9

**Count Two: Securities Fraud Under Title 18 – First Element: Scheme to Defraud**

With respect to Count Two, the Government alleges that the defendant engaged in a "scheme to defraud" or a "scheme or artifice to obtain money or property" by defrauding investors in Nikola through false and misleading statements regarding the company's product and technology development.

As I explained earlier, a device, scheme, or artifice to defraud is merely a plan to accomplish a fraudulent objective. In the same way, a device, scheme or artifice to obtain money or property by materially false and fraudulent pretenses, representations, or promises is merely a plan to accomplish those ends. The words "to defraud" have the common meaning of wronging one in his property rights by dishonest methods or schemes and usually signify the deprivation of something of value by trick, deceit, chicanery, or overreaching.

> Adapted from the charge in *United States v. Chow*, 17 Cr. 667 (GHW).

## REQUEST NO. 10

**Count Two: Securities Fraud Under Title 18 – Second Element: Criminal Intent**

With respect to the second element, as I have already instructed you: To act knowingly means to act voluntarily rather than mistakenly or inadvertently. To act "willfully" means to act deliberately and with a wrongful purpose.

> Adapted from the charges in *United States v. Chow*, 17 Cr. 667 (GHW), *United States v. Middendorf*, 18 Cr. 36 (JPO), and *United States v. Lumiere*, 16 Cr. 483 (JSR).

## REQUEST NO. 11

### Count Two: Securities Fraud Under Title 18 – Third Element: Nexus to the Purchase or Sale of Securities

With respect to the third element, I instruct you that, as a matter of law, beginning on June 4, 2020, the shares of Nikola were securities registered under Section 12 of the Securities Exchange Act. From in or about November 2019 through on or about June 3, 2020, shares of VectoIQ were securities registered under Section 12 of the Securities Exchange Act.

Adapted from the charge in *United States v. Chow*, 17 Cr. 667 (GHW).

## REQUEST NO. 12

### Counts Three and Four: Wire Fraud – The Indictment and the Statute

As I mentioned before, Counts Three and Four of the Indictment charge the defendant with wire fraud. The law provides, in relevant part, that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, [is guilty of wire fraud].

For each of these counts, the Government must prove the following three elements:

*First*, the defendant employed a device, scheme, or artifice to defraud or obtain money or property by false pretenses, representations or promises;

*Second*, the defendant participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

*Third*, in the execution of the scheme, the defendant used, or caused to be used, interstate wires.

I will discuss each in turn.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 44-3, and the charge in *United States v. Middendorf*, 18 Cr. 36 (JPO).

## REQUEST NO. 13

### Counts Three and Four: Wire Fraud – First Element: Existence of Scheme or Artifice to Defraud

As to the first element of wire fraud, a "scheme or artifice" is simply a plan for the accomplishment of an object.  Fraud is a general term.  It includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth.  Thus, a scheme to defraud is merely a plan to deprive another of money or property by trick, deceit, deception, swindle, or overreaching.

In order to establish a scheme to defraud, the Government need not show that the defendant made a misrepresentation. A scheme to defraud can exist even if the scheme did not progress to the point where misrepresentations would be made. In addition, even if you find that the statements the Government contends were made or contemplated by the defendant in furtherance of the scheme were literally true, you can still find that the first element of the wire fraud statute has been satisfied if the statements and/or conduct of the defendant were deceptive. You may also find the existence of such a scheme if you find that the defendant conducted himself in a manner that departed from traditional notions of fundamental honesty and fair play in the general business life of society.

A "pretense, representation, or statement" is fraudulent if it was made falsely and with intent to deceive. A statement may also be fraudulent if it contains half-truths or if it conceals material facts in a manner that makes what is said or represented deliberately misleading or deceptive.

The deception need not be premised on spoken or written words alone. The arrangement of words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished does not matter.

The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional, or contractual duty to make such a disclosure, the defendant actually knew such a disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

It is not necessary for you to find that the defendant profited from the fraud. It is enough that a false statement, or a statement omitting material facts that made what was said deliberately misleading, was made as part of a fraudulent scheme. You must concentrate on whether there was such a scheme, not on the consequences of the scheme. Of course, proof concerning the accomplishment of the goals of the scheme may be the most persuasive evidence of the existence of the scheme itself.

