

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

June 26, 2022

**BY ECF**

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Trevor Milton,* **S1 21 Cr. 478 (ER)**

Dear Judge Ramos:

    The Government requests that the Court impose a deadline of July 1, 2022, for the defendant to provide clarity to the Government and the Court regarding whether the defendant intends to pursue an advice of counsel defense, and the precise subject matter about which he will assert that defense.

    As set forth in the Government's motions *in limine* (Dkt. No. 121 at 21-22), in recognition of the practical and logistical difficulties of addressing advice-of-counsel notice, disclosure, and legal issues mid-trial, courts have routinely required a party considering whether to mount such a defense to give notice of its decision before trial. *See, e.g., United States v. Scali*, No. 16 Cr. 466 (NSR), 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018) (when defendant asserts an advice of counsel defense, "[d]efendant should have made pertinent disclosures during discovery, absent special considerations"); *United States v. Hatfield*, No. 06 Cr. 550 (JS), 2010 WL 183522, at *13 (E.D.N.Y. Jan. 8, 2010) (directing defense counsel to disclose both "whether they intend to rely on an advice of counsel defense" and "all documents concerning their intended advice of counsel defense"); *United States v. Rubin/Chambers, Dunhill*, 828 F. Supp. 2d 698, 711 (S.D.N.Y. 2011) (requiring notification to the Government of advice-of-counsel defense sufficiently before pre-trial conference to permit litigation over disputes); Order, *United States v. Sharma and Farkas*, No. 18 Cr. 340 (LGS) (July 1, 2019) (Dkt. No. 140) (ordering defendants to provide pre-trial notice of whether they "plan[ned] to rely on an advice of counsel defense, and if so, provide discovery relating to any advice of counsel defense they intend to advance at trial"); Order, *United States v. Percoco*, No. 16 Cr. 776 (VEC) (Nov. 2, 2017) (Dkt. No. 351) (ordering defendant to notify the Government and the Court, pretrial, of any intent to rely on an advice-of-counsel defense and the subject matter of that defense); *see also United States v. Wells Fargo Bank N.A.*, No. 12 Civ. 7527 (JMF), 2015 WL 3999074, at *1 (S.D.N.Y. June 30, 2015) (in civil fraud case, noting "where a party asserting an advice-of-counsel defense is the holder of the relevant privilege, the opposing

party need not move to compel; instead, the burden is on the party who intends to rely at trial on a good faith defense to make a full disclosure during discovery and the failure to do so constitutes a waiver of that defense" (quotations omitted)); *Arista Records LLC v. Lime Grp. LLC,* No. 06 Civ. 5936 (KMW), 2011 WL 1642434, at *2 (S.D.N.Y. Apr. 20, 2011) ("[A] party who intends to rely at trial on the advice of counsel must make a full disclosure during discovery; failure to do so constitutes a waiver of the advice-of-counsel defense." (citations omitted)).

Although, as noted in the Government's motions *in limine* (Dkt. No. 121 at 19, 22), the defendant previously advised the Government, in response to an inquiry, that he did not intend to advance an advice-of-counsel defense, additional clarity and notice to the Government and to the Court is warranted now. Indeed, it appears, based on the jury instructions filed by the defendant, that he does plan to raise a defense that he "relied on the advice of [an attorney] regarding a material fact allegedly misrepresented or omitted" (Dkt. No. 106 at 33)—although he apparently wishes, contrary to law, to offer this defense without meeting the requirements for doing so, *see, e.g.*, *United States v. Colasuonno*, 697 F.3d 164, 181 (2d Cir. 2012) (a defendant is entitled to a jury instruction regarding reliance on the advice of counsel only where the defendant can demonstrate the prerequisite facts).[1]

Accordingly, the Court should direct the defendant to confirm by July 1, 2022, to the Government and to the Court whether he intends to pursue a defense that he relied on the advice of counsel, and the precise subject matter about which he will assert that defense.

> Respectfully submitted,
>
> DAMIAN WILLIAMS
> United States Attorney for the
> Southern District of New York
>
> By:  s/_____
> Jordan Estes
> Matthew Podolsky
> Nicolas Roos
> Assistant United States Attorneys
> (212) 637-2543/1947/2421

cc:   Counsel of Record (by ECF)

---

[1] This instruction and many others proposed by the defendant are manifestly incorrect or inappropriate, and the Government will separately respond to the defendant's proposed jury instructions.