# CAHILL GORDON & REINDEL LLP
## 32 OLD SLIP
## NEW YORK, NY 10005

| | | | | |
|---|---|---|---|---|
| HELENE R. BANKS | JONATHAN J. FRANKEL | | JOEL H. LEVITIN | DARREN SILVER |
| ANIRUDH BANSAL | ARIEL GOLDMAN | TELEPHONE: (212) 701-3000 | GEOFFREY E. LIEBMANN | JOSIAH M. SLOTNICK |
| DAVID L. BARASH | JASON M. HALL | WWW.CAHILL.COM | BRIAN T. MARKLEY | RICHARD A. STIEGLITZ JR. |
| LANDIS C. BEST | WILLIAM M. HARTNETT | | MEGHAN N. McDERMOTT | ROSS E. STURMAN |
| BRADLEY J. BONDI | NOLA B. HELLER | 1990 K STREET, N.W. | WILLIAM J. MILLER | SUSANNA M. SUH |
| BROCKTON B. BOSSON | CRAIG M. HOROWITZ | WASHINGTON, DC 20006-1181 | NOAH B. NEWITZ | ANTHONY K. TAMA |
| JAMES J. CLARK | DOUGLAS S. HOROWITZ | (202) 862-8900 | DAVID R. OWEN | JONATHAN D. THIER |
| CHRISTOPHER W. CLEMENT | TIMOTHY B. HOWELL | | JOHN PAPACHRISTOS | SEAN P. TONOLLI |
| LISA COLLIER | DAVID G. JANUSZEWSKI | CAHILL GORDON & REINDEL (UK) LLP | LUIS R. PENALVER | JOHN A. TRIPODORO |
| AYANO K. CREED | ELAI KATZ | 24 MONUMENT STREET | KIMBERLY PETILLO-DÉCOSSARD | GLENN J. WALDRIP, JR. |
| SEAN M. DAVIS | BRIAN S. KELLEHER | LONDON EC3R 8AJ | SHEILA C. RAMESH | HERBERT S. WASHER |
| STUART G. DOWNING | RICHARD KELLY | +44 (0) 20 7920 9800 | MICHAEL W. REDDY | MICHAEL B. WEISS |
| ADAM M. DWORKIN | CHÉRIE R. KISER* | | OLEG REZZY | DAVID WISHENGRAD |
| ANASTASIA EFIMOVA | JOEL KURTZBERG | | THORN ROSENTHAL | COREY WRIGHT |
| JENNIFER B. EZRING | TED B. LACEY | WRITER'S DIRECT NUMBER | TAMMY L. ROY | JOSHUA M. ZELIG |
| HELENA S. FRANCESCHI | MARC R. LASHBROOK | | JONATHAN A. SCHAFFZIN | DANIEL J. ZUBKOFF |
| JOAN MURTAGH FRANKEL | ALIZA R. LEVINE | | MICHAEL A. SHERMAN | |

\* ADMITTED IN DC ONLY

(202) 862-8910

June 27, 2022

**VIA ECF**
The Honorable Edgardo Ramos
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: *United States v. Trevor Milton*, S1 21 Cr. 478 (ER)

Dear Judge Ramos:

  This letter is respectfully submitted on behalf of defendant Trevor Milton in response to the government's letter of June 23, 2022 opposing his request for a 30-day adjournment of the trial date of this matter. The adjournment request is prompted by a new wire fraud count in the Superseding Indictment ("Count Four").

  Count Four stems from a Utah real estate transaction—a matter far afield from the original Indictment. In brief, Count Four involves individuals, entities, documents, and transactions, all of which are located outside this district and have not been involved in this case to date; a time period extending six months past the time period of the original Indictment; new allegations relating both to a private transaction and subsequent (but unspecified) "lulling" conduct, presumably directed to an individual; and a host of other issues. *See* Supsd'g Indictment ¶ 4.

