

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 28, 2022

**By ECF**

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Trevor Milton,* S1 21 Cr. 478 (ER)

Dear Judge Ramos:

      The Government writes to request that the Court confirm, before ruling on the defendant's pre-trial motions, that time has been excluded under the Speedy Trial Act, 18 U.S.C. § 3161, from March 16, 2022, through the current trial date of July 18, 2022.

      Procedural Background

      An indictment was unsealed on July 29, 2021, charging the defendant with two counts of securities fraud and one count of wire fraud. The defendant was presented before the Honorable Sarah Netburn that same day and was released on bail conditions. Judge Netburn excluded time under the Speedy Trial Act through August 12, 2021.

      On August 10, 2021, the defendant filed a motion to dismiss the indictment for lack of venue, or alternatively, to transfer venue. (ECF No. 11). The filing of the defendant's motion triggered the exclusion of time under the Speedy Trial Act through the conclusion of the hearing on the motion, which was argued at a conference on September 15, 2021, and its disposition. *See* 18 U.S.C. § 3161(h)(1)(D) & (H). In addition, at an August 13, 2021 conference, the Court excluded time through the September 15, 2021 conference. (ECF No. 16).

      At the September 15, 2021 conference, the Court set a motion schedule and an April 4, 2022 trial date. (ECF No. 30). The Government requested that time be excluded through the trial date, but defense counsel objected to an exclusion of time of that length. (ECF No. 30 at 49). The Court then excluded time until December 15, 2021, when defense motions were due.

      On November 15, 2021, the Court issued an opinion and order denying the defendant's motion to dismiss the indictment for lack of venue. (ECF No. 32). On November 29, 2021, the defendant filed an interlocutory appeal of the Court's order denying the motion to dismiss. (ECF No. 33). The defendant's appeal resulted in exclusion of time under the Speedy Trial Act for the delay resulting from the interlocutory appeal. *See* 18 U.S.C. § 3161(h)(1)(C).

June 28, 2022
Page 2

On December 15, 2021, the defendant filed ten further pre-trial motions, including six separate motions to dismiss based on various legal challenges, a motion for a bill of particulars, a motion to strike surplusage, a motion seeking additional discovery, and a motion for an evidentiary hearing regarding the Government's filter protocols. (ECF Nos. 38-62). The defendant also sought oral argument on the pending motions. The Government filed its opposition brief on January 14, 2022 (ECF No. 71), and the defendant filed reply briefs on January 31, 2022. (ECF Nos. 74-87). The filing of these motions again triggered exclusion of time from calculation under the Speedy Trial Act through the disposition of the motions. *See* 18 U.S.C. § 3161(h)(1)(D).

On March 1, 2022, as the defendant's appeal remained pending, the Government wrote, with the consent of the defendant, to request that the Court adjourn the April 4, 2022 trial date. (ECF No. 91). The Government requested that time be excluded through a control date of July 1, 2022, given the complexity of the pending motions and the pending interlocutory appeal. The defendant consented to exclusion of time from Speedy Trial Act calculation through the date of the requested conference (ECF No. 92), and the Court excluded time until a teleconference scheduled for March 10, 2022 (ECF No. 93).

On March 10, 2022, the Court held a status conference regarding the request to adjourn the April 4, 2022 trial. At the conference, defense counsel argued that the still pending interlocutory appeal did not divest the Court of jurisdiction, and that the Court could schedule a new trial date. (March 10, 2022 Tr. at 3).[1] The defendant did not change his position that the April 4, 2022 trial date should be adjourned; instead counsel acknowledged that the defendant's ten motions needed to be resolved, and that subpoenas under Rule 17(c) of the Federal Rules of Criminal Procedure needed to be issued and litigated. (March 10, 2022 Tr. at 6). Still, defense counsel requested the "earliest available date in the springtime" under the district's COVID-19 scheduling protocols. (Tr. at 6). The Government stated that it would be available for trial on April 25, 2022, if the defendant's appeal was withdrawn and the date was approved by the Court's scheduling committee. (Tr. at 9-10).

On March 11, 2022, the defendant filed a letter requesting an April 25, 2022 trial date. (ECF No. 96). The Government responded that same day and requested a trial date of July 18, 2022 or September 2022 (ECF No. 97). In the letter, the Government noted its understanding that the trial could not go forward on April 25, 2022 under the then-current COVID-19 scheduling protocols, because three other trials were scheduled to begin that day.

On March 16, 2022, the Court issued an order finding that it did not have authority to set a definitive trial date while the interlocutory appeal was pending. (ECF No. 98). The Court's order further explained that the Court was unable to a secure a trial date of April 25, 2022 due to scheduling protocols, but that the Court would tentatively hold a July 18, 2022 trial date.

On March 17, 2022, the defendant moved in the Court of Appeals to dismiss his interlocutory appeal, and the motion was granted. The Second Circuit's mandate issued on March 18, 2022. (ECF No. 99).

