UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
UNITED STATES OF AMERICA        :
                                :
        v.                      :  No. S1 21 Cr. 478 (ER)
                                :
TREVOR MILTON,                  :
                                :
                Defendant.      :
---------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNT FOUR OF THE SUPERSEDING INDICTMENT WITH RESPECT TO SO-CALLED "LULLING" CONDUCT OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS**

Bradley J. Bondi
CAHILL GORDON & REINDEL LLP
1990 K Street NW, Suite 950
Washington, DC 20006
(202) 862-8910
bbondi@cahill.com

Marc L. Mukasey
MUKASEY FRENCHMAN LLP
570 Lexington Avenue, Suite 3500
New York, NY 10022
(212) 466-6400
Marc.Mukasey@mfsllp.com

*Counsel for Trevor Milton*

Defendant Trevor Milton respectfully submits this Memorandum of Law in support of his motion to dismiss Count Four of the Superseding Indictment with respect to so-called "lulling" conduct for failure to state an offense pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, or, in the alternative, for a Bill of Particulars. Pursuant to Local Criminal Rule 16.1, counsel for Mr. Milton has conferred with counsel for the government in an effort in good faith to resolve by agreement the issues raised by the instant motion, but Mr. Milton and the government have been unable to reach such an agreement.

## PROCEDURAL BACKGROUND

The original Indictment in this matter, filed on July 28, 2021, charged Mr. Milton with two counts of securities fraud and one count of wire fraud (the "Legacy Counts"). The Legacy Counts were based on alleged misrepresentations Mr. Milton made to the general public in "social media and television, print, and podcast interviews" while in Arizona or Utah from November 2019 to September 2020, when he was initially Chief Executive Officer and then Executive Chairman of Nikola Corporation ("Nikola"). Indictment at ¶ 1. The Indictment contended that Mr. Milton made the alleged misstatements to induce retail investors to purchase or sell Nikola stock on the Nasdaq stock exchange. *Id.* at ¶¶ 22, 80.

On June 22, 2022, the government filed a Superseding Indictment charging Mr. Milton with an additional count of wire fraud based on alleged misrepresentations Mr. Milton made to the private sellers of property in Utah known as Wasatch Creeks Ranch (the "Sellers"), presumably in private conversations related to Mr. Milton's purchase of that property (the "Real Estate Transaction"), *and* on subsequent "conduct designed to lull the [S]ellers[.]" Supsd'g Indictment at ¶ 4. With respect to the Legacy Counts, the Superseding Indictment repeats the

Indictment's statutory allegations[1] but omits the previously included specific factual allegations. *Compare* Indictment at ¶¶ 1–86, *with* Supsd'g Indictment at ¶¶ 1–3.  The Indictment contains no specific factual allegations with respect to the additional count of wire fraud, Count Four.  *See generally* Indictment; *see also* Supsd'g Indictment at ¶ 4.

## FACTUAL BACKGROUND – COUNT FOUR

Mr. Milton and the Sellers entered into a Purchase and Sale Agreement on June 1, 2020 related to the Real Estate Transaction.  *See* Decl. of Bradley Bondi ("Bondi Decl."), Ex. 1.  The Real Estate Transaction closed on August 14, 2020.  *See* Bondi Decl., Ex. 2 at 3588-004 pg. 2 (listing settlement date as August 14, 2020).  Mr. Milton paid the Sellers a combination of cash and options to purchase Nikola stock.  *See* Bondi Decl., Exs. 1, 3.  Mr. Milton voluntarily resigned from Nikola on September 20, 2020.  Indictment at ¶ 5.  The Sellers did not exercise the options to purchase Nikola stock, and the options expired on December 31, 2020.  *See* Bondi Decl., Ex. 4.

Mr. Milton entered into an unrelated stock sale transaction with the Sellers on March 2, 2021, pursuant to which Mr. Milton sold 483,425 shares of stock to the Sellers for $7 million. *See* Bondi Decl., Ex. 5.  The Sellers do not allege any wrongdoing in connection with the subsequent stock sale transaction.

