UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x

UNITED STATES OF AMERICA,           :
                                    :   No. S1 21 Cr. 478 (ER)
            v.                      :
                                    :
TREVOR MILTON,                      :
                                    :
                    Defendant.      :
—————————————————————— x

## MEMORANDUM OF LAW IN OPPOSITION TO NON-PARTY MOVANT NIKOLA CORPORATION'S MOTION TO INTERVENE AND FOR A PROTECTIVE ORDER

Bradley J. Bondi
CAHILL GORDON & REINDEL LLP
1990 K Street NW, Suite 950
Washington, DC 20006
(202) 862-8910
bbondi@cahill.com

Marc L. Mukasey
MUKASEY FRENCHMAN LLP
570 Lexington Avenue, Suite 3500
New York, NY 10022
(212) 466-6400
Marc.Mukasey@mfsllp.com

*Counsel for Trevor Milton*

## <u>TABLE OF CONTENTS</u>

### <u>Contents</u>

ARGUMENT ........................................................................................................................ 1

I.  THE COURT SHOULD DENY NIKOLA'S MOTION TO INTERVENE AND FOR PROTECTIVE ORDER, BECAUSE THE FEDERAL RULES OF CRIMINAL PROCEDURE DO NOT SUPPLY A RIGHT TO INTERVENTION BY A NON-PARTY IN A CRIMINAL MATTER. ............................................................................... 1

II.  EVEN IF NIKOLA WERE ALLOWED TO INTERVENE, THE COURT SHOULD DENY NIKOLA'S MOTION TO INTERVENE AND FOR PROTECTIVE ORDER BECAUSE NIKOLA HAS NOT SHOWN GOOD CAUSE FOR A PROTECTIVE ORDER. ...................................................................................................................... 2

III.  THE COURT ALSO SHOULD DENY NIKOLA'S MOTION TO INTERVENE AND FOR PROTECTIVE ORDER BECAUSE NIKOLA WAIVED PRIVILEGE OVER THE SUBJECT MATTER OF MR. MILTON'S PUBLIC STATEMENTS............................ 4

    A.  Nikola Waived Privilege Pursuant to the Stipulation. ........................................ 4

        1.  Voluntary Waiver................................................................................... 4

        2.  Same Subject Matter ............................................................................. 5

        3.  Fairness ................................................................................................. 6

    B.  Nikola Waived Privilege Through Its Prior and Subsequent Disclosures. ............ 8

IV.  THE COURT ALSO SHOULD DENY NIKOLA'S MOTION TO INTERVENE AND FOR PROTECTIVE ORDER TO PROTECT MR. MILTON'S CONSTITUTIONAL RIGHTS UNDER THE FIFTH AND SIXTH AMENDMENTS...................................... 9

CONCLUSION.................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Application of New York Times Co.*,
708 F. Supp. 603 (S.D.N.Y. 1989) ..................................................................................1–2

*In re Cnty. of Erie*,
546 F.3d 222 (2d Cir. 2008)...........................................................................................6

*DatabaseUSA.com, LLC v. Van Gilder*,
No. 8:17 Civ. 386, 2019 WL 6255084 (D. Neb. Nov. 22, 2019) ...............................6

*Dougherty v. Esperion Therapeutics, Inc.*,
No. 16-10089, 2020 WL 7021688 (E.D. Mich. Nov. 30, 2020)...........................6, 8

*Gruss v. Zwirn*,
No. 09 Civ. 6441 (PGG) (MHD), 2013 WL 3481350 (S.D.N.Y. July 10, 2013).....................7

*Janus Cap. Grp., Inc. v. First Derivative Traders*,
564 U.S. 135 (2011)........................................................................................10n

*Leviton Mfg. Co., Inc. v. Greenberg Traurig LLP*,
No. 09 Civ. 8083 (GBD) (THK), 2010 WL 4983183 (S.D.N.Y. Dec. 6, 2010).....................8n

*Lorenzo v. SEC*,
139 S. Ct. 1094 (2019)...................................................................................10n

*Morales v. Portuondo*,
154 F. Supp. 2d 706 (S.D.N.Y. 2001)..............................................................9–10

*Neogenix Oncology, Inc. v. Gordon*,
No. 14 Civ. 4427, 2015 WL 13735953 (E.D.N.Y. July 31, 2015) .........................8n

