**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:21-CR-00478-ER |
| v. | **ECF Case** |
| TREVOR MILTON, | |
| Defendant. | |

**MEMORANDUM OF LAW IN REPLY TO TREVOR MILTON'S OPPOSITION TO THIRD-PARTY MOVANT NIKOLA CORPORATION'S MOTION TO INTERVENE AND FOR A PROTECTIVE ORDER**

Jacquelyn M. Kasulis
Robert W. Allen, P.C.
KIRKLAND & ELLIS, LLP
601 Lexington Avenue
New York, NY 10022
Telephone: +1 212 446 4800
Facsimile: +1 212 446 4900

*Attorneys for Nikola Corporation*

## TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT ...................................................................................................1

DISCUSSION ..............................................................................................................................1

I.      THE COURT SHOULD ALLOW NIKOLA TO INTERVENE IN THIS CASE
FOR PURPOSES OF PROTECTING ITS PRIVILEGE ....................................................1

II.     THERE IS GOOD CAUSE FOR A PROTECTIVE ORDER ............................................2

        A.      Invading Nikola's Privilege Constitutes a Cognizable Injury. ...................3
        B.      The Court Should Not Find a Broader Subject Matter Waiver. ..................4
        C.      Nikola Has Not Already Waived Privilege Over the Undisclosed
               Communications. ......................................................................................7
        D.      The Communications at Issue Do Not Implicate Milton's Right to
               Present a Defense. .....................................................................................7

CONCLUSION .............................................................................................................................8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*DatabaseUSA.com, LLC v. Van Gilder*,
  2019 WL 6255084 (D. Neb. Nov. 22, 2019) ............................................................6

*Freedman v. Weatherford Int'l Ltd.*,
  2014 WL 3767034 (S.D.N.Y. July 25, 2014) ...........................................................4

*Janus Capital Group, Inc. v. First Derivative Traders*,
  564 U.S. 135 (2011) ...................................................................................................4

*Leviton Mfg. Co., Inc. v. Greenberg Traurig LLP*,
  2010 WL 4983183 (S.D.N.Y. Dec. 6, 2010) ............................................................5

*Lorenzo v. SEC*,
  139 S. Ct. 1094 (2019) ...............................................................................................4

*Neogenix Oncology, Inc. v. Gordon*,
  2015 WL 13735953 (E.D.N.Y. July 31, 2015) .........................................................5

*Prudential Def. Sols., Inc. v. Graham*,
  517 F. Supp. 3d 696 (E.D. Mich. 2021) ....................................................................6

*SEC v. Collector's Coffee Inc.*,
  338 F.R.D. 309 (S.D.N.Y. 2021) ...............................................................................5

*United States v. Am. Tel. & Tel. Co.*,
  642 F.2d 1285 (D.C. Cir. 1980) ................................................................................3

*United States v. Aref*,
  533 F.3d 72 (2d Cir. 2008) .....................................................................................1, 2

*United States v. Bergonzi*,
  216 F.R.D. 487 (N.D. Cal. 2003) ..............................................................................3

*United States v. Crawford Enters., Inc.*,
  735 F.2d 174 (5th Cir. 1984) .....................................................................................3

*United States v. Martoma*,
  962 F. Supp. 2d 602 (S.D.N.Y. 2013)....................................................................2, 3

*United States v. Martoma*,
  No. 12-cr-973 (PGG) .................................................................................................2

*United States v. Treacy*,
   2009 WL 812033 (S.D.N.Y. Mar. 24, 2009) ..............................................................5

*United States v. W.R. Grace*,
   439 F. Supp. 2d 1125 (D. Mont. 2006) ....................................................................7

*In re von Bulow*,
   828 F.2d 94 (2d Cir. 1987) .......................................................................................5

**Rules**

Fed. R. Evid. 502 ..............................................................................................4, 5, 6

Third-party movant Nikola Corporation ("Nikola" or the "Company") respectfully submits this reply to Defendant Trevor Milton's ("Milton's") opposition to Nikola's motion to intervene and for a protective order (Dkt. 158) (the "Opp'n").

## PRELIMINARY STATEMENT

Milton tried to persuade the Government not to charge him by asserting an advice of counsel defense but apparently claimed that he could not share the evidentiary support—ironically using Nikola's privilege as both a sword and a shield. The Government accordingly asked Nikola to agree to a limited privilege waiver so it could evaluate Milton's alleged advice of counsel defense, and Nikola agreed. Milton now seeks to expand this waiver to include testimony that concededly is *not* relevant to an advice of counsel defense—testimony about advice Nikola's general counsel provided to *other* employees. Despite raising a host of meritless arguments that Nikola should not be allowed to intervene in this matter, however, Milton's opposition brief never answers, or even meaningfully addresses, the fundamental question of how or why the testimony he seeks to elicit would be relevant to his defense. There is no reason to think it would be: Milton simply cannot defend his conduct by reference to legal advice provided to *other Nikola employees that he never saw or heard*. This Court should prohibit Milton from knowingly eliciting privileged testimony and grant Nikola's requested protective order.

