

570 Lexington Avenue, Suite 3500
New York, NY 10022

Kenneth A. Caruso
Special Counsel
212-466-6401
ken.caruso@mfsllp.com

August 11, 2022

**VIA ECF**
The Honorable Edgardo Ramos
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Trevor Milton* **(1:21-cr-00478-ER)**

Dear Judge Ramos:

      We represent the defendant, Trevor Milton.  We write to invoke this Court's power, under Rule 26.2(c), F. R. Crim. P., to "inspect" certain materials *in camera*, and to make rulings on the question whether those materials constitute, in whole or in part, a "statement" of a witness that the defense must produce to the government.  As the Second Circuit has held: "When it is doubtful whether [certain materials] are subject to discovery [under Rule 26.2], the [party] should submit them to the trial court for an *in camera* determination[.]"  *United States v. Scotti*, 47 F.3d 1237, 1249 (2d Cir. 1995).

      *      \*      \*

      Mr. Milton has provided the government with a list of witnesses whom Mr. Milton reasonably expects to call in this case.  That list includes Dane Davis, formerly employed as the Chief Technology Officer at Nikola.  On two occasions in 2022, certain of Mr. Milton's counsel met with Davis.  Counsel did not take notes during those meetings.  Mr. Milton now submits, in camera, two attorney memoranda, each of which (a) was written by counsel after the meeting, (b) runs to three pages, and (c) reflects in part the mental impressions of counsel regarding those meetings.  For convenience, we refer to each document as a "Memorandum."

      \*      \*      \*

      Rule 26.2(a), as pertinent here, requires the defense "to produce" to the government "any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony."  Rule 26.2(c), however, empowers the Court, at the defendant's request, to "inspect the statement in camera."  The Court may then "excis[e]" the statement and order production of "the redacted statement."

The Honorable Edgardo Ramos
August 11, 2022
Page 2

Rule 26(f)(2), in turn, defines a "statement" as "a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of any recording[.]"  Materials "would be considered a substantially verbatim recital of the witness's statement if they 'could fairly be deemed to reflect fully and without distortion what had been said'" to the defendant's counsel.  *Scotti*, 47 F.3d at 1249, quoting *Palermo v. United States*, 360 U.S. 343, 352 (1959).  "Distortion can be a product of selectivity as well as the conscious or inadvertent infusion of the recorder's opinions or impressions."  *Id*. at 352.  A leading treatise continues: "There is no 'work-product' exception to Rule 26.2.  A 'statement,' as defined in Rule 26(f), is not immune from production because it was prepared by a lawyer.  But a lawyer's recording of his mental impressions, personal beliefs, trial strategy and legal conclusions would not constitute a statement of the witness."  Wright & Miller, *Federal Practice and Procedure* § 457 (2022) ("Wright & Miller").

Here, the Court should inspect each Memorandum *in camera* and should conclude, with respect to each, as follows: The Memorandum does not constitute a "statement" of Davis, within the meaning of Rule 26.2(f), because the Memorandum does not contain "a substantially verbatim, contemporaneously recorded recital of [Davis'] oral statement[.]"  Rather, the Memorandum contains mere "summaries . . . of an oral statement [by Davis] that evidence a substantial selection of material [by counsel], [and that] were prepared after the [meeting] without the aid of complete notes and hence rest on the memor[ies]" of counsel.  Wright & Miller § 457, citing *Palermo*, 360 U.S. 352-53, and other cases.  Rule 26.2 "does not encompass" such summaries, *id*., and they "are not to be produced."  *Palermo*, 360 U.S. at 353.

In the alternative, each Memorandum contains at least some mental impressions, personal beliefs, trial strategy and/or legal conclusions of the lawyers involved in the meeting.  To that extent, the Memorandum does not "constitute a statement of the witness."  Wright & Miller § 457.  The Court therefore should excise those portions.

 Respectfully submitted,

  /s/ Kenneth A. Caruso
 Kenneth A. Caruso

 *Counsel for Defendant*
 *Trevor Milton*

cc: Co-Counsel, Bradley J. Bondi (Cahill Gordon & Reindel LLP)
  Counsel of Record (via ECF)