

570 Lexington Avenue, Suite 3500
New York, NY 10022

Kenneth A. Caruso
Special Counsel
212-466-6401
Ken.caruso@mfsllp.com

August 18, 2022

**VIA ECF**
The Honorable Edgardo Ramos
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Trevor Milton* **(1:21-cr-00478-ER)**

Dear Judge Ramos:

    We represent the defendant, Trevor Milton.  We previously wrote to the Court, *see* ECF 161, invoking the Court's power, under Rule 26.2(c), F. R. Crim. P., to "inspect" certain materials *in camera*, and to make rulings on the question whether those materials constitute, in whole or in part, a "statement" of a witness that the defense must produce to the government.  We did so regarding the witness Dane Davis.  We now do the same regarding the witness Richard Boardman.

    \*    \*    \*

    On February 1, 2022, certain of Mr. Milton's counsel met with Boardman.  Counsel did not take notes during the meeting.  Mr. Milton now submits, *in camera*, an attorney memorandum, which (a) was written by counsel after the meeting, (b) runs to two pages, and (c) reflects in part the mental impressions of counsel regarding that meeting.  For convenience, we refer to this document as "Boardman Memorandum."  *We note, for the Court's convenience, that the Boardman Memorandum has a format identical to that of the Memoranda previously submitted in camera regarding witness Davis.*

    \*    \*    \*

    Our prior letter, ECF 161, set forth the applicable legal analysis, ECF 161, which we incorporate here by reference.  We respectfully submit that the same legal analysis applies to the Boardman Memorandum.

    We now ask the Court to inspect the Boardman Memorandum *in camera* and to conclude as follows: The Boardman Memorandum does not constitute a "statement" of Boardman, within

The Honorable Edgardo Ramos
August 18, 2022
Page 2

the meaning of Rule 26.2(f), because the Boardman Memorandum does not contain "a substantially verbatim, contemporaneously recorded recital of [Boardman's] oral statement[.]" Rather, the Boardman Memorandum contains mere "summaries . . . of an oral statement [by Boardman] that evidence a substantial selection of material [by counsel], [and that] were prepared after the [meeting] without the aid of complete notes and hence rest on the memor[ies]" of counsel.  Wright & Miller, *Federal Practice and Procedure* § 457 (2022) ("Wright & Miller"), citing *Palermo v. United States,* 360 U.S. 343, 352 (1959), and other cases.  Rule 26.2 "does not encompass" such summaries, Wright & Miller § 457, and they "are not to be produced."  *Palermo*, 360 U.S. at 353.

\*   \*   \*

For the foregoing reasons, we urge the Court to rule that the Boardman Memorandum does not constitute a "statement" of Boardman, within the meaning of Rule 26.2(f).  If, however, the Court disagrees, then, in the alternative, we ask the Court to rule that the Boardman Memorandum contains at least some mental impressions, personal beliefs, trial strategy and/or legal conclusions of the lawyers involved in the meeting.  To that extent, the Boardman Memorandum does not "constitute a statement of the witness."  Wright & Miller § 457.  The Court therefore should excise those portions.

\*   \*   \*

In addition to the Boardman Memorandum, we submit two related documents for *in camera* review.  One is an unredacted email; the other is an email chain, which we have already redacted to remove what constitutes, in our professional judgment, mental impressions, personal beliefs, trial strategy and/or legal conclusions of the lawyers involved in the meeting.  We now ask the Court to inspect these two documents and to reach the same conclusion that we urge above regarding the Boardman Memorandum.

                                                  Respectfully submitted,

                                                  /s/ Kenneth A. Caruso
                                                  Kenneth A. Caruso

                                                  *Counsel for Defendant Trevor Milton*

cc:    Co-Counsel, Bradley J. Bondi (Cahill Gordon & Reindel LLP)
        Counsel of Record (via ECF)