

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

September 13, 2022

**BY ECF**

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Trevor Milton,* **S1 21 Cr. 478 (ER)**

Dear Judge Ramos:

    The Government has marked as exhibits seven portions of an interview that the defendant did on the podcast Tesla Charts on July 17, 2020. *See* GX 422-A to GX 422-G. The Government intends to play portions of that interview with one of its witnesses tomorrow. The Government writes to object to the admission of the full Tesla Charts podcast, which is marked as a defense exhibit. In total, the interview is one hour and thirty-nine minutes in length. The transcript of the recording is 108 pages. Much of the podcast has no relevance to Nikola Corporation whatsoever, but rather, concerns the defendant's family upbringing, his mother's death, and other information designed to elicit sympathy from the jury. These portions of the podcast should be precluded.

    The Government has attached the full transcript of the Tesla Charts podcast as Exhibit 1. In the transcript, the Government has highlighted its designations in yellow. Highlighted in blue are portions of the podcast that the Government submits are not admissible under any theory. In particular:

- Tr. 3:9-8:17 – These excerpts concern the defendant's childhood, his mother's cancer, and his prior business ventures.
- Tr: 9:10-11:15 – These excerpts contain the defendant's personal beliefs about financial sustainability and information on his family's conservatism on finance.
- Tr: 75:12-77:17 – These excerpts reference the death of the defendant's mother from cancer and his views on women.
- Tr: 81:4-82:15 – These excerpts contain false exculpatory statements that Nikola is not the next "WeWork" and has "no fundamental problems."

Such statements are not admissible to show the "total mix of information" or for rule of completeness purposes. Rather, they are a patent effort to elicit juror sympathy and should be precluded. *See, e.g., United States v. Paccione*, 949 F.2d 1183, 1201 (2d Cir. 1991) (affirming preclusion of evidence that defendant had son with cerebral palsy whom defendant had devoted his life to care for); *United States v. Battaglia*, No. S9 05 Cr. 774, 2008 WL 144826, at *3 (S.D.N.Y. Jan. 15, 2008) (precluding "evidence of Defendant's family and personal status" as not "relevant to the issue of whether Defendant committed the crimes charged"); *United States v. Harris*, 491 F.3d 440, 447 (D.C. Cir. 2007) (affirming preclusion of evidence designed "mainly to cast [the defendant] in the sympathetic light of a dedicated family man").

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney for the
        Southern District of New York

By:   s/
        Jordan Estes
        Matthew Podolsky
        Nicolas Roos
        Assistant United States Attorneys
        (212) 637-2543/1947/2421

cc:    Counsel of Record (by ECF)