

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

September 18, 2022

**BY ECF**

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: *United States v. Trevor Milton,* **S1 21 Cr. 478 (ER)**

Dear Judge Ramos:

  The Government writes regarding the admissibility of Government Exhibits 701, 703, 704, and 705—all newspaper and news website articles—and in opposition to the defendant's September 18, 2022, motion to preclude these exhibits (*see* Dkt. 176). The exhibits in question are not inadmissible hearsay. They contain statements attributable to the defendant and are admissible under Federal Rule of Evidence 801(d)(2)(B) as adoptive admissions of a party opponent.

  Under Rule 801(d)(2)(B), a statement offered for its truth is not hearsay when it "is offered against an opposing party and … is one the party manifested that it adopted or believed to be true." Fed. R. Evid. 801(d)(2)(B); *see also United States v. Stafford*, 422 F. App'x 63, 65 (2d Cir. 2011) (summary order); *Schering Corp. v. Pfizer Inc*., 189 F.3d 218, 238 (2d Cir. 1999) (Sotomayor, J.). "When a statement is offered as an adoptive admission, the proponent must show that the party against whom the statement is offered adopted or acquiesced to the statement." *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003) (quoting Fed. R. Evid. 801(d)(2)(B), advisory comm. notes). "Adoption or acquiescence may be manifested in any appropriate manner," and the admissibility of such evidence is afforded "generous treatment." *Stafford*, 422 F. App'x at 65 (quoting Fed. R. Evid 801(d)(2)(B) advisory committee's note); *In re: Gen. Motors LLC*, No. 14 Md. 2543 (JMF), 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015) (same). "Given the theory of admission—that, by adopting the statement, the party has, in essence, made the statement its own—an adoptive admission may be admissible against a party even if it contains a second level of hearsay." *In re: Gen. Motors LLC*, 2015 WL 8578945, at *2; *see also* Fed. R. Evid. 805 ("Hearsay within hearsay is not excluded . . . if each part of the combined statements conforms with an exception to the rule.").

Adoption is evaluated by "examining the behavior of the party it is to be offered against," and the "adoption of another's statement can be manifest by any appropriate means, such as language, conduct, silence, use, or reliance. *Penguin Books U.S.A., Inc.*, 262 F. Supp. 2d at 258; *see also In re Mirena IUD Prod. Liab. Litig.*, 202 F. Supp. 3d 304, 321 (S.D.N.Y. 2016). Where, as here, the statement at issue is contained in a newspaper article, an adoptive admission may be found where a party "took no action to deny or correct" allegedly false statements in a newspaper article, *see In re Columbia Sec. Litig.*, 155 F.R.D. 466, 478 (S.D.N.Y. 1994), or where an organization disseminated materials after their publication, *see, e.g.*, *Alvord-Polk, Inc. v. F. Schumacher & Co.*, 37 F.3d 996, 1005 (3d Cir. 1994); *Wagstaff v. Protective Apparel Corporation of America, Inc.*, 760 F.2d 1074, 1078 (10th Cir. 1985). "Even if the document is not expressly 'vouched for' by the party, it must only be shown by implication that business was conducted in a fashion that the statement was adopted." *In re: Gen. Motors LLC,* 2015 WL 8578945, at *2 (quoting *Penguin Books U.S.A., Inc.,* 262 F. Supp. 2d at 259). The Government need not show that the defendant "manifested a belief in each and every statement in the document" for it to be admissible. *Id.* Ultimately any ambiguities and questions surrounding a party's actions and silences with regard to adoptive admissions should be for the jury to assess. *Id.* (citing *United States v. Tocco,* 135 F.3d 116, 129 (2d Cir. 1998)).

Here, each of the Government Exhibits to which the defendant has objected are adoptive admissions. Government Exhibit 701 is a June 18, 2020, article in *The Irish Times* that contains several quotes attributed to the defendant, including one in which the defendant falsely states that Nikola is producing hydrogen. Government Exhibit 703 is a June 25, 2020, interview with the defendant that was published by the *Observer* that contains a quote from the defendant in which he falsely states Nikola can "create hydrogen 24/7 through contracts with wind and solar farms." Government Exhibit 704 is a June 26, 2020, interview of the defendant by *Forbes*, which contains false statements about hydrogen. Government Exhibit 705 is a July 20, 2020, interview of the defendant by *CleanTechnica,* which contains false statements about the Badger pickup truck. The defendant agreed that these exhibits are authentic (*see* GX S-3 (a stipulation)), and his motion does not contest their relevance.

The defendant argues that while the defendant's statements are not hearsay because they are statements of a party opponent, the article itself is a second level of hearsay, and therefore inadmissible. Not so. Each of these articles was expressly adopted by the defendant or he took no action to deny or correct the articles, despite having a history of doing so with respect to other newspaper articles (such as the *Bloomberg* article, which prompted several tweets and litigation threats by the defendant). Government Exhibit 701, *The Irish Times* article, was posted to Nikola's social media pages according to a stipulation between the parties (*see* GX S-6), and therefore it is plainly an adoptive admission. Additionally, on July 30, 2020, an interested investor emailed Nikola's CFO Kim Brady about inaccurate statements in the *Observer* and *CleanTechnica* articles (GX 703 and 705). Rather than challenge the statements in the articles, the defendant told Brady not to communicate with the investor. (*See* GX 271.) And the *Forbes* article is also an adoptive admission because it cited to as a "top story" in Nikola's July 2020 monthly social media/traditional/events reporting, which was sent to the defendant. (*See* DX 1255.) In sum, with all four articles the defendant and his company disseminated and/or did not deny or correct the article, and therefore they are adoptive admissions.

The cases cited by the defendant do not hold otherwise. *Rivera v. Inc. Vill. of Farmingdale*, 29 F. Supp. 3d 121, 131 (E.D.N.Y. 2013), acknowledged that a quote by the defendant in an article could be hearsay, but also noted that "the double-hearsay problem is resolved by the fact that [the declarant] also 'adopted' the quotation, as repeated in the article, during his deposition." A deposition, of course, is not the only way a statement may be adopted, as *Rivera* makes clear in its citation to *Mandal v. City of N.Y.*, Nos. 02 Civ.1234 (WHP), 02 Civ. 1367 (WHP), 02 Civ. 6537 (WHP), 2006 WL 3405005, at *2 (S.D.N.Y. Nov. 26, 2006), which admitted the "portions of the [reporter's] Articles and Notes that contain direct quotations or attribute specific statements to individual Defendants or their agents," where nobody "directly denie[d] having made any of the statements attributed to them." The other cases cited by the defendant do not relate to admission of newspaper quotes as adoptive admissions and therefore do not compel a different conclusion.

Finally, even if the Court were to determine that Government Exhibits 701, 703, 704, and 705 contain inadmissible hearsay, the two articles cited in the email to the defendant from Brady (*see* GX 271) are admissible not for their truth but for the effect on the defendant. The Government will offer GX 271 to establish that the defendant understood he was making false statements, and thus admitting the statements he made in these articles, which are linked to in the email, are necessary to establish the defendant's awareness of the issue.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   s/
     Jordan Estes
     Matthew Podolsky
     Nicolas Roos
     Assistant United States Attorneys
     (212) 637-2543/1947/2421

cc:    Counsel of Record (by ECF)