

570 Lexington Avenue, Suite 3500
New York, NY 10022

Kenneth A. Caruso
Special Counsel
212-466-6401
Ken.caruso@mfsllp.com

September 21, 2022

**VIA ECF**
The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    United States v. Milton, 21-cr-478 (ER)

Dear Judge Ramos:

    We represent the defendant, Trevor Milton. We submit this letter in support of our objection to testimony, to be offered by the government, from individual "retail investors." For the reasons set forth below, the Court should exclude that testimony because the government has not laid the requisite foundation for it.

\*    \*    \*

    The government must prove materiality as an essential element of the crime charged in Count One. To prove that element, the government must prove "a substantial likelihood that a reasonable investor would find the [fact at issue] important in making an investment decision." *United States v. Litvak*, 889 F.3d 56, 64 (2d Cir. 2018) (quoting *United States v. Vilar*, 729 F.3d 62, 89 (2d Cir. 2013)). A fact is important "if there is 'a substantial likelihood that the . . . fact would have been viewed by the reasonable investor as having significantly altered the "total mix" of information available.'" *Id*. (quoting *Basic Inc. v. Levinson*, 485 U.S. 224, 231-32 (1988)). "[T]he materiality standard is an objective one and centers on the views of a hypothetical, reasonable investor in the market at issue." *Litvak*, 889 F.3d at 68.

    Here, the government's witnesses will give so-called "point-of-view" testimony. Under the applicable case law, the "individual views" of a purchaser or a seller may be relevant to the element of materiality. *Id*. at 69. The Court, however, must "polic[e]" the admission of such testimony, *United States v. Gramins*, 939 F.3d 429, 447 (2d Cir. 2019), to assure that the government has laid the requisite foundation. Such testimony may be relevant and admissible "but only so long as the testimony . . . is shown[]" -- by the government, of course -- "to be within the parameters of the thinking of reasonable investors in the particular market at issue. In other words, there must be evidence" -- introduced by the government, of course -- "of a nexus

The Hon. Edgardo Ramos
September 21, 2022
Page 2

between a particular trader's viewpoint and that of the mainstream thinking of investors in that market.  Materiality cannot be proven by the mistaken beliefs of the worst informed trader in a market."  *Litvak*, 885 F.3d at 65.  Evidence of an "idiosyncratic and unreasonable viewpoint is not . . . probative of the views" of the hypothetical reasonable investor. *Id*. at 69.

Here, of course, the defense does not yet know exactly what each witness will say on the stand.  Based on the 3500 material, however, the defense anticipates the following:

Some (or all) of the witnesses will testify that they did not read Nikola's SEC filings before investing.  For example, they will testify that they did not read the Prospectus, which the case law describes as "'the single most important document and perhaps the primary resource an investor should consult in seeking' information on an investment's risks[]"  *La Pietra v. RREEF Am., L.L.C.*, 738 F. Supp. 2d 432, 441 (S.D.N.Y. 2010) (quoting *Brown v. E.F. Hutton Grp., Inc.*, 991 F.2d 1020, 1032 (2d Cir. 1993)).

Some (or all) of the witnesses will testify that they did not read some (or all) of Nikola's press releases before investing.  The case law holds that "the investor is foolish who would ignore such releases."  *In re Ames Dep't Stores Inc. Stock Litig.*, 991 F.2d 953, 963 (2d Cir. 1993) ("The securities markets are highly sensitive to press releases and to information contained in all sorts of publicly released corporate documents, and the investor is foolish who would ignore such releases").

Some (or all) of the witnesses will testify that they listened to, viewed or read some social media postings, such as podcasts and interviews featuring Mr. Milton, before investing.  Most (if not all), however, will testify that they cannot identify any specific podcast or interview.

The Court should exclude such testimony because the government has introduced no foundational evidence "of a nexus between [the] particular trader[/witness]'s viewpoint and that of the mainstream thinking of investors in [the NASDAQ] market."  *Litvak*, 889 F.3d at 65.  That failure comes as no surprise given that "mainstream thinking[,]" to extent the Court can glean it from the case law, would not countenance an investment made in ignorance of Nikola's SEC filings and/or press releases.  *Id*.  The hypothetical reasonable investor does not "disregard the common knowledge of the market[.]"  *Litvak*, 889 F.3d at 69.

In any event, the government bears the burden of proving the foundation required by *Litvak*.  And here, the government has not proven "a nexus between [on the one hand] a particular [witness's] viewpoint and [on the other hand] that of the mainstream thinking of investors in [the NASDAQ] market." 889 F.3d at 65.  The government has introduced no evidence that mainstream thinking countenances a viewpoint that sees fit to buy stock on the basis of social media, without reading SEC filings and/or press releases.  The government has introduced no evidence that the viewpoint of such a buyer is not "idiosyncratic and unreasonable[.]"  889 F.3d at 69.  "Materiality[,]" an objective concept, "cannot be proven by the mistaken [subjective] beliefs of the worst informed trader in a market."  *Litvak*, 889 F.3d at 65.

\*     \*     \*

The Hon. Edgardo Ramos
September 21, 2022
Page 3

      Accordingly, for the foregoing reasons, the Court should exclude testimony from individual "retail investors." The government has not laid the requisite foundation for such testimony.

                                                      Respectfully submitted,

                                                     /s/ Kenneth A. Caruso
                                                     Kenneth A. Caruso

cc:      All counsel of record