UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TREVOR MILTON,<br><br>                Defendant. | No. 21-cr-478 (ER) |

**DEFENDANT'S PROPOSED SUPPLEMENTAL REQUESTS TO CHARGE**

    MUKASEY FRENCHMAN LLP
    570 Lexington Avenue, Suite 3500
    New York, NY 10022
    Tel: (212) 466-6400

    CAHILL GORDON & REINDEL LLP
    1990 K Street, NW, Suite 950
    Washington, DC 20006
    Tel: (202) 862-8910

    *Attorneys for Trevor Milton*

## TABLE OF CONTENTS

PROPOSED SUPPLEMETAL JURY INSTRUCTION NO. 1 TITLE 15 SECURITIES FRAUD; SCHEME LIABILITY ELEMENTS OF THE OFFENSE ............................................................. 1

PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 2 TITLE 15 SECURITIES FRAUD; SCHEME LIABILITY: FIRST ELEMENT – DECEPTIVE ACT ................................. 2

PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 3 TITLE 15 SECURITIES FRAUD; SCHEME LIABILTY: SECOND ELEMENT – IN FURTHERANCE OF SCHEME TO DEFRAUD ....................................................................................................................... 3

PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 4 TITLE 15 SECURITIES FRAUD; SCHEME LIABILITY: THIRD ELEMENT – MATERIALITY .................................... 4

PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 5 TITLE 15 SECURITIES FRAUD; SCHEME LIABILITY: FOURTH ELEMENT – IN CONNECTION WITH ................ 5

PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 6 TITLE 15 SECURITIES FRAUD; SCHEME LIABILITY: FIFTH ELEMENT – KNOWLEDGE, WILLFULNESS, AND INTENT TO DEFRAUD ............................................................................................................ 6

PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 7 TITLE 15 SECURITIES FRAUD; SCHEME LIABILITY: FIFTH ELEMENT – KNOWLEDGE, WILLFULNESS, AND INTENT TO DEFRAUD; GOOD FAITH DEFENSE ................................................................. 7

PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 8 TITLE 15 SECURITIES FRAUD; SCHEME LIABILITY: SIXTH ELEMENT – INTERSTATE COMMERCE ............... 8

PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 9 COUNT ONE: TITLE 15 SECURITIES FRAUD REQUIREMENT OF A UNANIMOUS VERDICT ................................. 9

# PROPOSED SUPPLEMETAL JURY INSTRUCTION NO. 1
# TITLE 15 SECURITIES FRAUD; SCHEME LIABILITY
# ELEMENTS OF THE OFFENSE

To carry its burden of proof with respect to the charge of securities fraud in Count One, based on allegations of a deceptive act in furtherance of a scheme to defraud, the government must prove beyond a reasonable doubt each of the following six essential elements:

First, that the defendant committed a deceptive act.

Second, that he committed the deceptive act in furtherance of a scheme to defraud.

Third, that the deceptive act would have been material to the hypothetical reasonable investor.

Fourth, that the deceptive act was committed in connection with the purchase or sale of Nikola stock.

Fifth, that the defendant acted knowingly, willfully, and with the intent to defraud investors.

Sixth, that the defendant knowingly used, or caused to be used, a means or an instrumentality of interstate commerce in furtherance of the alleged fraud.

I will now explain each element in more detail.

Authority: Adapted from *Plumber & Steamfitters Local 773 Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 105 (2d Cir. 2021).

**PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 2**
**TITLE 15 SECURITIES FRAUD; SCHEME LIABILITY: FIRST ELEMENT –**
**DECEPTIVE ACT**

The first element that the government must prove, beyond a reasonable doubt, is that the defendant committed a deceptive act.  To prove that element, the government must prove that the deceptive act consisted of something beyond, or more than, misrepresentations and omissions of material fact.  In other words, you cannot find Mr. Milton guilty based on a deceptive act if that act consisted solely or largely of misrepresentations or omissions of material fact.  A statement or a series of statements is not enough to establish a deceptive act.  Rather, the government must prove, beyond a reasonable doubt, that Mr. Milton committed an inherently deceptive act that was distinct from a misrepresentation or omission of material fact.

