# CAHILL GORDON & REINDEL LLP
## 32 OLD SLIP
## NEW YORK, NY 10005

| | | | | |
|---|---|---|---|---|
| DANIEL R. ANDERSON | JONATHAN J. FRANKEL | TELEPHONE: (212) 701-3000 | MEGHAN N. McDERMOTT | JOHN A. TRIPODORO |
| HELENE R. BANKS | ARIEL GOLDMAN | WWW.CAHILL.COM | WILLIAM J. MILLER | GLENN J. WALDRIP, JR. |
| ANIRUDH BANSAL | PATRICK GORDON | | EDWARD N. MOSS | HERBERT S. WASHER |
| DAVID L. BARASH | JASON M. HALL | 1990 K STREET, N.W. | NOAH B. NEWITZ | MICHAEL B. WEISS |
| LANDIS C. BEST | STEPHEN HARPER | WASHINGTON, DC 20006-1181 | WARREN NEWTON § | DAVID WISHENGRAD |
| BRADLEY J. BONDI | WILLIAM M. HARTNETT | (202) 862-8900 | DAVID R. OWEN | C. ANTHONY WOLFE |
| BROCKTON B. BOSSON | NOLA B. HELLER | | JOHN PAPACHRISTOS | COREY WRIGHT |
| JONATHAN BROWNSON * | CRAIG M. HOROWITZ | CAHILL GORDON & REINDEL (UK) LLP | LUIS R. PENALVER | ELIZABETH M. YAHL |
| DONNA M. BRYAN | TIMOTHY B. HOWELL | 20 FENCHURCH STREET | KIMBERLY PETILLO-DÉCOSSARD | JOSHUA M. ZELIG |
| JOYDEEP CHOUDHURI * | DAVID G. JANUSZEWSKI | LONDON EC3M 3BY | SHEILA C. RAMESH | |
| JAMES J. CLARK | ELAI KATZ | +44 (0) 20 7920 9800 | MICHAEL W. REDDY | |
| CHRISTOPHER W. CLEMENT | JAKE KEAVENY | | OLEG REZZY | |
| LISA COLLIER | BRIAN S. KELLEHER | | THORN ROSENTHAL | |
| AYANO K. CREED | RICHARD KELLY | WRITER'S DIRECT NUMBER | TAMMY L. ROY | * ADMITTED AS A SOLICITOR IN ENGLAND AND WALES ONLY |
| PRUE CRIDDLE ± | CHÉRIE R. KISER ‡ | | JONATHAN A. SCHAFFZIN | ± ADMITTED AS A SOLICITOR IN WESTERN AUSTRALIA ONLY |
| SEAN M. DAVIS | JOEL KURTZBERG | | ANDREW SCHWARTZ | |
| STUART G. DOWNING | TED B. LACEY | | DARREN SILVER | ‡ ADMITTED IN DC ONLY |
| ADAM M. DWORKIN | MARC R. LASHBROOK | | JOSIAH M. SLOTNICK | § ADMITTED AS AN ATTORNEY IN THE REPUBLIC OF SOUTH AFRICA ONLY |
| ANASTASIA EFIMOVA | ALIZA R. LEVINE | | RICHARD A. STIEGLITZ JR. | |
| JENNIFER B. EZRING | JOEL H. LEVITIN | | ROSS E. STURMAN | |
| HELENA S. FRANCESCHI | GEOFFREY E. LIEBMANN | | SUSANNA M. SUH | |
| JOAN MURTAGH FRANKEL | BRIAN T. MARKLEY | (202) 862-8910 | ANTHONY K. TAMA | |

September 27, 2022

**BY ECF**

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re: *United States v. Trevor Milton*, S1 21 Cr. 478 (ER)

Dear Judge Ramos:

We write regarding the admission of Defense Exhibits 206, 209, 210, 1228, 1412, 1557, 1558, and 1559 (attached to this letter as Exhibits A through H), to which the Court sustained government objections during Dale Prows's testimony on September 19, 2022. The defense respectfully requests that the Court reconsider its previous rulings excluding these important documents from evidence.

For the reasons discussed below, the Court should admit these exhibits because they qualify as business records under Federal Rule of Evidence 803(6) or another hearsay exception.

CAHILL GORDON & REINDEL LLP

-2-

## I. The Court Should Admit Defense Exhibits 206, 209, 210, 1228, and 1412 Because They Are Business Records Under Rule 803(6).

