

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

September 27, 2022

**BY ECF**

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

     Re:    *United States v. Trevor Milton,* S1 21 Cr. 478 (ER)

Dear Judge Ramos:

     The Government writes in opposition to the defendant's September 27, 2022, letter in which he seeks approval of the admission of double-hearsay opinion testimony of a PIPE investor regarding his view of the Hindenburg Report (Dkt. No. 186). The motion should be denied.

     As reflected in proposed Defense Exhibit 1616, in the days following the release of the Hindenburg Report, Kim Brady spoke to Peter Schoenfeld, the Founder, Managing Member, Chief Executive Officer, and Chief Investment Officer of a large institutional investment firm that agreed to invest in Nikola following due diligence and prior to the announcement of the going-public transaction between Nikola and VectoIQ. On or about September 14, 2020, Mr. Schoenfeld apparently professed his reaction to the Hindenburg Report, which reaction Mr. Brady described in notes as "Aspirational/exaggerations not FRAUD." Mr. Schoenfeld was not a public NASDAQ investor in Nikola, nor was he an employee of Nikola with relevant knowledge.

     The defendant now seeks to offer Mr. Brady's notes of his conversation with Mr. Schoenfeld or Mr. Brady's testimony relaying the content of those notes. Neither the notes nor related testimony by Mr. Brady have any relevance to any fact at issue in this trial, and the defendant's request to admit them is not only barred by the Rules of Evidence, but represents a naked attempt to inject misleading and prejudicial material into this trial.

     *First*, the defendant argues that Mr. Schoenfeld's statements are relevant. (Dkt. No. 186 at 1). In support of this claim, the defendant oddly asserts that "[t]he testimony of [victim/investor] witnesses is relevant, if at all, for only one purpose—to show Mr. Milton's intent." (*Id.*). In fact, the parties have not only engaged in multiple oral arguments regarding but indeed have submitted letter briefing on the purposes for which victim-investor witness testimony is admissible (*see, e.g.*,

Dkt. No. 182), which is, of course, that such testimony bears directly on the element of materiality, *United States v. Gramins*, 939 F.3d 429, 450 (2d Cir. 2019).

The hearsay statements of Mr. Schoenfeld have no relevance to the materiality inquiry here. Mr. Schoenfeld was not a public NASDAQ investor and agreed to invest in the company prior to it going public. Moreover, Mr. Schoenfeld's investment firm had access to Nikola's data room and conducted extensive due diligence of the company based on nonpublic information unavailable to the retail investors the defendant targeted. His opinion would have no probative value on whether retail investors, who lacked the informational advantage Mr. Schoenfeld had, were defrauded. Mr. Schoenfeld's opinions therefore have no bearing on the materiality of the misrepresentations made in this case. *See United States v. Litvak*, 889 F.3d 56, 64 (2d Cir. 2018) (the nature of a "reasonable investor" "may vary . . . with the nature of the traders involved in the particular market").

Of course, the admissibility of the hearsay statements offered here faces an even more fundamental problem: Mr. Schoenfeld's supposed comments do not concern the materiality of any of the defendant's misrepresentations. Rather, Mr. Schoenfeld's statements merely reflect Mr. Schoenfeld's reaction to the Hindenburg Report, and apparent view, based on supposition, that the defendant may not have violated the law.