### **"Material Fact"**

The false or fraudulent representation or concealment must relate to a material fact or matter. I previously defined the phrase "material fact" in instructing you on Count One, and you should use the same definition with respect to Counts Three and Four.

This element does not require that any particular person actually relied on, or actually suffered damages, as a consequence of any fraudulent representation or concealment of facts. On this point, I note that contractual disclaimers of reliance on prior misrepresentations do not render those misrepresentations immaterial under the criminal wire fraud statute.

In order to satisfy this first element, the Government must also prove that the alleged scheme contemplated depriving another of money or property. It is not necessary for the Government to establish that the defendant actually realized any gain from the scheme or that any particular person actually suffered damages as a consequence of the fraudulent scheme. You must concentrate on whether there was such a scheme, not on the consequences of the scheme.

In this regard, a person is not deprived of money or property only when someone directly takes his money or property from him. Rather, a person is also deprived of money or property when that person is provided false or fraudulent information that, if believed, would prevent him from being able to make informed decisions about what to do with his money or property. In other words, a person is deprived of money or property when he is deprived of the right to control that money or property. And he is deprived of the right to control that money and property when he receives false or fraudulent statements that affect his ability to make discretionary economic decisions about what to do with that money or property.

If you find that the Government has sustained its burden of proof that a scheme to defraud did exist, as charged, you next should consider the second element.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 44-4, and the charges in *United States v. Middendorf*, 18 Cr. 36 (JPO). *See United States v. DiNome*, 86 F.3d 277, 284 (2d Cir. 1996) (definition of property includes the right to control the use of one's assets; where defendant intends to deprive victim of information material to victim's decision on how to deal with his assets, required intent to defraud is present); *United States v. Trapilo*, 130 F.3d 547, 550 n.3 (2d Cir. 1997) (interpreting wire fraud statute; "The term 'scheme to defraud' is measured by a 'nontechnical standard. It is a reflection of moral uprightness, of fundamental honesty, fair play and right dealing in the general [and] business life of members of society. . . . The scheme exists although no misrepresentation of fact is made'") (citations omitted); *United States v. Weaver*, 860 F.3d 90, 95 (2d Cir. 2017) (holding that contractual disclaimers of reliance on prior misrepresentations do not render those statements immaterial); *see*

*also United States v. Ghilarducci*, 480 F.3d 542, 546 (7th Cir. 2007) ("Whether or not a victim in fact relied upon a defendant's false representations is irrelevant in criminal fraud cases.").

## REQUEST NO. 14

**Counts Three and Four: Wire Fraud – Second Element: Knowing Participation in Scheme with Intent to Defraud**

The second element of wire fraud that the Government must establish beyond a reasonable doubt is that the defendant devised or participated in the fraudulent scheme knowingly, willfully, and with the specific intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you. To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed.

As I have previously noted, before the defendant may be convicted of the fraud charged here, he must also be shown to have acted knowingly and willfully and with a specific intent to defraud.

I have previously defined the terms "knowingly" and "willfully," and you are to follow those instructions here.

In the context of the wire fraud statute, an individual acts with specific intent to defraud if he engages or participates in a fraudulent scheme with some realization of its fraudulent or deceptive character and with an intention to be involved in the scheme to defraud and to help it succeed with a purpose of causing harm to the victim. The Government need not prove that the intended victims were actually harmed; only that such harm was contemplated. Actors are presumed to intend the natural and probable consequences of their actions. So when the necessary result of the actor's scheme is to injure others, fraudulent intent may be inferred from the scheme itself.

26

The question of whether a person acted knowingly, willfully, and with specific intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind. As I instructed you earlier, and like any other fact, direct proof is not required to establish the defendant's state of mind. You may rely on circumstantial evidence to establish the defendant's state of mind.

Because an essential element of the wire fraud offense charged in Counts Three and Four is specific intent to defraud, it follows that "good faith" on the part of the defendant is a complete defense to a charge of wire fraud. You should follow the instructions I gave earlier on good faith. As I previously stated, a belief by the defendant, if such belief existed, that ultimately everything would work out does not by itself constitute good faith.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find the defendant not guilty of that count. On the other hand, if you find that the Government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with specific intent to defraud, and if the Government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant of that count.

> Adapted from the charge in United *States v. Middendorf*, 18 Cr. 36 (JPO), and Sand, et al., *Modern Federal Jury Instructions*, Instr. 44-5.