  The differences do not end there. The new count alleges that the object of the alleged wire fraud was to obtain the Wasatch Creeks Ranch in Utah, presumably at the lowest possible price, which only would be achieved through a *decrease* in the value of Nikola stock. *See id*. The object of the alleged fraud in the original Indictment was to "drive demand for Nikola's stock among retail investors," and thereby *increase* the value of Nikola stock. Indictment ¶¶ 22,

CAHILL GORDON & REINDEL LLP

-2-

26.  The new count relates to private, direct transactions.  *See* Supsd'g Indictment ¶ 4.  The original Indictment alleges fraud upon public investors through the purchase and sale of securities on the Nasdaq stock exchange.  *See*, *e.g.*, Indictment ¶¶ 16, 22, 38, 73.  Indeed, the original Indictment drew a stark contrast between private investors, who the original Indictment implicitly concedes were not misled because they allegedly had access to all the correct information, *see id*. ¶¶ 14–15, 17, and the retail investors who allegedly did not.  *See*, *e.g.*, *id*. at ¶ 26.  Further, Count Four presumably is based on Mr. Milton's private statements to the seller about Nikola, allegedly made before Nikola became public and yet more undisclosed private statements purportedly "designed to lull" the seller, allegedly made after Mr. Milton resigned from Nikola. The original Indictment was expressly limited to *public* statements on "social media and in television and podcast interviews." Indictment ¶ 22. The Superseding Indictment also expands the relevant time period by six months, which implicates a host of other issues.

The aforementioned changes demand a sharp pivot in trial strategy, which to date has focused on so-called "retail investors" who bought stock on Nasdaq allegedly based upon Mr. Milton's public statements on "social media and in television and podcast interviews" and on Mr. Milton's alleged motive to increase the price of Nikola stock.  *See* Indictment ¶¶ 22, 26. Those public investors, unlike the private seller of the real property in Count Four, had no direct interactions with Mr. Milton.  Defense counsel must investigate, subpoena documents from entities and individuals outside this district, and possibly retain experts concerning the value of the real property, the authenticity of a key piece of evidence produced by the government, and the pricing and practices of block stock sales and options in a private transaction.  Motions challenging the new charges based on, *inter alia*, a lack of venue, also must be considered.

There are additional issues that defense counsel must explore fully and discuss with Mr. Milton concerning the new count.  The government recently produced emails between counsel to the individual described in Count Four and corporate lawyers at defense counsel's law firm relating to the options and/or the block stock sales, suggesting at least some possibility that lawyers from the same law firm defending Mr. Milton at trial could be called as fact witnesses relating to the alleged conduct "designed to lull."  Although these emails – and other lawyer emails that the government has not produced – may simply be ministerial in nature, counsel is unable to say at this early point without appropriately exploring and considering these issues.

A continuance of 30 days is warranted.  *See United States v. Guzman*, 754 F.2d 482, 486 (2d Cir. 1985) (finding that the district court abused its discretion in not granting defendant a reasonable continuance where the changes in the superseding indictment were not insubstantial and the district court "neglected to take into account the impact that the second indictment might have had on defense theories of the case, and the resultant need for a more extended preparation") (Although "the same evidence may have been presented . . . as would have been used on the [original] indictment . . . it cannot be disputed that in the proper preparation of a defense . . . , counsel was required to review a far longer period of activity with his client."); *see also*, *e.g.*, *United States v. Keith*, No. 15-CR-827 (AJN), 2017 WL 11681947, at *2 (S.D.N.Y Aug. 18, 2017), *aff'd* 765 F. App'x 526 (2d Cir. 2019) (recounting procedural history of case, in

CAHILL GORDON & REINDEL LLP

-3-

which the court granted a six-week continuance following a superseding indictment on defendant's motion to allow for "research [of] the new charge" and "further investigat[ion of] the law," and a subsequent almost five-month continuance to investigate newly discovered evidence); *United States v. Gloss*, No. 08-CR-823 (HB), 2009 WL 161063, at *3 (S.D.N.Y. Jan. 21, 2009) ("[T]he new allegations . . . will require defense counsel to not only review a significantly longer period of activity with his client, but also to investigate his client's connections to additional locations, individuals and items of physical evidence." (citation omitted)).

The situation here is unlike those in the four cases cited by the government. The critical distinction is that, in all four cases, 1) the conduct was the same in the superseding indictment as in the original indictment, 2) the proof and the defenses were the same for the superseding indictment as for the original indictment, and 3) there were no surprises to the defendant. Two of the cases involved truly cosmetic and non-substantive changes. *See United States v. Spencer*, 646 Fed. Appx. 6, 9 (2d Cir. 2016) (holding that district court did not abuse its discretion by denying an adjournment where the superseding indictment merely involved *removing* one count and adding a known alias of the defendant); *United States v. McGee*, 564 F.3d 36, 42 (2d Cir. 2009) (holding that district court did not abuse its discretion by denying adjournment where the superseding indictment merely expanded the time period for the alleged illegal possession of firearms by a little over one month to correspond to a date-stamped photograph seized by the defendant and produced by the government at the start of discovery).