---

[1] The transcript of the March 10, 2022 conference is attached as Exhibit 1.

June 28, 2022
Page 3

On March 22, 2022, the parties submitted a proposed schedule to the Court regarding pre-trial disclosures. (ECF No. 101). The letter also included a request from the defendant for oral argument on the pending pre-trial motions.

On April 28, 2022, the defendant filed a letter requesting that the Court issue subpoenas for the upcoming trial. (ECF No. 102). The defendant also requested that the Court "lock in the July 18, 2022 trial date," which was previously set as tentative.

On July 2, 2022, the Court issued an order confirming the July 18, 2022 trial date. (ECF No. 103). On June 20, 2022, the parties filed motions *in limine*, consistent with the agreed-upon pre-trial schedule. On June 22, 2022, the grand jury returned a superseding indictment charging the defendant with an additional count of wire fraud (ECF No. 123), and the Government sought exclusion of time under the Speedy Trial Act until trial, on which request the defendant declined to provide a position (ECF No. 124). On June 23, 2022, the defendant filed a letter motion seeking a 30-day adjournment of trial. (ECF No. 125). That same day, the Court scheduled a conference for June 29, 2022 (ECF No. 126), and excluded time from Speedy Trial Act calculation until July 18, 2022 (ECF No. 127).

As set forth above, time under the Speedy Trial Act was excluded by the Court through at least December 15, 2021, the initial motion deadline set by the Court. The defendant's interlocutory appeal then triggered the statutory exclusion of time beginning on November 29, 2021. 18 U.S.C. § 3161(h)(1)(C). The defendant's ten pre-trial motions, which were filed on December 15, 2021, and have not been resolved, also triggered statutory exclusion of time. 18 U.S.C. § 3161(h)(1)(D). The defendant's motions *in limine* filed on June 20, 2022, also triggered anew the statutory exclusion of time.

Exclusion of Time

The Government submits that time under the Speedy Trial Act continues to be subject to statutory exclusion because there has been no conclusion of the hearing on or disposition of the defendant's December 15, 2021 pre-trial motions. *See* 18 U.S.C. § 3161(h)(1)(D); *Henderson v. United States*, 476 U.S. 321, 330 (1986).

Nonetheless, in an abundance of caution, the Government respectfully requests that the Court confirm that the Court made the findings necessary to exclude time under 18 U.S.C. § 3161(h)(7) when it issued its March 16, 2022 order explaining that an April 25, 2022 trial date was unavailable and tentatively scheduling a July 18, 2022 trial date. The Speedy Trial Act requires that the findings necessary for the ends-of-justice exception "be made, if only in the judge's mind, before granting the continuance," and that those findings need only "be put on the record by the time a district court rules on a defendant's motion to dismiss." *Zedner v. United States,* 547 U.S. 489, 506–07 (2006); *see also United States v. Leroux*, 36 F.4th 115, 123 (2d Cir. 2022) (reaffirming the validity of the principle that a subsequent articulation of ends-of-justice findings is sufficient and extending the principle to the Coronavirus, Aid, Relief, and Economic Security Act); *United States v. Levis*, 488 F. App'x 481, 485 (2d Cir. 2012) (finding no violation of the Speedy Trial Act because, before denying the defendant's motion to dismiss, the district court ratified a letter filed

June 28, 2022
Page 4

by the Government confirming that the court had made the requisite ends-of-justice findings); *United States v. Breen*, 243 F.3d 591, 596 (2d Cir. 2001) (ends-of-justice findings required for Speedy Trial Act continuance "are satisfied by a subsequent articulation" of the findings).

The Government respectfully submits that the ends of justice are and have been served by excluding time from March 16, 2022 through July 18, 2022, because trial could not be scheduled on April 25, 2022, due to the pendency of the defendant's interlocutory appeal and to the Court's COVID-19 scheduling protocols, which required social distancing during jury selection and accordingly permitted only a certain number of trials to proceed on any given date. The defendant's interest in a speedy trial did not override the risk to the public posed by COVID-19, and, indeed, due to the rules governing trials in this District during the pendency of the pandemic and the defendant's interlocutory appeal, which resulted in an adjournment request by the defendant, it was not possible to proceed to trial earlier than July 18, 2022. In addition, the continuance until July 18, 2022 allowed time for the Court to consider the defendant's motions and issue the defendant's Rule 17(c) subpoenas.

Accordingly, the Government respectfully requests that the Court issue an order confirming that the Court has excluded time through July 18, 2022.[2] A proposed order is attached as Exhibit 2.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   s/          
Jordan Estes
Matthew Podolsky
Nicolas Roos
Assistant United States Attorneys
(212) 637-2543/1947/2421

Cc: Counsel of Record (via ECF)

---

[2] The Government informed the defense that it intended to file this motion, and counsel indicated that they could not provide a position until seeing the motion and proposed order.