On March 14, 2022, the Sellers filed a private civil action in Utah federal court arising from the Real Estate Transaction (the "Private Civil Action").  *See Hicks v. Milton*, No. 2:22 Cv.

---

[1] The Legacy Counts in the Indictment charged misstatements with respect to "product and technology development."  Indictment at ¶¶ 82, 84, 86.  The Legacy Counts in the Superseding Indictment charge misstatements with respect to "product, technology, and *business* development."  Supsd'g Indictment at ¶¶ 1–3 (emphasis added).

166 (D. Utah).[2]  Brent Hatch of the Hatch Law Group represents Mr. Milton in the Private Civil Action.  *See* Notice and Stipulation, *Hicks v. Milton*, No. 2:22 Cv. 166 (D. Utah), ECF 13.

## ARGUMENT

I. **THE COURT SHOULD DISMISS COUNT FOUR OF THE SUPERSEDING INDICTMENT WITH RESPECT TO SO-CALLED "LULLING" CONDUCT FOR FAILURE TO STATE AN OFFENSE.**

Count Four of the Superseding Indictment alleges that, "[f]rom at least in or about April 2020 through at least in or about March 2021," Mr. Milton made "false and misleading statements regarding Nikola's product, technology, and business development" in connection with the Real Estate Transaction and "engaged in conduct designed to lull the sellers and postpone actions by the sellers that would bring [the] false and misleading statements to light, including through interstate wires."  Supsd'g Indictment at ¶ 4.  But the government itself has acknowledged that the so-called "lulling" conduct occurred "*after the wire fraud was committed* and *after the scheme was exposed*[.]"  Decl. Of Bradley Bondi, Memorandum of Law in Opposition to the Government's Motions *In Limine*, Exhibit B at 4:22–23 (emphasis added).

As a matter of law, subsequent conduct cannot constitute "lulling" in furtherance of a scheme when the alleged scheme already has been discovered.  *See United States v. Kerik*, 615 F. Supp. 2d 256, 270 (S.D.N.Y. 2009) (granting motion to dismiss wire fraud charge where defendant already "was under investigation" and "[o]nce that investigation began, it is implausible to argue that [the defendant] was 'lulling' his victims to avoid the discovery of the alleged crime"); *United States v. Victor Teicher & Co.*, 726 F. Supp. 1424, 1435 (S.D.N.Y.

---

[2] The Complaint in *Hicks v. Milton*, No. 2:22 Cv. 166 (D. Utah), does not include any reference to a subsequent transaction between Mr. Milton and Mr. Hicks, much less any allegation that would imply that Mr. Milton "engaged in conduct designed to lull the sellers and postpone actions by the sellers."  Supsd'g Indictment at ¶ 4.  Moreover, Mr. Hicks's lawyer in that case informed the government that the subsequent stock sale transaction was unrelated to the original Real Estate Transaction.  *See* Bondi Decl., Ex. 2 at 3588-004 pg. 1.

1989). The government's attempt to bootstrap alleged subsequent conduct into a wire fraud charge based on the Real Estate Transaction is entirely improper and contrary to established law. *Compare with Kerik*, 615 F. Supp. 2d at 270, 277 (granting motion to dismiss wire fraud charge as barred by the statute of limitations where subsequent conduct offered "in support of the timeliness of" the charge could not be considered a "lull"). Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, the Court should dismiss Count Four of the Superseding Indictment with respect to the so-called "lulling" conduct for failure to state an offense.