*Prousalis v. United States*,
No. 03 Cr. 1509 (DLC), 2016 WL 4991680 (S.D.N.Y. Sept. 19, 2016) ...........................10n

*Prudential Def. Sols., Inc. v. Graham*,
517 F. Supp. 3d 696 (E.D. Mich. 2021).............................................................5–6

*Rosario v. Kuhlman*,
839 F.2d 918 (2d Cir.1988)............................................................................9

*SEC v. Alderson*,
No. 18 Civ. 4930 (VEC), 2020 U.S. Dist. LEXIS 6410 (S.D.N.Y. Jan. 14,
2020) .............................................................................................................7

*SEC v. Collector's Coffee Inc.*,
   338 F.R.D. 309 (S.D.N.Y. 2021) .......................................................7

*In re Symbol Techs., Inc. Sec. Litig.*,
   No. 05 Cr. 3923, 2017 WL 1233842 (E.D.N.Y. Mar. 31, 2017) ................................5

*United States v. Alessa*,
   No. 3:19 Cr. 10, 2021 WL 4498638 (D. Nev. Sept. 30, 2021) ............................8n

*United States v. Almonte*,
   956 F.2d 27 (2d Cir. 1992) .......................................................9

*United States v. Aref*,
   533 F.3d 72 (2d Cir. 2008) .......................................................1, 2n

*United States v. DeFonte*,
   441 F.3d 92 (2d Cir. 2006) .......................................................2

*United States v. Hall*,
   No. 21 Cr. 643, 2021 WL 6122951 (S.D.N.Y. Dec. 14, 2021) ................................2

*United States v. Klock*,
   210 F.2d 217 (2d Cir. 1954) .......................................................10n

*United States v. Lundergan*,
   No. 5:18 Cr. 106, 2019 WL 3503977 (E.D. Ky. Aug. 1, 2019) ............................2n

*United States v. Martoma*,
   962 F. Supp. 2d 602 (S.D.N.Y. 2013) .......................................................2, 3, 4

*United States v. Mount Sinai Hosp.*,
   185 F. Supp. 3d 383 (S.D.N.Y. 2016) .......................................................9

*United States v. Rigas*,
   No. 4:05 Cr. 402, 2011 WL 13305351 (M.D. Pa. Sept. 20, 2011) ............................4

*United States v. RMI Co.*,
   599 F.2d 1183 (3d Cir. 1979) .......................................................2

*United States v. Smith*,
   985 F. Supp. 2d 506 (S.D.N.Y. 2013) .......................................................3

*United States v. Treacy*,
   No. S2 08 Cr. 366 (JSR), 2009 WL 812033 (S.D.N.Y. Mar. 24, 2009) ................................7

*United States v. Weisberg*,
   No. 08 Cr. 347, 2011 WL 1327689 (E.D.N.Y. Apr. 5, 2011) ................................9

*United States v. Wells Fargo Bank, N.A.*,
    132 F. Supp. 3d 558 (S.D.N.Y. 2015)................................................................10n

**Constitutional Provisions**

U.S. Const. amend. I ................................................................................................2

U.S. Const. amend. V ...............................................................................................9

U.S. Const. amend. VI .........................................................................................2, 9

**Regulations**

17 C.F.R. § 240.10b-5 ...........................................................................................10n

**Rules**

Fed. R. Civ. P. 24 ....................................................................................................2

Fed. R. Crim. P. 16(d) .............................................................................................2

Fed. R. Evid. 502 ..................................................................................................4, 6

Defendant Trevor Milton respectfully submits this memorandum of law in opposition to Nikola Corporation's ("Nikola") Motion To Intervene and for a Protective Order ("Motion To Intervene and for Protective Order") (ECF 138) and Memorandum In Support ("Memorandum To Intervene and for Protective Order") (ECF 139). The Federal Rules of Criminal Procedure do not supply a right to intervene in a criminal case, and even if Nikola were allowed to intervene, Nikola has not shown good cause for the entry of a protective order. Further, as set forth in Mr. Milton's Motion *in Limine* To Allow All Testimony Concerning Britton Worthen's Communications Related to Any Statement Allegedly Made by Mr. Milton (ECF 114), Memorandum in Support of Defendant's Motion *in Limine* ("Memorandum To Allow Testimony") (ECF 115), and Declaration of Bradley Bondi Accompanying Mr. Milton's Motion *in Limine* ("Bondi Decl.") (ECF 116), Nikola has waived its attorney-client privilege concerning General Counsel Britton Worthen's communications relating to Mr. Milton's public statements. Even if Nikola had not waived privilege, Mr. Milton's constitutional rights require the admission of such clearly probative evidence. For the foregoing reasons, the Court should deny Nikola's Motion To Intervene and for Protective Order.