## DISCUSSION

## I.   THE COURT SHOULD ALLOW NIKOLA TO INTERVENE IN THIS CASE FOR PURPOSES OF PROTECTING ITS PRIVILEGE

Milton's first and lead argument in his opposition brief is that Nikola's motion should be denied because there is no right to intervene under the Federal Rules of Criminal Procedure. (*See* Opp'n at 1.) This argument has no merit. Milton relies on a Second Circuit case, *United States v. Aref*, 533 F.3d 72 (2d Cir. 2008), which, indeed, says that "[t]he Federal Rules of Criminal

Procedure make no reference to a motion to intervene in a criminal case." *Id.* at 81.  But *the very next sentence* in that case says that motions to intervene in criminal cases are nonetheless "*common in this Circuit*," and the decision proceeds to explain that "[f]ederal courts have authority to 'formulate procedural rules not specifically required by the Constitution or the Congress' to 'implement a remedy for violation of recognized rights.'" *Id.* (emphasis added).  And *Aref* is not the only case that undermines Milton's argument: numerous courts have permitted parties in Nikola's position to intervene for the purpose of preventing the disclosure of privileged information.  In *United States v. Martoma*, for example, another court in this Circuit held that "it is *settled law* that persons affected by the disclosure of allegedly privileged materials may intervene in pending criminal proceedings and seek protective orders."  962 F. Supp. 2d 602, 605 (S.D.N.Y. 2013) (emphasis added).  Notably, the intervention motion in *Martoma* was submitted *by Milton's trial counsel.  See* Mem. of Law in Supp. of Mot. to Intervene and for a Protective Order (Dkt. 47), *United States v. Martoma*, No. 12-cr-973 (PGG).  Under these circumstances, it is difficult to understand how Milton can argue that there is "no right to intervene in a criminal matter" without acknowledging the overwhelming contrary authority.[1]

## II.     THERE IS GOOD CAUSE FOR A PROTECTIVE ORDER

Milton next argues that Nikola has not established good cause for a protective order for several reasons: (1) that Nikola has not demonstrated a "defined, specific and serious injury;" (2) that Nikola has waived its privilege already; (3) that Nikola has *already* waived privilege over the communications Milton wants; and (4) that, even absent waiver, Milton's constitutional right to

---

[1]     It is notable that Milton does not cite a single case, in this Circuit or elsewhere, that has ever denied a motion to intervene under circumstances analogous to those here.

present a defense overcomes Nikola's privilege.  (Opp'n at 4-9).  Each of these arguments is meritless for reasons explained in Nikola's opening brief.  (*See* Dkt. 139 at 5-12.)

### A.    Invading Nikola's Privilege Constitutes a Cognizable Injury.

To begin, Milton argues that Nikola has not "demonstrated a clearly defined, specific and serious injury with particular facts" and accordingly does not deserve a protective order.  (Opp'n at 3.)  The basis for this argument is not clear.  At one point, Milton appears to argue that Nikola cannot make this showing because it has not produced a privilege log.  (*See id.* at 4 (arguing that "Nikola [] has failed to provide a privilege log.").)  But this makes no sense whatsoever since Milton is not—in this motion at least—trying to compel the production of privileged documents. He is asking for permission to *elicit testimony* at trial from Nikola's general counsel on privileged subjects.  (*See* Dkt. 115 at 1 (describing requested relief).)  Nikola obviously cannot produce a privilege log for testimony that Milton wants to but has not yet elicited.

Taking a broader tack, Milton also appears to argue the Nikola cannot show harm because it "has not asserted any harm other than [that] '[Mr. Milton's] request implicates Nikola's privilege.'"  (Opp'n at 3 (citing Dkt. 139 at 4).).  This claim is even more puzzling, since the violation of an attorney-client or work product privilege plainly constitutes a legally cognizable harm.  *See, e.g.*, *Martoma*, 962 F. Supp. 2d at 605-06 (finding that a "reasonable assertion of privilege" was sufficient cause for protective order); *see also United States v. Crawford Enters., Inc.*, 735 F.2d 174, 176 (5th Cir. 1984) ("[P]ersons or corporations which are adversely affected by the disclosure of privileged material have the right to intervene, assuming standing, in pending criminal proceedings"); *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1292 (D.C. Cir. 1980) ("Without the right to intervene in discovery proceedings, a third party with a claim of privilege . . . could suffer the obvious injustice of having his claim erased or impaired by the court's adjudication without ever being heard") (internal citations omitted); *United States v. Bergonzi*, 216 F.R.D. 487,

492 (N.D. Cal. 2003) ("Third parties may intervene in a criminal trial to challenge the production of subpoenaed documents on the ground of privilege.").