Authority: *SEC v. Rio Tinto PLC*, 41 F.4th 47, 49  (2d Cir. 2022) (holding that "an actionable scheme liability claim . . . requires something *beyond* misstatements and omissions[;]" also holding that *Lentell* (cited below) remains good law); *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 177-78 (2d Cir. 2005) (affirming dismissal "where the sole basis for [scheme liability] claims is the alleged misrepresentations or omissions[]"); *Schnell v. Conseco, Inc.*, 43 F. Supp. 2d 438, 447-48 (S.D.N.Y. 1999) (B. Parker, J.) (dismissing where the "allegations of misconduct by [the defendant] are largely based on misrepresentations and omissions[]") (cited with approval and quoted in *Lentell*, 396 F.3d at 177-78); *SEC v. Kelly*, 817 F. Supp. 2d 340, 344 (S.D.N.Y 2011) ("Scheme liability under subsections (a) and (c) . . . hinges on the performance of an inherently deceptive act that is distinct from an alleged misstatement[]"); *SEC v. Rio Tinto PLC*, 2019 WL 1244933, at *15 (S.D.N.Y. March 18, 2019) (same holding as *Kelly*), *aff'd on other grounds*, 41 F.4th 47 (2d Cir. 2022).

## PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 3
## TITLE 15 SECURITIES FRAUD; SCHEME LIABILTY: SECOND ELEMENT – IN FURTHERANCE OF SCHEME TO DEFRAUD

If you find that Mr. Milton committed a deceptive act, as I have defined that term, then you must consider the second element that the government must prove, beyond a reasonable doubt, which is that Mr. Milton did so in furtherance of a scheme to defraud.

A "scheme" is a plan for the accomplishment of an objective.

A "scheme to defraud" is a pattern or course of conduct concerning a material matter designed to deceive a person.

Authority:  Adapted from 3 Sand, Modern Jury Instructions -- Criminal ("Sand"), Instruction 57-21(2021) ("A device, scheme, or artifice to defraud is merely a plan for the accomplishment of any objective[]"); *United States v. Rigas,* 490 F.3d 208, 231 (2d Cir. 2007) (bank fraud case; "[t]he 'scheme to defraud' clause . . . requires that the defendant engage in . . . a pattern or course of conduct designed to deceive" victim)  As to materiality: Adapted from Sand, Instr. 44-10 (addressing bank fraud and stating that a scheme is a "pattern or course of conduct concerning a material matter designed to deceive" a bank); *see United States v. Coscia*, 866 F.3d 782, 798-99 (7th Cir. 2017) (reviewing materiality of scheme in prosecution under section 1348(1)); *United States v. LeBeau*, 949 F.3d 334, 341 (7th Cir. 2020) (referring to "materiality of falsehood" and requiring materiality instruction on bank fraud charge under section 1344(1) and (2); relying on *Neder* for proposition "that 'fraud' itself requires the element of materiality[]").

# PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 4
# TITLE 15 SECURITIES FRAUD; SCHEME LIABILITY: THIRD ELEMENT – MATERIALITY

The third element that the government must prove, beyond a reasonable doubt, is that the deceptive act would have been material to the hypothetical reasonable investor.  I previously instructed you on the element of materiality and its component concepts.  Those instructions apply here.

5

**PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 5**
**TITLE 15 SECURITIES FRAUD; SCHEME LIABILITY: FOURTH ELEMENT – IN CONNECTION WITH**

The fourth element that the government must prove, beyond a reasonable doubt, is that Mr. Milton committed the deceptive act "in connection with" the purchase or sale of Nikola stock. I previously instructed you on this element and its component concepts. Those instructions apply here.

**PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 6**
**TITLE 15 SECURITIES FRAUD; SCHEME LIABILITY: FIFTH ELEMENT –**
**KNOWLEDGE, WILLFULNESS, AND INTENT TO DEFRAUD**

The fifth element that the government must prove, beyond a reasonable doubt, is that Mr. Milton acted (i) knowingly, (ii) willfully and (iii) with intent to defraud. I previously defined those terms for you. Those definitions apply here.

**PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 7**
**TITLE 15 SECURITIES FRAUD; SCHEME LIABILITY: FIFTH ELEMENT –**
**KNOWLEDGE, WILLFULNESS, AND INTENT TO DEFRAUD; GOOD FAITH**
**DEFENSE**

As I previously instructed you: Good faith on the part of Mr. Milton is a complete defense to the charge of securities fraud. Mr. Milton, however, does not have any burden to establish that defense. Instead, the burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt. Those instructions regarding good faith and its component concepts apply here.

## PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 8
## TITLE 15 SECURITIES FRAUD; SCHEME LIABILITY: SIXTH ELEMENT – INTERSTATE COMMERCE

The sixth and final element that the government must prove, beyond a reasonable doubt, is that Mr. Milton knowingly used, or caused to be used, any means or instrumentalities of transportation or communication in interstate commerce in furtherance of the alleged fraudulent conduct. I previously instructed you on this element. Those instructions apply here.

**PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 9**
**COUNT ONE: TITLE 15 SECURITIES FRAUD**
**REQUIREMENT OF A UNANIMOUS VERDICT**

As I have instructed you, Count One charges Mr. Milton with violating the applicable law in two ways: one, by making misrepresentations and omissions of material fact; and two, by separately committing a deceptive act in furtherance of a scheme to defraud. As I also previously instructed you, the government must prove, beyond a reasonable doubt, the essential elements of each charged violation separately, and you must consider each charged violation separately.

Your verdict must be unanimous. Therefore, you cannot find Mr. Milton guilty on Count One unless all twelve of you agree, unanimously, that the government has proven, beyond a reasonable doubt, a violation of the applicable law in one way, or in the other way, or in both ways. In other words, you cannot find Mr. Milton guilty on Count One if some of you were to find that he violated the law by making misrepresentations and omissions of material fact, and others of you were to find that he violated the law by committing a deceptive act in furtherance of a scheme to defraud.

In summary, you cannot find Mr. Milton guilty on Count One unless all twelve of you find, unanimously, that the government has proven a violation of the applicable law in one way, or in the other way, or in both ways. If you do not all find, unanimously, that the government has proven a violation of the applicable law in one way, or in the other way, or in both ways, then you must find Mr. Milton not guilty on Count One.

Authority: *United States v. Wiles*, 102 F.3d 1043, 1062 (10th Cir. 1996) (indictment charged both misrepresentations/omissions theory and scheme-liability theory; conviction affirmed where "[t]he court instructed the jury that although individual jurors need not agree on all the means or

9

methods by which Defendants committed securities fraud, they must unanimously agree upon at least one such means or method to convict Defendants of securities fraud[]"); *United States v. Puerta*, 38 F.3d 34, 40 (1st Cir. 1994) (holding, under section 1344, "we see no reason why [defendant] would not have been entitled on request to an instruction that the jury had to agree unanimously that either [subsection] was violated (or both)[]"); *United States v. Hammond*, 125 F.3d 845, at *1 (2d Cir. 1997) (unpublished disposition) (holding, where single count charged violation of both subsections of section 1344, that "dangers may be eliminated or reduced . . . by a well-crafted jury instruction explaining the alternate grounds and requiring the jury to be unanimous as to the particular ground selected[]") (internal quotation marks omitted); *United States v. Harris*, 2010 WL 4967821, at *1–2 (N.D. Ga. Dec.1, 2010) (denying motion to dismiss count that charged violation of both subsections of section 1348; court will "prevent . . . jury confusion" by giving instruction requiring jury "to reach a unanimous agreement as to one or the other subsection[]"); *United States v. DiMarzo*, 1993 WL 426936, at *2 (S.D.N.Y. Oct. 21, 1993) (holding, where single count charged violation of both subsections of section 1344, that "[c]oncerns" regarding conviction without unanimous verdict "can be addressed in jury instructions . . . requiring the jury to be unanimous as to any finding of any violation of each subsection[]"); *see Ramos v. Louisiana*, 140 S. Ct. 1390, 1397 (2020) (holding that defendant has Sixth Amendment right to unanimous verdict); *Richardson v. United States*, 526 U.S. 813, 817 (1999) (holding that jury "cannot convict unless it unanimously finds that the [g]overnment has proved each element[]" of the crime charged); Rule 31(a), Fed. R. Crim. P. ("The verdict must be unanimous[]"); *see also United States v. Hall*, 979 F.3d 1107, 1116 (6th Cir. 2020) (stating, in dictum, that court "can cure unanimous jury concerns" under section 1344 by "particulariz[ing] the distinct offense charged in each count in its jury instruction[]") (internal quotation marks omitted).

\*   \*   \*

Respectfully submitted,

MUKASEY FRENCHMAN LLP

By: /s/ Marc L. Mukasey
    Marc L. Mukasey
    570 Lexington Avenue, Suite 3500
    New York, NY 10022
    Tel: (212) 466-6400

CAHILL GORDON & REINDEL LLP

By: /s/ Bradley J. Bondi
    Bradley J. Bondi
    1990 K Street NW, Suite 950
    Washington, DC 20006
    Tel: (202) 862-8910

*Attorneys for Trevor Milton*

## CERTIFICATION OF SERVICE

I hereby certify that on September 26, 2022 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
September 26, 2022

    /s/ Marc L. Mukasey
Marc L. Mukasey
MUKASEY FRENCHMAN LLP
570 Lexington Avenue, Suite 3500
New York, NY 10022
Tel: (212) 466-6400