Rule 803(6) has five components: (1) the record must be "made at or near the time by—or from information transmitted by—someone with knowledge;" (2) the record must be "kept in the course of a regularly conducted activity of a business;" (3) making the record must have been a "regular practice of that activity;" (4) the preceding three criteria must be shown by testimony or certification by a custodian or other qualified witness; and (5) the opponent must not show that the document is untrustworthy. *See* Fed. R. Evid. 803(6)(A)–(E). The Second Circuit has stated that the Rule 803(6) business records exception "favors the admission of evidence rather than its exclusion if it has any probative value at all." *United States v. Kaiser*, 609 F. 3d 556, 574 (2d Cir. 2010) (internal quotation and citation omitted).

Mr. Prows testified that during the relevant period he was head of supply chain at Nikola. Tr. 676:19–20. He testified that, in his role at Nikola, he was "responsible for the technology development and installation of the hydrogen production and hydrogen refueling," Tr. 677:5–13, and reported to CEO Mark Russell, Tr. 677:21–22. He testified that he was involved in projecting the annual cost to produce hydrogen in Nikola's production process. Tr. 689:7–16. During direct examination, the government offered, and the Court admitted into evidence, many documents that Mr. Prows either received or helped to create in his role at Nikola, including spreadsheets, presentations, purchase orders, agreements with suppliers, emails, and press releases. *See*, *e.g.*, Government Exhibits 250, 231, 238, 239, 240, 803, and 292.[1]

During cross-examination of Mr. Prows, defense counsel laid the requisite foundation to satisfy the components of Rule 803(6). Regarding the five defense exhibits at issue in this section, defense counsel elicited testimony from Mr. Prows confirming (1) that he either sent or received the email on the date indicated; (2) that he sent the emails from, or received the emails on, his Nikola email account; (3) that the senders or recipients were other Nikola senior executives using their Nikola email accounts; and (4) that they were sent or received as part of Mr. Prows's job duties or ordinary course of work. Specifically:

| Exhibits | Excerpts from Cross Examination of Mr. Prows |
|---|---|
| DX 1228 (Tr. 864:4–13) | Q. Mr. Prows, I'm showing you what's been marked as Defense Exhibit 1228. Do you recognize this document as an email dated June 4, 2020, from Mr. Koziner to CEO Mark Russell, copying you and others at Nikola, correct?<br>A. Correct.<br>Q. And this was sent to your Nikola account?<br>A. Yes.<br>Q. And this was sent as part of your job at Nikola? |

---

[1]  The defense did not object to the admission of these exhibits.

CAHILL GORDON & REINDEL LLP

-3-

| Exhibits | Excerpts from Cross Examination of Mr. Prows |
|---|---|
|  | A. Yes. |
| DX 206 (Tr. 852:23–853:8) | Q. I'm showing you what's been marked for identification as Defense Exhibit 206. This is an email dated August 26, 2020, from Mark Keith to Jason Roycht, copying you, Pablo Koziner, and others at Nikola. And this email was sent from Mr. Keith's Nikola email account, right?<br>A. Yes.<br>Q. And it was sent to your email account, right?<br>A. Yes.<br>Q. And this was received as part of your ordinary course of work at Nikola, right?<br>A. Yes. |
| DX 1412 (Tr. 836:2–836:15) | Q. I'm showing you the documents that have been identified for identification as Defense Exhibits 1412 and 1429. And Defense Exhibit 1412 is an email that you sent to Mr. Koziner, CFO Kim Brady, and CFO [sic] Mark Russell on July 22, 2020. Do you see that?<br>A. Yes.<br>Q. And Defense Exhibit 1429 is attached to that email, and it's a presentation. And you sent that with your email, right?<br>A. I believe so.<br>Q. And you sent these from your Nikola work email, correct?<br>A. Yes.<br>Q. To your fellow workers and management at Nikola, right?<br>A. Yes.[2] |
| DXs 209 and 210 (Tr. 840:24–841:11) | Q. Your Honor, I'd like to show the witness Defense Exhibit 209 and 210. This is an email that you sent from your Nikola email account to Mark Russell, Kim Brady, Mark Keith, and Pablo Koziner. Do you see that?<br>A. Yes.<br>Q. And you sent that in the ordinary course of your duties at Nikola, right?<br>A. Yes.<br>Q. And Mark Russell, you reported to Mark Russell, correct?<br>A. At this point in time, I believe I was reporting to Pablo.<br>Q. And Pablo Koziner is on this email, too, right?<br>A. Yes. |

The government did not contend that these documents were untrustworthy. On the contrary, the documents bear indicia of trustworthiness based on the foundation laid by defense counsel and the fact that the documents were produced by the government to defense counsel.