Perhaps cognizant of these shortcomings, the defendant resorts, as noted above, to claiming that Mr. Schoenfeld's hearsay opinion is relevant as evidence of the defendant's intent. But the opinion is not one that goes the defendant's intent at all. Rather, as the defendant appears to recognize (Dkt. No. 186 at 2), the hearsay statement is something far more misleading to a jury: lay opinion as to whether, under the law, the defendant's statements amount to fraud or merely to "exaggeration," whatever that might mean in the mind of Mr. Schoenfeld. *See United States v. Forbes*, No. 02 Cr. 264 (AWT), 2005 WL 8146315, at *4 (D. Conn. Oct. 13, 2005) (precluding under Rules 701 and 403 lay opinion about whether conduct constituted insider trading). And even if the defendant were correct to characterize Mr. Schoenfeld's hearsay statements as opining on the defendant's intent, Mr. Schoenfeld's speculation—in reaction not to the facts of this case but instead to the contents of the Hindenburg Report, which are, as a result of the defendant's objection, not before the jury—is wholly unfounded and inadmissible. *See, e.g., United States v. Rea*, 958 F.2d 1206, 1213-19 (2d Cir. 1992) (describing the foundation necessary to provide an opinion as to another's state of mind); *United States v. Awadallah*, 401 F. Supp. 2d 308, 313-14 (S.D.N.Y. 2005). No foundation could possibly be laid to establish how an outside investor like Mr. Schoenfeld could have any basis to provide an opinion on the defendant's intent, much less could one be laid through the witness to be examined, Mr. Brady.

*Second*, the defendant contends that the out-of-court statements of Mr. Schoenfeld are not hearsay. The defendant argues that this is so because the statements "are offered to show Schenfeld's state of mind." (Dkt. No. 186 at 2). To the contrary, the defendant has claimed that the statements are relevant precisely to show *the defendant's* state of mind. (Dkt. No. 186 at 1-2). The defendant can hardly assert that the statements are relevant for one purpose but admissible for another. In any case, the hearsay opinion of Mr. Schoenfeld does not reflect his state of mind, even if such a state were relevant in some fashion. Rather, the statements are backward looking, apparently being offered to put before the jury the opinion of someone who, having read the Hindenburg Report, stated that the defendant's conduct past conduct was "aspirational" or

"exaggerations." *See, e.g.*, *United States v. Harwood*, 998 F.2d 91, 98 (2d Cir. 1993) (To be admissible under Rule 803(3) as a statement of the declarant's then-existing state of mind, "the statement must face forward, rather than backward." (citations omitted)).

*Third*, the defendant contends that the statements constitute lay opinion testimony that is not barred by the rule against opinions that embrace the ultimate issue. (Dkt. No. 186 at 2). As noted above, however, these hearsay statements are not admissible opinion testimony, as there is no foundation for the notion that these opinions about the Hindenburg Report "are (a) rationally based on the perception of the witness [or] (b) helpful to a clear understanding of his testimony or the determination of the fact in issue." *Awadallah*, 401 F. Supp. 2d at 314 (quoting Fed. R. Evid. 701). "Without a proffer of the proposed testimony [of the individual offering the opinion], it is impossible to know whether it would be based on objective perceptions, or on information that would not otherwise be available to the jury." *Id.* Indeed, it is clear for the context here that neither prong could be met.

Of course, if the defendant were able to lay a foundation that Mr. Schoenfeld's testimony as a PIPE investor had any relevance to materiality (which he could not), the defendant could call Mr. Schoenfeld to the stand and inquire of him as to his reasons for investment or his state of mind and the Government could cross-examine. The defendant does not wish to do so. Instead, the defendant seeks to offer Mr. Schoenfeld's out-of-court statements on an irrelevant topic without the testimony necessary to make sense of the evidence. This evidence, in addition to being irrelevant hearsay, would represent nothing short of an attempt to mislead the jury and confuse issues, and is therefore inadmissible under Rule 403 as well. Indeed, offering this evidence would be no different than if the parties scanned the internet and put before the jury all of the opinions made by individuals who, having read the Hindenburg Report, expressed a view as to the whether the defendant was guilty or innocent of fraud. The Rules of Evidence do not permit such a result, and the out-of-court reactions of Mr. Schoenfeld to the Hindenburg Report should be precluded.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   s/
     Jordan Estes
     Matthew Podolsky
     Nicolas Roos
     Assistant United States Attorneys
     (212) 637-2543/1947/2421

cc:    Counsel of Record (by ECF)