## REQUEST NO. 15

### Counts Three and Four: Wire Fraud – Third Element: Use of Interstate Wires

The third and final element that the Government must establish beyond a reasonable doubt is that interstate wires (for example, phone calls, email communications, text messages, social media or website posts, and bank wires) were used in furtherance of the scheme to defraud or to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises.

The "interstate" or "foreign" requirement means that the wire communication must pass between two or more states as, for example, a transmission of computer or telephone signals between New York and another state, such as Arizona, or a territory, such as the U.S. Virgin Islands, or between the United States and another country.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating. In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others; and this does not mean that the defendant himself must have specifically authorized others to execute a wire communication. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business, or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used. Incidentally, this wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including a victim of the alleged fraud.

The use of the wire need not itself be fraudulent. Stated another way, the wire communication need not contain any fraudulent representation, or even any request for money. It is sufficient if the wires were used to further or assist in carrying out the scheme to defraud. It is also sufficient if the wires were used to lull the victim or prevent the victim from complaining to the authorities if you find that those actions were in furtherance of the scheme to defraud.

Let me also add the following: only the wire communication must be reasonably foreseeable, not its interstate or foreign component. Thus, if you find that the wire communication was reasonably foreseeable, and the interstate or foreign wire communications actually took place, then this element is satisfied even if it was not foreseeable that the wire communication would cross state or national lines.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 44-7, and the charges in *United States v. Tagliaferri*, 13 Cr. 115 (RA); *United States v. Uccio*, 88 Cr. 906 (MBM), *aff'd*, 917 F.2d 80 (2d Cir. 1990); *United States v. Rogers*, 90 Cr. 377 (CSH); *United States v. Lane,* 474 U.S. 438, 451-52, (1986) ("Mailings occurring after the receipt of the goods obtained by fraud are within the statute if they were designed to lull the victim . . . into a false sense of security, postpone their ultimate complaint to the authorities, and therefore make the apprehension of the defendants less likely than if no mailings had taken place." (internal quotation marks omitted)); *United States v. Rutigliano*, 790 F.3d 389, 396-98 (2d Cir. 2015) (venue proper based on mailings sent to ensure that defendants would continue to receive benefits and prevent discovery of fraud); *United States v. Vilar*, 729 F.3d 62, 87 n.22 (2d Cir. 2013) (conduct aimed to reassure investors and prevent them from redeeming investments was in furtherance of scheme to defraud); *United States v. Scop*, 846 F.2d 135, 138-39 (2d Cir. 1988) (acts taken for the purpose of either "executing the scheme or 'lulling' victims to prevent them from complaining to the authorities" constitute conduct in furtherance of the scheme or conspiracy).

29

## REQUEST NO. 16

### Willfully Causing (If Applicable)

The counts I have instructed you on today also charge that the defendant "willfully caused" another person to commit each of those crimes.

Federal law provides that:

Whoever willfully causes an act to be done which, if directly performed by him, would be an offense against the United States, is punishable as a principal.

Willfully causing a crime is simply an alternative manner of committing a crime. For example, if the Government proves beyond a reasonable doubt that the defendant committed the securities fraud alleged in Count One then you need not consider whether the defendant willfully caused the crime with respect to that count. If, however, you find that the Government did not prove beyond a reasonable doubt that the defendant engaged in securities fraud, to continue using Count One as an example, you should consider whether the Government has nonetheless proved beyond a reasonable doubt that the defendant willfully caused the commission of securities fraud, as alleged in that count. And again, while I have used Count One as an example, the concept of willfully causing is alleged in Counts Two and Three of the Indictment as well.

What does the term "willfully caused" mean? It does not mean that the defendant need have physically committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment. The meaning of the term "willfully caused" can be found in the answers to the following questions:

Did the defendant intend the crime to occur?

Did the defendant intentionally cause another person or persons to engage in the conduct constituting the crime?

30

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes," then the defendant is guilty of the crime charged just as if the defendant himself had actually committed it.