The other two cases cited by the government involved superseding indictments with the *same* essential conduct as the original indictments. The case of *United States v. Shea*, 2022 WL 1443918 (S.D.N.Y. May 6, 2022), involved a scheme to defraud donors to the "Build the Wall" non-profit entity. The superseding indictment added an honest services charge and an obstruction charge relating to backdating documents, both dealing with the same conduct as the original indictment. *Id.* at *1–2. The district court denied the defense motion for a continuance because the defendant had been on notice about the backdated documents for seven months, because they had been produced to him during discovery, and because "the *same payments* that constitute the original wire fraud conspiracy charge based on defrauding donors make up the payments *at the heart* of the honest services fraud component of that charge." *Id.* at *4 (emphasis added). The court further observed that the government had "not produce[d] any additional discovery in relation to the new charges." *Id.* A review of the docket in *Shea* also indicates that the superseding indictment in that case did not change the pretrial motion practice or defense strategy in any meaningful way.

Similarly, *United States v. Montoya-Echeverria*, 896 F. Supp. 148 (S.D.N.Y. 1995), involved a superseding indictment that related to the same conspiracy to possess and distribute cocaine as the original indictment. The superseding indictment merely added a second cocaine transaction, where the defendant was involved even more directly, to the previously charged conspiracy; and correspondingly expanded the period for the conspiracy from six to 19 weeks with new alleged co-conspirators. *Id.* at 151. In denying the motion for a continuance, the

CAHILL GORDON & REINDEL LLP

-4-

district court observed that the defendant—unlike Mr. Milton here—had been aware "since prior to the return of the original indictment that the government had information concerning such a transaction" and "was obligated to proceed on the assumption that the [transaction] might be alleged to have occurred during the period of the conspiracy alleged in the original indictment and thus might have been proved under that instrument, either as an uncharged overt act or as background." *Id.* at 151.

Unlike these four cases, Count Four includes allegations of conduct different than the conduct in the original Indictment; the proof and the defenses will be different from the proof and defenses for the three counts in the original Indictment; and Mr. Milton has not had notice that the issues raised by Count Four would be presented at trial. Here, as in *Guzman* and *Gloss*, Count Four will require defense counsel to review a significantly longer period of time with Mr. Milton, to investigate additional factual considerations, and to pursue additional defense theories. *See Guzman*, 754 F.2d at 486; *Gloss*, 2009 WL 161063, at *3.

Nothing in the original Indictment provided notice that these issues would be presented at trial, let alone result in Count Four. Defense counsel first learned that this transaction might be presented at his trial on June 16, 2022. Nothing in the prior discovery from the government referenced the private real estate transaction or otherwise provided any forewarning. The suggestion that defense counsel should have been on notice based on a civil litigation pending in Utah is wrong. That civil litigation, filed on March 14, 2022, has not progressed beyond the initial pleading stage, and that civil complaint does *not* include any allegation that would imply that Mr. Milton "engaged in conduct designed to lull the sellers and postpone actions by the sellers," as Count Four now suddenly alleges. At present, we are exploring whether the "lull[ing]" was unrelated to the real estate transaction at issue and thus a futile attempt to establish venue in the Southern District of New York.

Finally, the government ought not use Mr. Milton's previously expressed desire for a speedy trial against him. Mr. Milton has exercised his right to a speedy trial, and defense counsel has litigated this case expeditiously from the outset by promptly filing motions, submitting non-party subpoenas to chambers in a timely manner, and requesting the earliest possible trial date. Mr. Milton should not be forced to make a Hobson's choice – to go to trial unprepared on a new count that carries a term of imprisonment of 20 years or to forego his constitutional right to a speedy trial. A speedy trial does not mean a trial by eleventh-hour surprise. Any delay in the trial schedule falls heavily upon the shoulders of the government for waiting until 26 days before an extremely complex trial to file the Superseding Indictment for alleged conduct the government has known about for over four months.

CAHILL GORDON & REINDEL LLP

-5-

      We respectfully submit a thirty-day adjournment is reasonable and appropriate under these circumstances.

      Respectfully submitted,

      <u>/s/ Bradley J. Bondi</u>

      Bradley J. Bondi

cc: Counsel of Record (via ECF)