## II.   IN THE ALTERNATIVE, THE COURT SHOULD ORDER A BILL OF PARTICULARS.

Rule 7(f) of the Federal Rules of Criminal Procedure permits the Court to "direct the government to file a bill of particulars." *See United States v. Vaid*, No. 16 Cr. 763 (LGS), 2017 WL 3891695, at *10 (S.D.N.Y. Sept. 5, 2017). A bill of particulars has three purposes: to provide a defendant the necessary facts that would allow him "[1] to prepare for trial, [2] to prevent surprise, and [3] to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987); *United States v. Rigas*, 490 F.3d 208, 237 (2d Cir. 2007). The defendant bears the burden of showing "the information sought is necessary," and that he will be prejudiced without it. *United States v. Fruchter*, 104 F. Supp. 2d 289, 312 (S.D.N.Y. 2000) (quoting *United States v. Facciolo*, 753 F. Supp. 449, 451 (S.D.N.Y. 1990)). Put another way, a bill of particulars is required where "the charges of the [I]ndictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) (internal quotation marks omitted) (quoting *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990)).

Count Four of the Superseding Indictment fails to identify (i) the so-called "lulling" conduct in which Mr. Milton engaged, (ii) what action or inaction into which Mr. Milton allegedly intended to "lull" the Sellers, and (iii) what alleged scheme by Mr. Milton had yet to be discovered such that it could serve as the basis for "lulling." Defense counsel has reviewed all discovery material provided by the government with respect to Count Four and the pleading in the Private Civil Action. Yet, Mr. Milton is left guessing as to how the so-called "lulling" conduct supports a wire fraud charge against him. *United States v. Pierce*, 224 F.3d 158, 165 (2d Cir. 2000) (listing elements of wire fraud).

Mr. Milton will be unduly prejudiced if the government refuses to disclose more particulars regarding the so-called "lulling" conduct and how it supports a wire fraud charge against Mr. Milton. Mr. Milton will be unable to draft motions *in limine*, formulate proposed jury instructions, or prepare for trial testimony related to such conduct. Simply put, if the government is permitted to wait to disclose more information about the so-called "lulling" conduct, Mr. Milton will suffer undue prejudice that will hamper his constitutional right to a fair trial. The government should be required to produce a bill of particulars within one week of the Court ruling on this motion.

The government, by contrast, will suffer no prejudice if it is required to produce a bill of particulars. The government has known about the Real Estate Transaction for at least two months prior to the filing of the Superseding Indictment—presumably giving the government sufficient time with which to investigate the so-called "lulling" conduct. Indeed, the government opposed Mr. Milton's request for any adjournment of the originally scheduled July 18, 2022 trial date longer than one week. *See* Defendant's Letter re: Adjournment, June 23, 2022, ECF 126; Government's Letter Response re: Adjournment, June 23, 2022, ECF 128. Providing particulars

regarding this alleged conduct would not present any additional burden for the government and would serve only to assist the defense to avoid unfair surprise at trial.

## **CONCLUSION**

For the reasons set forth above, Mr. Milton respectfully requests that the Court dismiss Count Four of the Indictment with respect to so-called "lulling" conduct pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, or, in the alternative, order the government to file—within one week of the Court ruling on this motion—a bill of particulars setting forth the following information:

1. Any and all conduct in which Mr. Milton allegedly engaged which constitutes the "conduct designed to lull the sellers and postpone actions by the sellers that would bring [Mr.] Milton's false and misleading statements to light";

2. Any and all actions or inactions into which Mr. Milton allegedly intended to "lull" the Sellers and/or "postpone";

3. Any and all alleged schemes that the government contends constitute a basis for "conduct designed to lull the sellers and postpone actions by the sellers that would bring [Mr.] Milton's false and misleading statements to light."

Dated: July 11, 2022                                        Respectfully submitted,

/ s / Bradley J. Bondi
_____

Bradley J. Bondi
CAHILL GORDON & REINDEL LLP
1990 K Street NW, Suite 950
Washington, DC 20006
(202) 862-8910
bbondi@cahill.com

Marc L. Mukasey
MUKASEY FRENCHMAN LLP
570 Lexington Avenue, Suite 3500
New York, NY 10022
(212) 466-6400
Marc.Mukasey@mfsllp.com

*Counsel for Trevor Milton*