## **ARGUMENT**

**I.     THE COURT SHOULD DENY NIKOLA'S MOTION TO INTERVENE AND FOR PROTECTIVE ORDER, BECAUSE THE FEDERAL RULES OF CRIMINAL PROCEDURE DO NOT SUPPLY A RIGHT TO INTERVENTION BY A NON-PARTY IN A CRIMINAL MATTER.**

The Federal Rules of Criminal Procedure do not supply a right to intervention by a non-party in a criminal matter. *See United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) ("The Federal Rules of Criminal Procedure make no reference to a motion to intervene in a criminal case."); *see also Application of New York Times Co.*, 708 F. Supp. 603, 604 (S.D.N.Y. 1989) ("At the outset it should be noted that although the application is styled as a motion to intervene

under Rule 24, Fed. R. Civ. P. 24 has no applicability to criminal cases.  Nor is the Court aware

of any provision of the Federal Rules of Criminal Procedure that would permit a third party to

intervene in a criminal case.").[1]  Although Nikola asserts that "it is settled law" that a third-party

may intervene in a criminal matter in order to assert privilege, relying on *United States v.

Martoma*, 962 F. Supp. 2d 602, 605 (S.D.N.Y. 2013) (citing *United States v. RMI Co.*, 599 F.2d

1183 (3d Cir. 1979)), the Second Circuit has not recognized explicitly a right to intervene for the

purpose of asserting attorney-client privilege.  *But see United States v. DeFonte*, 441 F.3d 92 (2d

Cir. 2006) (without addressing right to intervention or Sixth Amendment concerns, holding that

potential intervenor's journal entries memorializing private conversations with attorney could be

protected from discovery by defendant and remanding for further consideration).  Because the

Federal Rules of Criminal Procedure do not supply a non-party with a right to intervene in a

criminal matter, the Court should deny Nikola's Motion To Intervene and for Protective Order.

## II.     EVEN IF NIKOLA WERE ALLOWED TO INTERVENE, THE COURT SHOULD DENY NIKOLA'S MOTION TO INTERVENE AND FOR PROTECTIVE ORDER BECAUSE NIKOLA HAS NOT SHOWN GOOD CAUSE FOR A PROTECTIVE ORDER.

Federal Rule of Criminal Procedure 16(d) requires that a movant show "good cause" for

the issuance of a protective order.  Fed. R. Crim. P. 16(d).  "Good cause justifying a protective

order exists only when a party shows that disclosure will result in a clearly defined, specific, and

serious injury."  *United States v. Hall*, No. 21 Cr. 643, 2021 WL 6122951, at *1 n.1 (S.D.N.Y.

Dec. 14, 2021) (citation and internal quotation marks omitted).  To establish a "clearly defined,

specific, and serious injury," Nikola, as the moving party, must set forth particular facts.

---

[1] Although the Second Circuit acknowledges a limited exception to the right of intervention in a criminal case when related to protection of the public's First Amendment rights, *Aref*, 533 F.3d at 81, there are no possible grounds for the application of that First Amendment right in this case—and Nikola does not assert any such right.  Given such a limited exception, third parties "rare[ly] . . . intervene in a criminal action, and thus little authority exists on its appropriateness."  *United States v. Lundergan*, No. 5:18 Cr. 106, 2019 WL 3503977, at *2 (E.D. Ky. Aug. 1, 2019).

Conclusory statements or "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" do not suffice. *United States v. Smith*, 985 F. Supp. 2d 506, 523 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).  The types of documents that would substantiate the particular facts necessary for this Court to rule on Nikola's assertion of privilege here include "a list of the documents and/or communications that [the non-party] argue[d] are properly withheld as privileged, the nature of the privilege asserted for each document and/or communication withheld . . . and a log setting forth the nature and date of the documents and/or communications, and the participants to withheld communications[.]"  Order for Additional Information, *Martoma*, 962 F. Supp. 2d 602, ECF 126.  Nikola, however, has filed none of these documents was filed in support of its Motion To Intervene and for Protective Order.  *See generally* Motion To Intervene and for Protective Order.