**B.      The Court Should Not Find a Broader Subject Matter Waiver.**

Milton next argues that the Court should deny Nikola's motion because "Nikola waived privilege over the subject matter of Mr. Milton's public statements." (Opp'n at 4 (capitalization altered).) Of course, Nikola did not actually waive privilege over the communications Milton seeks. What Milton actually argues is that Nikola's limited waiver should be expanded by the Court to encompass not just the material over which Nikola intended to waive (communications with Milton about Milton's public statements) but also the communications that Milton now wants—that is, communications with *other employees* about Milton's statements that Milton never knew about. There is no basis to forcibly expand Nikola's waiver in this manner.

Surprisingly, Milton never even appears to address the primary reason why Nikola argues that this Court should not take the "unusual" and "limited" step that Milton seeks, Advisory Comm. Notes to F.R.E. 502, which courts have found appropriate only in "the rare case," *Freedman v. Weatherford Int'l Ltd.*, 2014 WL 3767034, at *3 (S.D.N.Y. July 25, 2014). That reason is that the communications Milton seeks are flatly irrelevant to any realistic defense he might seek to advance at trial. Milton is asking for advice that Worthen *gave to other employees*, that was *never conveyed to him*, and that he *never learned about*. This type of evidence obviously cannot be used to establish that Milton acted in good faith or upon the advice of counsel.

The closest that Milton comes to providing a reason why the undisclosed communications might be relevant to his trial is a footnote on the last page of his brief, in which he argues that the evidence could be relevant to "maker" and "disseminator" defenses under *Janus Capital Group,, Inc. v. First Derivative Traders*, 564 U.S. 135 (2011) and *Lorenzo v. SEC*, 139 S. Ct. 1094 (2019), respectively. But these arguments are not remotely meritorious for the reasons Nikola explains in

its motion, which Milton declines to address.  (*See* Nikola Mot., Dkt. 139 at 8-9.)  And even if there were some ambiguity or doubt as to the applicability of those cases, or the relevance of the evidence Milton seeks to elicit to defenses allowed by those cases, that is not enough to forcibly waive a privilege.  "Simply because those communications might be useful . . . does not mean that the attorney-client privilege has been impliedly waived."  *Leviton Mfg. Co., Inc. v. Greenberg Traurig LLP*, 2010 WL 4983183, at *6 (S.D.N.Y. Dec. 6, 2010).  Waiver is only appropriate when the evidence at issue is "indispensable" to a defense, which Milton never argues here.  *Neogenix Oncology, Inc. v. Gordon*, 2015 WL 13735953, at *12 (E.D.N.Y. July 31, 2015).

Separate and apart from the fact that the testimony Milton wants to elicit at trial is not relevant, let alone "indispensable" to his defenses, Milton does not present any arguments as to how Nikola is using the waiver as both a sword and a shield.  Rule 502's allowance for an expansion of a waiver was meant "to prevent prejudice to a party and distortion of the judicial process that may be caused by the privilege-holder's selective disclosure during litigation of otherwise privileged information."  *In re von Bulow*, 828 F.2d 94, 101 (2d Cir. 1987).  But Milton never explains why the fact-finding process is being distorted to his detriment in this case, or how Nikola is somehow trying to subvert his defense (let alone why it would try to do so).  Indeed, Nikola is not a party to this litigation, meaning that the "sword and shield" concern is "not implicated."  *United States v. Treacy*, 2009 WL 812033, at *2 (S.D.N.Y. Mar. 24, 2009); *see also SEC v. Collector's Coffee Inc.*, 338 F.R.D. 309, 323 (S.D.N.Y. 2021) (declining to find waiver because "Holt has not herself tried to use the privilege as a sword inasmuch as she seeks no relief in this litigation *as she is not even a party*") (emphasis added).

In response, Milton insinuates that Nikola must be adverse to him because it "waived privilege pursuant to the Stipulation *only after* having received subpoenas" from the DOJ and SEC.

(Opp'n at 6 (emphasis in original).)  It is true as a factual matter that the subpoenas in this case preceded the Stipulation, but that chronology is irrelevant.  The timing of the subpoenas does not explain how or why Nikola would have distorted the record in an intentional effort to prejudice Milton in his trial.  The reality is that Nikola did not itself propose or seek the waiver at all.  It was asked to waive by the Government so that the Government could evaluate whether Milton had an advice of counsel defense, which Milton's lawyers had argued in an unsuccessful effort to dissuade the Government from charging.  (*See* Dkt. 116-4, at 1 (letter from DOJ to Nikola seeking waiver).) Nikola, moreover, did not change the scope of the requested waiver in any meaningful sense; as explained in its opening motion, Nikola agreed to what the DOJ and SEC requested.  (*See* Nikola Mot., Dkt. 139 at 2-3).  This is plainly not a situation in which Nikola "intentionally put[] protected information into the litigation in a selective, misleading and unfair manner" to secure some kind of advantage against Milton.  Advisory Comm. Notes to F.R.E. 502(a).