---

[2]  At sidebar, defense counsel represented that Mr. Prows sent the email as part of his job at Nikola (Tr. 837:8–9), and defense counsel offered to ask additional foundational questions on this topic (Tr. 837:19–23).

CAHILL GORDON & REINDEL LLP

-4-

Defense Exhibits 206, 209, 210, 1228, and 1412 clearly meet the regularity requirements of Rule 803(6) because Mr. Prows testified that he sent or received the emails as part of his job duties or in the ordinary course of his business. "There is no bright-line rule about the frequency with which an activity must be conducted to qualify as 'regular.'" *See In re Lyondell Chemical Co.*, 2016 WL 6108526, at *4 (Bankr. S.D.N.Y. Oct. 19, 2016). Rather, to determine whether emails are admissible under Rule 803(6), "[c]ourts examine whether it was the business duty of an employee to make and maintain emails as part of his job duties and whether the employee routinely sent or received and maintained the emails." *Penberg v. HealthBridge Mgmt.*, 823 F. Supp. 2d 166, 187 (E.D.N.Y. 2011) (admitting email under business records exception because it was "regular business practice . . . to share the type of information contained in the email" and "[the sender's] duty" to send such emails). And the Second Circuit has allowed the admission of documents where the witnesses testified that the documents were part of their regular business practice, even where the party opposing the documents contended that the documents were only generated sporadically. *See Kaiser*, 609 F.3d at 575 (citing *United States v. Ford*, 435 F.3d 204, 214–15 (2d Cir. 2006)).

With respect to the email in Defense Exhibit 206, the defense alternatively offers this document not for the truth of the matter asserted, but rather to demonstrate the effect of the email on the listener, Mr. Prows, and to prove that Mr. Prows did in fact receive the email and was on notice regarding the statements therein. The Second Circuit repeatedly has held that "a statement is not hearsay where . . . it is offered, not for its truth, but to show that a listener was put on notice." *See United States v. Dupree*, 706 F.3d 131, 137 (2d Cir. 2013) (citing cases).

With respect to the email and attachment in Defense Exhibits 209 and 210, the Court sustained the government's objection that these exhibits should be excluded because they post-date Mr. Milton's involvement with Nikola by a mere nine days. The defense respectfully requests that the Court admit these documents because they are business records and, as the text of Defense Exhibit 210 explicitly acknowledges, Defense Exhibit 210 contains the results of a ***six-month*** procurement process, which occurred during Mr. Milton's tenure at Nikola.

With respect to the email in Defense Exhibit 1412, the Court admitted the attachment (Defense Exhibit 1429) to that email as a business record, but excluded the transmittal email. (Tr. 836:16–839:7). The defense respectfully requests that the Court admit the corresponding transmittal email in Defense Exhibit 1412 because it is also a business record, as indicated above, and it adds essential information regarding the date, recipients, composition, and maintenance of the business record attached to it, which is already in evidence.

The defense observes that during Mr. Russell's direct testimony on September 20, the Court admitted, over defense counsel's hearsay objections, Government Exhibit 20 containing text messages that are out of court statements offered for the truth of the matter asserted. (Tr.

CAHILL GORDON & REINDEL LLP

-5-

1058:14–1059:6).³ Respectfully, the admission of these text messages appears to be inconsistent with the Court's rulings excluding the business records described in this letter. The defense respectfully requests that the Court reconsider its ruling excluding the business records offered by Defendant.

### II. The Court Should Admit Defense Exhibits 1557, 1558, and 1559 Because They Are Statements in Documents That Affect an Interest in Property Under Rule 803(15).