In answering these questions, I instruct you that the person who actually performed the act or acts need not have any criminal purpose or intent. In other words, the defendant can be found guilty even if he acted through someone who has no knowledge of the illicit acts charged in the Indictment or otherwise is not guilty of any crime. If the defendant willfully caused an act that, had he performed it directly, would make him guilty of the crime charged, then he is guilty of the crime charged just as if the defendant himself had actually committed it.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 11-2, 3, and the charges in *United States v. Louis Cherico*, 08 Cr. 786 (CM) and *United States v. Gupta*, 07 Cr. 177 (RPP). *See United States v. Concepcion*, 983 F.2d 369, 383-84 (2d Cir. 1992); *United States v. Sliker*, 751 F.2d 477, 494 (2d Cir. 1984); *United States v. Margiotta*, 688 F.2d 108 (2d Cir. 1982); *United States v. Gleason*, 616 F.2d 2 (2d Cir. 1979); *United States v. Kelner*, 534 F.2d 1020, 1022-23 (2d Cir. 1976).

## REQUEST NO. 17

### Conscious Avoidance (If Applicable)

As I have explained, each of the counts charged in the Indictment requires the Government to prove that the defendant acted knowingly, as I have already defined that term.

As you all know, if a person is actually aware of a fact, then he knows that fact. But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact, but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

In determining whether the Government has proven beyond a reasonable doubt that the defendant acted knowingly with respect to any of the counts charged in the Indictment, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law.

Thus, if you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning some relevant fact, then you may treat the defendant as though he knew that the fact existed. However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish, or mistaken, and you may not rely on willful blindness as the basis for treating the defendant as though he was aware of the existence of a fact if you find that the defendant actually believed that the fact did not exist. It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

> Adapted from the charge in *United States v. Collins*, 07 Cr. 1170
> (LAP); Sand, et al., *Modern Federal Jury Instructions*, Instr. 3A-2,
> 57-24.

## REQUEST NO. 18

## Presence of Counsel

You have heard evidence that Nikola had lawyers. A lawyer's involvement with an individual or entity does not itself constitute a defense to any charge in this case. The defense has not claimed, and cannot claim, that the defendant's conduct was lawful because he acted in good faith on the advice of a lawyer.

Adapted from the charge in *United States v. Shea*, 20 Cr. 412 (AT).

**REQUEST NO. 19**

**Venue**

As to each charge, the government, in addition to proving the essential elements of that charge, must also establish that venue was proper in the Southern District of New York, which includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.  Unlike the elements of the offenses, which must be proven beyond a reasonable doubt, the government is only required to prove venue by a preponderance of the evidence.  A preponderance of the evidence means that it is more probable than not that something occurred.

The Government does not have to prove that a completed crime was committed within the Southern District of New York or that the defendant was ever in the Southern District of New York. For Counts One and Two, it is sufficient to satisfy the venue requirement if any act or transaction constituting the violation occurred in this district. The act itself may not be a criminal act. It could include, for example, processing or executing securities trades on a stock exchange located in this district.  Venue is also proper in a district where electronic fraudulent communications were initiated or received, or where it is reasonably foreseeable that a statement on a website would be accessed by someone within the district.

For the wire fraud charge in Counts Three and Four, it is sufficient to establish venue if the Government proves that any of the wire communications you found to satisfy the third element of the offense were transmitted from or to the Southern District of New York, so long as the defendant reasonably anticipated that a wire communication in furtherance of the scheme would be transmitted from or to the Southern District of New York.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr.
> 3-11, and the charges in *United States v. Chow*, 17 Cr. 667

34

(GHW), *aff'd* 993 F.3d 125 (2d Cir. 2021) ("Where the defendant is charged with an offense involving the trading of securities on a stock exchange located in the SDNY, venue in that district is appropriate."); *United States v. Lange*, 834 F.3d 58, 72 (2d Cir. 2016) (venue proper in securities case where fraudulent communications were received); *United States v. Levis*, 488 Fed. Appx. 481, 485 (2d Cir. 2012) (venue proper because it was reasonably foreseeable that 10-K filing on SEC website would be accessed by someone within district), and *United States v. Kaloyeros*, 16 Cr. 776 (VEC).

**REQUEST NO. 20**

**Time of Offense**

The Indictment refers to various dates. I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month, but the testimony indicates that in fact it was a different date or month. The law requires only a substantial similarity between the dates, months, and amounts alleged in the Indictment and the dates, months, and amounts established by the evidence.

Adapted from the charge in *United States v. Cole*, 19 Cr. 869 (ER).

**REQUEST NO. 21**

**Law Enforcement and Government Employee Witnesses (If Applicable)**

You have heard testimony from law enforcement officials and employees of the Government. The fact that a witness may be employed by the Federal Government does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness and to give to that testimony the weight you find it deserves.

Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 7-16.

37

**REQUEST NO. 22**

**Expert Testimony (If Applicable)**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you. As with the testimony of any other witness, you may decide to accept all, some, or none of the testimony of any expert witness.

Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 7-21.

38

## REQUEST NO. 23

### Testimony Pursuant to Immunity Order (If Applicable)

You have heard testimony from a Government witness who testified pursuant to a compulsion and immunity order entered by the Court. The Government is entitled to call such a witness. The fact that a witness's testimony cannot be used against him in a prosecution does not disqualify him from testifying and does not preclude you from accepting that testimony as true.

You may want to consider whether such witnesses would benefit more by lying or by telling the truth. If you believe the witness was motivated by personal gain, was the motivation one that would cause him to lie or was it one that would cause him to tell the truth? If you find the testimony is false, you should reject it. If you are satisfied that the witness told the truth, you should accept it.

As I have previously instructed you, the issue of credibility need not be decided in an all or nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it. Credibility is a determination entirely for you, the jury.

Adapted from the charge in *United States v. Cole*, 19 Cr. 869 (ER).

**REQUEST NO. 24**

**Uncalled Witnesses – Equally Available**

There are people whose names you heard during the course of the trial that did not appear in court to testify. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, and that the burden always rests with the Government to prove the defendant's guilt beyond a reasonable doubt.

Adapted from the charge in *United States v. Cole*, 19 Cr. 869 (ER).

**REQUEST NO. 25**

**Persons Not on Trial**

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that any person other than the defendant is not on trial here. You also may not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

Adapted from the charge in *United States v. Cole*, 19 Cr. 869 (ER).

**REQUEST NO. 26**

**Character Testimony (If Applicable)**

You have heard testimony that the defendant has a good reputation for [to be completed as appropriate].

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's reputation for [to be completed as appropriate] when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the charged crimes.

> Adapted from the charge in *United States v. Galanis*, 16 Cr. 371
> (RA); *see also United States v. Pujana-Mena*, 949 F.2d 24, 27-31
> (2d Cir. 1991) (specifically approving charge).

## REQUEST NO. 27

### Defendant's Testimony [or Defendant's Right Not to Testify]

[*If defendant testifies:*] A defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent. In this case, Mr. Milton did testify, and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case. You should not disregard this testimony simply because he is charged as the defendant in this case.

[*If defendant does not testify and requests an instruction concerning his election not to do so:*] Mr. Milton did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant.

A defendant is never required to prove that he is innocent. Therefore, you must not attach any significance to the fact that Mr. Milton did not testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it against the defendant in any way in your deliberations in the jury room.

> Adapted from the charges in *United States v. Cole*, 19 Cr. 869 (ER), and *United States v. Chow*, 17 Cr. 667 (GHW).

## REQUEST NO. 28

### Preparation of Witnesses

You have heard evidence that, prior to appearing in court, witnesses have discussed the facts of the case and their testimony with attorneys. Although you may consider this fact when you are evaluating a witness's credibility, I should tell you that there is nothing either improper or unusual about a witness meeting with lawyers before testifying, so that the witness can be aware of the subjects he or she will be questioned about, and can focus on those subjects and have the opportunity to prepare or review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Adapted from the charge in *United States v. Cole*, 19 Cr. 869 (ER).

**REQUEST NO. 29**

**Statements of the Defendant**

There has been evidence that the defendant made certain statements in which the Government claims he made admissions or denials relevant to the charges in the Indictment.

Evidence of these statements was properly admitted in this case, and may be properly considered by you. You are to give the statements such weight as you feel they deserve in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations. I instruct you that no one's rights were violated, and the Government's use of this evidence is entirely lawful.

Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 5-19.

**REQUEST NO. 30**

**Use of Audio Recording and Transcript (If Applicable)**

An audio recording has been admitted into evidence in this case. This evidence was lawfully obtained, and properly admitted in this case. Whether you approve or disapprove of the recording of this conversation may not enter your deliberations. I instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

To help your listening, a transcript has also been prepared. However, the transcript was not admitted into evidence; only the audio recording was. You are not to regard the transcript as anything more than as an aid to you. It is what you hear on the recording that controls. Nonetheless, if you wish to view the transcript, it will be made available to you during your deliberations.