Nikola has not demonstrated a clearly defined, specific and serious injury with particular facts, much less substantiated those facts appropriately.  Nikola has not asserted any harm other than "[Mr. Milton's] request implicates Nikola's privilege."  Memorandum To Intervene and for Protective Order at 4.  But Mr. Milton seeks only to elicit trial testimony relating to communications between Britton Worthen, the general counsel of Nikola, and other individuals relating to the public statements by Mr. Milton that are at issue in this criminal case (the "Undisclosed Communications")—communications that concern *the same subject matter* over which Nikola waived privilege in an agreement with the government and concern the allegations in the Indictment.  *See* Bondi Decl., Exhibit A at 2; Memorandum To Allow Testimony at 2–6.  Nikola has not explained, and cannot explain, how disclosure of these particular communications—which contain advice related to Mr. Milton's public statements, all of which occurred at least two years prior to the commencement of trial—will harm Nikola's business.

*See, e.g.*, *United States v. Rigas*, No. 4:05 Cr. 402, 2011 WL 13305351, at *4 (M.D. Pa. Sept. 20, 2011) (denying a protective order where there was "simply no argument . . . of any specific harm that would result absent a protective order for these documents").  Nikola also has failed to provide a privilege log identifying documents that it withheld on the basis of privilege or otherwise provide *any* explanation or support for its assertion of privilege.  *See* Memorandum To Allow Testimony at 4 n.4; *compare with* Order for Additional Information, *Martoma*, 962 F. Supp. 2d 602, ECF 126.  Because Nikola has not established good cause for a protective order, as is Nikola's burden, the Court should deny the Motion To Intervene and for Protective Order.

## III.    THE COURT ALSO SHOULD DENY NIKOLA'S MOTION TO INTERVENE AND FOR PROTECTIVE ORDER BECAUSE NIKOLA WAIVED PRIVILEGE OVER THE SUBJECT MATTER OF MR. MILTON'S PUBLIC STATEMENTS.

### A.    Nikola Waived Privilege Pursuant to the Stipulation.

Under Federal Rule of Evidence 502(a), a waiver of attorney-client privilege resulting from a disclosure to a federal agency extends to undisclosed information if:  (1) "the waiver is intentional"; (2) "the disclosed and undisclosed communications or information concern the same subject matter"; and (3) "they ought in fairness to be considered together," meaning that "fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary."  *Id.*, advisory committee explanatory note.  As more fully explained in Mr. Milton's Memorandum To Allow Testimony, Nikola intentionally waived its attorney-client privilege, and the communications at issue here concern the same subject matter and ought in fairness to be considered together.  Memorandum To Allow Testimony at 2–7.

#### 1.    Voluntary Waiver

Nikola voluntarily entered into a June 25, 2021 Disclosure Stipulation with the United States Attorney's Office for the Southern District of New York (the "Stipulation"), pursuant to

which Nikola waived its attorney-client privilege over "documents that reflect or contain communications that Trevor Milton sent or received, prior to September 10, 2020, that request or contain legal advice from Britton Worthen concerning investor and/or public communications (in whatever form including through any form of media) by Trevor Milton or Nikola" (the "Disclosed Communications")."  Bondi. Decl., Exhibit A at 2.

### 2.    Same Subject Matter

Despite Nikola's bare assertion to the contrary (argued only in a footnote, *see* Memorandum To Intervene and for Protective Order at 5 n.3), the Undisclosed Communications concern the same subject matters as the Disclosed Communications.  The *subject matter* of the communications—which is the relevant inquiry here— does not depend upon the identity of the *recipient* of those communications.  *See, e.g.*, *In re Symbol Techs., Inc. Sec. Litig.*, No. 05 Cr. 3923, 2017 WL 1233842, at *15 (E.D.N.Y. Mar. 31, 2017) (finding that focusing at a "granular level" on the "subject matter differences" of various interview memoranda documenting interviews of confidential informants conducted by Plaintiff's investigator would "fail to recognize and give meaning to the inherent similarities which exist between the over-arching subject matter and issues which are the primary focus of this litigation").