Milton similarly faults Nikola for "inconsistent and selective redaction . . . of numerous purportedly privileged communications."  (Opp'n at 7-8.)  This *ad hominem*, however, barely merits response.  Milton has not actually pointed to a redaction that is inappropriate, and Nikola obviously has the right to redact privileged statements that are not subject to its waiver.

At bottom, Milton has offered no basis whatsoever for this Court to find that Nikola has attempted to waive privilege in an unfair manner that would somehow operate as both a sword and a shield.  Nikola's motion should be granted for this reason alone.[2]

---

[2]   The Court need not reach whether the subject matter is the same.  But the subject matter, which must be construed narrowly, is different:  one is advice given to Milton, and one is advice given to other employees at Nikola.  *See Prudential Def. Sols., Inc. v. Graham*, 517 F. Supp. 3d 696, 703 (E.D. Mich. 2021); *DatabaseUSA.com, LLC v. Van Gilder*, 2019 WL 6255084, at *2 (D. Neb. Nov. 22, 2019).

### C.   Nikola Has Not Already Waived Privilege Over the Undisclosed Communications.

Milton next claims that Nikola has already waived privilege over the specific communications he seeks.  (Opp'n at 8.)  But Milton again offers no support or basis for this supposed waiver other than name-calling.  (*See id.* (calling arguments "disingenuous" and "misleading" but still failing to adduce any evidence whatsoever of the alleged "intentional disclosures both prior and subsequent to the Stipulation")).  Milton again points to proffer statements by an employee that relate to the "review and approval process" for press releases and other types of public communications (*id.*), but that is a red herring.  The existence or non-existence of a "review and approval process" at a company is just a fact; it is not privileged, and, as a result, allowing an employee to speak about such a process in a meeting with the Government cannot waive privilege.  While legal advice provided during such a process might be privileged, Milton offers nothing to suggest that Nikola employees disclosed actual *legal advice* as opposed to information about general processes during their proffers.  They did not.

### D.   The Communications at Issue Do Not Implicate Milton's Right to Present a Defense.

Finally, Milton claims in a paragraph at the end of his brief that he has a constitutional right to ask questions that call for the privileged information at issue.  But he does not explain what the relevant constitutional standard even is, and, as discussed in Nikola's opening brief, multiple courts have called into question the primary case on which he relies.  (*See* Nikola Mot., Dkt 139, at 12-13 (noting criticism of *United States v. W.R. Grace*, 439 F. Supp. 2d 1125 (D. Mont. 2006) in this District).)  But whatever the standard, this case cannot satisfy it for the reasons Nikola has already discussed.  Milton is already able to elicit testimony regarding legal advice he personally received.  Testimony about advice he *did not* receive simply cannot rise to the level of necessity that its omission would cause a constitutional due process violation.

Rather than explain how the testimony at issue is so critical to his defense that the Constitution would be violated were he unable to elicit it at trial, Milton simply claims that "the [] fact that the government questioned Ms. Rose [a Nikola employee] . . . about the Undisclosed Communications demonstrates the relevance to Mr. Milton's defense." (Opp'n at 10.)  The problem with this argument is that the Government *did not actually question Ms. Rose, or anyone else, about the communications Milton seeks*, and Milton offers nothing other than conclusory and misleading assertions to think otherwise.  The Government asked Rose and others about review processes for press releases and other public communications, and Milton can ask witnesses about those processes too.  It is far different to ask a witness about a review process, which is not privileged, than it is to ask about substantive legal advice provided during the course of that review. And in any event, the Government conducted dozens of proffers in this case, some of which lasted multiple days; the fact that a question was asked during these interviews does not automatically make it "relevan[t] to [his] defense," as Milton implies.  (*Id.*)

In the absence of any explanation as to how the "Undisclosed Communications" that Milton seeks are relevant to his defense, this Court should not make new law in this Circuit and find a constitutionally based requirement that Nikola's privilege be waived.  (*See* Nikola Mot., Dkt. 139 at 12-14.)  Indeed, it is hard to imagine how any corporate privilege could survive if the showing Milton has provided is enough to trigger an overarching constitutional interest.

## CONCLUSION

For the aforementioned reasons, the Court should grant Nikola's motion to intervene and issue a protective order prohibiting Milton from examining Worthen and other witnesses as to the privileged communications at issue in Milton's motion.

DATED:  August 1, 2022

/s/ Robert W. Allen, P.C.

Jacquelyn M. Kasulis
Robert W. Allen, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: +1 212 446 4800
Facsimile: +1 212 446 4900

*Attorneys for Nikola Corporation*