Rule 803(15) allows the admission of a statement contained in a document purporting to establish or affect an interest in property if "the document is authenticated and trustworthy, . . . it affects an interest in property, and . . . the dealings with the property since the document was made have been consistent with the truth of the statement." *Silverstein v. Chase*, 260 F.3d 142, 149 (2d Cir. 2001) (citing *United States v. Weinstock*, 863 F. Supp. 1529, 1534 (D. Utah 1994)); *see also In re Vallecito Gas, LLC*, 771 F.3d 929, 932-33 (5th Cir. 2014) (indicating that "[t]rustworthiness is the linchpin" of Rule 803(15)).

Defense Exhibits 1557, 1558, and 1559 meet the Rule 803(15) requirements because they are trustworthy, affect an interest in property, and the dealings with the property since the documents were made have been consistent with the statements in the exhibits. The documents establish that Mr. Milton had a good faith basis for his statements.

Defense Exhibit 1557, which attaches the draft term sheet and press release, contains statements about Nikola's and TravelCenters of America's property. For example, regarding "Station Development Costs & Land Lease," the term sheet (Defense Exhibit 1559) says, among other things:

- "Nikola to pay for all infrastructure development costs associated with design, engineering, construction and installation of hydrogen stations at TA locations."

- "TA agrees to give Nikola a 99-year lease at $1 per year for the land on which the equipment, signs, [and] islands . . . is located on."

- "TA agrees to give Nikola the right to add additional property sq. ft that won't be unreasonably denied . . . ."

The term sheet "establish[es] or affect[s] an interest in property" as required by Rule 803(15) because it intended to transfer to Nikola a leasehold interest and other rights in property. *See*

---

³ The defense also objected to the messages on the grounds that one of the authors of the messages is a director who is not an employee of Nikola. Those communications do not satisfy either (i) the agent or employee requirement or (ii) the scope of relationship requirement of Rule 801(d)(2)(D).

CAHILL GORDON & REINDEL LLP

-6-

*Indian Harbor Ins. Co. v. Dorit Baxter Skin Care, Inc.*, 430 F. Supp. 2d 183, 191 (S.D.N.Y. 2006) (recognizing a lease as a conveyance of real property); *see also* Black's Law Dictionary (11th ed. 2019) (defining a "lease" as a "contract by which a rightful possessor of real property conveys the right to use and occupy the property in exchange for consideration, usu. rent.").

The subsequent actions of Nikola and TravelCenters of America are consistent with the statements in Defense Exhibits 1557, 1558, and 1559 because Nikola and TravelCenters of America are following through with their plans to collaborate on charging stations and travel centers. For example, on August 4, 2022, Nikola and TravelCenters of America announced three hydrogen stations in California. *See* Nikola Announces Locations of three California Hydrogen Dispensing Stations, Continued Scaling of Infrastructure, Nikola Corp. (Aug. 4, 2022), https://nikolamotor.com/press_releases/nikola-announces-locations-of-three-california-hydrogen-dispensing-stations-continued-scaling-of-infrastructure-192.

The fact that the term sheet was not yet executed does not require exclusion from evidence because the term sheet contains indicia of a well-planned transaction. *See Silverstein*, 2002 WL 1343748, at *2–3 (admitting an agreement transferring stock from two brothers to their sister even though the document was signed by only one brother because it "[bore] every indicia of a carefully planned transaction" and the subsequent actions of the parties were consistent with the statements in the document). Likewise, Defense Exhibits 1557, 1558, and 1559 indicate that Nikola and TravelCenters of America were engaged in discussions about a carefully planned transaction regarding interests in property. And their subsequent actions are consistent with the statements in those exhibits. Moreover, the documents provide support for the statements that Mr. Milton made publicly about locations of potential hydrogen stations. These exhibits should be admitted into evidence.

For the reasons stated above, Defendant respectfully requests that Defense Exhibits 206, 209, 210, 1228, 1412, 1557, 1558, and 1559 be admitted into evidence.

Respectfully submitted,

/s/ Bradley J. Bondi
Bradley J. Bondi
CAHILL GORDON & REINDEL LLP
1990 K Street NW, Suite 950
Washington, DC 20006
(202) 862-8910
BBondi@cahill.com

CAHILL GORDON & REINDEL LLP

                                               Marc L. Mukasey
                                               MUKASEY FRENCHMAN LLP
                                               570 Lexington Avenue, Suite 3500
                                               New York, NY 10022
                                               (212) 466-6400
                                               Marc.Mukasey@mfsllp.com

                                               ***Counsel for Trevor Milton***

cc:       Counsel of Record (by ECF)