> Adapted from the charge in *United States v. Hild*, 19 Cr. 602 (RA); *see also* Sand, et al., *Modern Federal Jury Instructions*, Instr. 5-9, 5-10.

**REQUEST NO. 31**

**Use of Evidence Obtained Pursuant to Searches and Seizures (If Applicable)**

You have heard testimony about evidence seized in connection with certain searches or seizures conducted by law enforcement officers, and in particular, of email and other electronic evidence obtained pursuant to court-approved search warrants. Evidence obtained from these searches and seizures was properly admitted in this case, and may be properly considered by you.  Such searches and seizures were entirely appropriate law enforcement actions. Whether you approve or disapprove of how evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

> Adapted from the charge in *United States v. Levin*, 15 Cr. 101 (KBF).

## REQUEST NO. 32

### Charts and Summaries (If Applicable)

Some of the exhibits that were admitted into evidence were in the form of charts and summaries. I decided to admit these charts and summaries in place of, or in addition to, the underlying documents that they represent, in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries admitted into evidence as you would any other evidence.

As I stated during the trial, other charts and summaries were accepted as demonstrative exhibits. These charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They were admitted not as evidence, but as demonstrative aids for the testimony of a witness. They are no better than the testimony and the documents upon which they are based, and therefore you are to give them no greater consideration than you would give to the evidence upon which they are based. Exhibits [XX] are demonstrative aids, and you should consider them only for that purpose.

Adapted from the charge in *United States v. Cole*, 19 Cr. 869 (ER), and Sand et al., *Modern Federal Jury Instructions*, Instr. 5-13.

48

**REQUEST NO. 33**

**Stipulations (If Applicable)**

In this case you have heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement between the parties that, if called as a witness, a person would have given certain testimony. You must accept as true that the witness would have given that testimony. However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed-upon facts as true.

Adapted from the charge in *United States v. Cole*, 19 Cr. 869 (ER).

**REQUEST NO. 34**

**Particular Investigative Techniques Not Required (If Applicable)**

You have heard references in the arguments in this case to the fact that certain investigative techniques were used by the Government and that certain others were not used. There is no legal requirement that the Government use any specific investigative techniques to prove its case. However, you may consider these facts in deciding whether the Government has met its burden of proof, because, as I told you, you should look to all of the evidence and lack of evidence in deciding whether the defendant is guilty or not guilty.

Adapted from the charge in *United States v. Chow*, 17 Cr. 667 (GHW).

**REQUEST NO. 35**

**Redaction of Evidentiary Items (If Applicable)**

Among the exhibits received in evidence, there are some documents that are redacted.

"Redacted" means that part of the document or tape was taken out. You are to concern yourself

only with the part of the item that has been admitted into evidence. You should not consider any

possible reason why the other part of it has been deleted.

Adapted from the charge in *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW).

## REQUEST NO. 36

## False Exculpatory Statements (If Applicable)

You have heard testimony that the defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt. The Government claims that these statements in which the defendant attempted to exculpate himself are false. If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 6-11.

## REQUEST NO. 37

### Similar Acts (If Applicable)

There has been evidence received during the trial that the defendant engaged in conduct which was similar in nature to the conduct charged in the Indictment.

Let me remind you that the defendant is on trial only for committing the acts alleged in the Indictment. Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crimes charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. This other-act evidence was admitted for a more limited purpose, namely, as potential evidence of the defendant's motive, opportunity, intent, knowledge, plan, and/or absence of mistake, and to provide background for the alleged conspiracy, and you may consider it for those purposes only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant under consideration acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

However, the evidence of similar conduct is to be considered by you only on the issues of motive, opportunity, intent, knowledge, plan, and/or absence of mistake. It may not be considered by you for any other purpose.  Specifically, you may not consider it as evidence that the defendant is of bad character or has a propensity to commit crimes.

Adapted from Sand, et al., *Modern Federal Jury Instructions*,
Instr. 5-25, 5-26.

**CONCLUSION**

In submitting these requests to charge, the Government respectfully reserves the right to

submit additional or modified requests at or near the close of evidence.

Dated: New York, New York
      June 24, 2022

                        Respectfully submitted,

                        DAMIAN WILLIAMS
                        United States Attorney

By:       /s/
                        Jordan Estes
                        Matthew Podolsky
                        Nicolas Roos
                        Assistant United States Attorneys
                        (212) 637-2543/1947/2421