Nikola cites a handful of out-of-circuit cases that stand for the unremarkable proposition that courts construe "narrowly" the scope of the subject matter pertinent to a waiver analysis. None of these cases, however, suggests that the identity of the recipients of the legal advice have any bearing on the scope of the subject matter.  *E.g., Prudential Def. Sols., Inc. v. Graham*, 517 F. Supp. 3d 696, 704–05 (E.D. Mich. 2021) (subject matter relevant to waiver analysis was the "topic" of an email, the permissibility of soliciting clients in a certain area); *Dougherty v. Esperion Therapeutics, Inc.*, No. 16-10089, 2020 WL 7021688, at *3–4 (E.D. Mich. Nov. 30, 2020) (where the subject matter of waiver was drafts of press releases, ordering a party to

produce "counsel's notes, editorial comments, memoranda, and emails related to the drafting of and revisions to the various drafts"); *DatabaseUSA.com, LLC v. Van Gilder*, No. 8:17 Civ. 386, 2019 WL 6255084, at *2 (D. Neb. Nov. 22, 2019) (finding that scope of waiver was limited to statements made to the court in a declaration). Any argument that the subject matter of the Disclosed Communications—which Nikola describes as "advice given to Milton," Memorandum To Intervene and for Protective Order at 5 n.3—is different than the Undisclosed Communications—which Nikola describes as "advice given to other employees," *id.*—ignores the plain meaning of the phrase "subject matter" and is not supported by authority.

### 3.    Fairness

Fairness also requires that—to avoid the "selective, misleading and unfair" disclosure of privileged communications to the disadvantage of Mr. Milton—the Disclosed Communications be considered together with the Undisclosed Communications. Fed. R. Evid. 502, Advisory Committee Notes; *see also In re Cnty. of Erie*, 546 F.3d 222, 229 (2d Cir. 2008) (stating that unfairness arises when "a party uses an assertion of fact to influence the decisionmaker while denying its adversary access to privileged material potentially capable of rebutting the assertion" (citation omitted)). Nikola—in support of its argument to the contrary—disingenuously asserts that because Nikola is not a party to the criminal action, its relationship with Mr. Milton is not sufficiently adversarial such that a selective disclosure of communications could harm Mr. Milton. But Nikola waived privilege pursuant to the Stipulation *only after* having received subpoenas from the Securities and Exchange Commission ("SEC") and a grand jury subpoena from the Department of Justice ("DOJ") in September 2020, and while the DOJ was in the midst of "investigating fraud offenses by Nikola . . . and its officers." Bondi Decl., Exhibits D at 1; P-1 at 12. Nikola's presumed desire to avoid corporate liability certainly provides sufficient motive for Nikola to engage in improperly selective disclosure of documents that reflect only Mr.

Milton's so-called culpability yet shield Nikola and other corporate personnel.  *See SEC v. Alderson*, No. 18 Civ. 4930 (VEC), 2020 U.S. Dist. LEXIS 6410, at *5 (S.D.N.Y. Jan. 14, 2020) (concluding that defendant and his former employer "are sufficiently adversarial so as to create a risk that protected documents are being selectively disclosed for [the employer's] benefit").  As recently as February 2, 2022, the government confirmed that its investigation of Nikola is ongoing.  *See* Government's Memorandum of Law in Opposition to Motion To Compel (ECF 86) at 4.

Indeed, the fact that Nikola is not a party to this litigation does not preclude a sufficiently adversarial relationship with Mr. Milton to support a privilege waiver.  *See id*. (holding that the former employer of defendant could not use its status as a non-party to the proceeding as a reason to avoid waiver); *see also Gruss v. Zwirn,* No. 09 Civ. 6441 (PGG) (MHD), 2013 WL 3481350, at *6 (S.D.N.Y. July 10, 2013) ("[T]he presence of an adversarial relationship does not depend on the existence of litigation.") (citation omitted).  In a way that is wholly dissimilar to the factual background of the cases upon which Nikola relies, *see United States v. Treacy*, No. S2 08 Cr. 366 (JSR), 2009 WL 812033, at *1–3 (S.D.N.Y. Mar. 24, 2009) (holding there was no waiver where there was "no suggestion of 'selective' or 'misleading' conduct") *and SEC v. Collector's Coffee Inc.*, 338 F.R.D. 309, 317 (S.D.N.Y. 2021) (concluding no waiver where the only prejudice to defendant was inability to acquire impeachment evidence regarding instances in which the witness lied to her attorneys), the inconsistent and selective redaction by Nikola of numerous purportedly privileged communications strongly suggests misleading conduct that is highly prejudicial to Mr. Milton.  Memorandum to Allow Testimony at 4–6.  Just as in *Dougherty*, upon which Nikola also relies in its Memorandum To Intervene and for Protective Order, the Undisclosed Communications are "central" to Mr. Milton's defense and "[a] failure to

make this material available to [defendant] would unfairly result in a 'selective and misleading presentation of evidence to the disadvantage of the [defendant].'"  2020 WL 7021688, at *3–4 (holding that "voluntary disclosure of these drafts, along with its statement to the FDA that they were drafted on the advice of counsel, operates as a waiver of attorney-client privilege").  The remaining cases cited by Nikola are likewise inapposite.[2]  *See, e.g.*, Memorandum To Intervene and for Protective Order at 8–9.

### B.    Nikola Waived Privilege Through Its Prior and Subsequent Disclosures.

As more fully explained in Mr. Milton's Memorandum To Allow Testimony, Nikola also has waived privilege over the Undisclosed Communications through intentional disclosures both prior and subsequent to the Stipulation.  *See* Memorandum To Allow Testimony at 8.  Nikola's assertions to the contrary are both misleading and disingenuous.  *Compare* Memorandum To Intervene and for Protective Order at 11 (arguing that mere discussion of the "review and approval process of Mr. Milton's public statements" during proffer sessions does not result in a privilege waiver) *with* Memorandum To Allow Testimony at 8 n.8 (referencing specific instances in the notes from the witness proffers where Nicole Rose and Elizabeth Fretheim discussed communications between each of them and General Counsel Worthen regarding Mr. Milton's statements).  Despite Nikola's contention that Mr. Milton "never knew about the advice at issue," Memorandum To Intervene and for Protective Order at 7, Nicole Rose, Nikola's

---

[2] Unlike *United States v. Alessa*, No. 3:19 Cr. 10, 2021 WL 4498638, at *4 (D. Nev. Sept. 30, 2021), Mr. Milton was explicitly aware of the Undisclosed Communications.  Bondi Decl., Exhibit R at 7.  Unlike *Leviton Mfg. Co., Inc. v. Greenberg Traurig LLP*, No. 09 Civ. 8083 (GBD) (THK), 2010 WL 4983183, at *4 (S.D.N.Y. Dec. 6, 2010), and *Neogenix Oncology, Inc. v. Gordon*, No. 14 Civ. 4427, 2015 WL 13735953, at *13 (E.D.N.Y. July 31, 2015), which are both civil actions, Mr. Milton cannot establish the full extent of General Counsel Worthen's review and approval—which would negate a finding that Mr. Milton had the requisite *mens rea*—without examining either General Counsel Worthen or individuals other than Mr. Milton about General Counsel Worthen's communications with those individuals regarding Mr. Milton's statements.  There is no available documentation or testimony of the Undisclosed Communications other that which Nikola contends is protected by privilege.

Director of PR and Corporate Communications, explicitly stated during a proffer session that she "let [Mr. Milton] know they were good" after General Counsel Worthen "address[ed] her concerns."  Memorandum To Allow Testimony at 5 n.5.

The party asserting the attorney-client privilege bears the burden of establishing that the privilege applies.  *See United States v. Mount Sinai Hosp.*, 185 F. Supp. 3d 383, 391 (S.D.N.Y. 2016).  Nikola has failed to meet this burden, and the Court should deny the Motion To Intervene and for Protective Order.

## IV. THE COURT ALSO SHOULD DENY NIKOLA'S MOTION TO INTERVENE AND FOR PROTECTIVE ORDER TO PROTECT MR. MILTON'S CONSTITUTIONAL RIGHTS UNDER THE FIFTH AND SIXTH AMENDMENTS.

Even if the Court does not find a subject matter waiver over General Counsel Worthen's legal advice regarding Mr. Milton's statements, the Court should deny Nikola's Motion To Intervene and for Protective Order to protect Mr. Milton's constitutional rights under the Fifth and Sixth Amendments "to present a defense."  Memorandum To Allow Testimony at 9–12; *see also United States v. Almonte*, 956 F.2d 27, 30 (2d Cir. 1992) (citing *Rosario v. Kuhlman*, 839 F.2d 918, 924 (2d Cir.1988)); *United States v. Weisberg*, No. 08 Cr. 347, 2011 WL 1327689, at *4 (E.D.N.Y. Apr. 5, 2011) ("In certain cases, a criminal defendant's constitutional right to present a defense may outweigh a third party's right to assert privilege."); *Morales v. Portuondo*, 154 F. Supp. 2d 706, 730 (S.D.N.Y. 2001) (allowing the admission of evidence protected by the attorney-client privilege in a habeas corpus proceeding because "its exclusion would render his trial fundamentally unfair").[3]  Nikola's argument that Mr. Milton does not satisfy the *W.R. Grace* standard—for instance, that "the information he seeks is unnecessary and irrelevant to his

---

[3] Nikola relies on *United States v. Wells Fargo Bank, N.A.*, 132 F. Supp. 3d 558 (S.D.N.Y. 2015), but that court explicitly limited its reasoning to the context of *civil* litigation.  *Id*. at 565 ("By contrast, this case is civil, and the Sixth Amendment—which is limited, by its terms to 'criminal prosecutions'—does not apply.").

defense[,]" Memorandum To Intervene and for Protective Order at 12—strains credulity.[4]  The mere fact that the government questioned Ms. Rose, for example, about the Undisclosed Communications demonstrates the relevance to Mr. Milton's defense.  Memorandum to Allow Testimony at 5 n.5.  Further, the fact Mr. Milton does not have any documentation of the Undisclosed Communications in his possession, *id.* at 4–7, makes his need for this testimony more compelling, not less.  With his liberty at stake, Mr. Milton has the right to present a complete and robust defense rather than one compromised by Nikola's artificial and self-serving assertion of the attorney-client privilege to hide critical testimony.

## **CONCLUSION**

For the reasons set forth above, Mr. Milton respectfully requests that the Court deny Nikola's Motion To Intervene and for Protective Order and allow testimony concerning General Counsel Worthen's communications related to any statement allegedly made by Mr. Milton.

---

[4] Any assertion that evidence regarding General Counsel Worthen's communications to other Nikola personnel concerning Mr. Milton's or Nikola's public statements is either unnecessary or irrelevant to a defense that Mr. Milton was not the "maker" of such statements under *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135 (2011) or was the "disseminator" of the statements under *Lorenzo v. SEC*, 139 S. Ct. 1094 (2019) is simply wrong.  Motion to Intervene and for Protective Order at 8–9.  Evidence does not need to prove a particular defense conclusively in order to be sufficiently important to warrant its admission in support of that defense.  *United States v. Klock*, 210 F.2d 217, 221 (2d Cir. 1954) (finding error where the trial court excluded "evidence tending to show" support of defendant's "authorization" defense).  Further, the fact that *Janus* involved a private action, does not mean that its conclusion—that "[f]or purposes of Rule 10b-5, the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it"—is inapplicable to criminal prosecutions.  564 U.S. at 142.  Neither the Supreme Court nor the Second Circuit has addressed either *Lorenzo*'s or *Janus*'s applicability to criminal matters.  *See, e.g.*, *Prousalis v. United States*, No. 03 Cr. 1509 (DLC), 2016 WL 4991680, at *2 (S.D.N.Y. Sept. 19, 2016) (leaving open the possibility that *Janus* has some application in criminal prosecutions for securities fraud and recognizing that the issue had yet to be addressed by the Second Circuit).

Dated:  July 25, 2022                                        Respectfully submitted,


                                                            _____/s/ Bradley J. Bondi____
                                                            Bradley J. Bondi
                                                            CAHILL GORDON & REINDEL LLP
                                                            1990 K Street NW, Suite 950
                                                            Washington, DC 20006
                                                            (202) 862-8910
                                                            bbondi@cahill.com

                                                            Marc L. Mukasey
                                                            MUKASEY FRENCHMAN LLP
                                                            570 Lexington Avenue, Suite 3500
                                                            New York, NY 1002
                                                            (212) 466-6400
                                                            Marc.Mukasey@mfsllp.com

                                                            *Counsel for Trevor Milton*