# CAHILL GORDON & REINDEL LLP
## 32 OLD SLIP
## NEW YORK, NY 10005

DANIEL R. ANDERSON
HELENE R. BANKS
ANIRUDH BANSAL
DAVID L. BARASH
LANDIS C. BEST
BRADLEY J. BONDI
BROCKTON B. BOSSON
JONATHAN BROWNSON *
DONNA M. BRYAN
JOYDEEP CHOUDHURI *
JAMES J. CLARK
CHRISTOPHER W. CLEMENT
LISA COLLIER
AYANO K. CREED
PRUE CRIDDLE ±
SEAN M. DAVIS
STUART G. DOWNING
ADAM M. DWORKIN
ANASTASIA EFIMOVA
JENNIFER B. EZRING
HELENA S. FRANCESCHI
JOAN MURTAGH FRANKEL

JONATHAN J. FRANKEL
ARIEL GOLDMAN
PATRICK GORDON
JASON M. HALL
STEPHEN HARPER
WILLIAM M. HARTNETT
NOLA B. HELLER
CRAIG M. HOROWITZ
TIMOTHY B. HOWELL
DAVID G. JANUSZEWSKI
ELAI KATZ
JAKE KEAVENY
BRIAN S. KELLEHER
RICHARD KELLY
CHÉRIE R. KISER ‡
JOEL KURTZBERG
TED B. LACEY
MARC R. LASHBROOK
ALIZA R. LEVINE
JOEL H. LEVITIN
GEOFFREY E. LIEBMANN
BRIAN T. MARKLEY

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

————

1990 K STREET, N.W.
WASHINGTON, DC 20006-1181
(202) 862-8900

————

CAHILL GORDON & REINDEL (UK) LLP
20 FENCHURCH STREET
LONDON EC3M 3BY
+44 (0) 20 7920 9800

————

WRITER'S DIRECT NUMBER

(202) 862-8910

MEGHAN N. McDERMOTT
WILLIAM J. MILLER
EDWARD N. MOSS
NOAH B. NEWITZ
WARREN NEWTON §
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER
KIMBERLY PETILLO-DÉCOSSARD
SHEILA C. RAMESH
MICHAEL W. REDDY
OLEG REZZY
THORN ROSENTHAL
TAMMY L. ROY
JONATHAN A. SCHAFFZIN
ANDREW SCHWARTZ
DARREN SILVER
JOSIAH M. SLOTNICK
RICHARD A. STIEGLITZ JR.
ROSS E. STURMAN
SUSANNA M. SUH
ANTHONY K. TAMA

JOHN A. TRIPODORO
GLENN J. WALDRIP, JR.
HERBERT S. WASHER
MICHAEL B. WEISS
DAVID WISHENGRAD
C. ANTHONY WOLFE
COREY WRIGHT
ELIZABETH M. YAHL
JOSHUA M. ZELIG

* ADMITTED AS A SOLICITOR IN
ENGLAND AND WALES ONLY

± ADMITTED AS A SOLICITOR IN
WESTERN AUSTRALIA ONLY

‡ ADMITTED IN DC ONLY
§ ADMITTED AS AN ATTORNEY
IN THE REPUBLIC OF SOUTH AFRICA
ONLY

September 29, 2022

**BY ECF**

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re**:    *United States v. Trevor Milton*, S1 21 Cr. 478 (ER)

Dear Judge Ramos:

    Trevor Milton, through his counsel, writes in opposition to the government's letter motion seeking to preclude Mr. Milton from offering a text message exchange involving Nikola's general counsel Britton Worthen (ECF 189). For the reasons discussed below, the Court should deny the government's motion. Additionally, Mr. Milton, through his counsel, moves to admit Government Exhibit 34 and also to admit metadata of Defense Exhibits 212, 1483, and 1484.[1]

---

[1]    With respect to Defense Exhibit 212, the defense only seeks to admit the metadata of that exhibit. The defense withheld the substance of Defense Exhibit 212 from production on privilege grounds. Defense Exhibits 1483 and 1484 are audio. Upon granting this motion, the defense will prepare appropriate exhibits of this information to admit into evidence.

CAHILL GORDON & REINDEL LLP

-2-

## I. Metadata of Defense Exhibits 212, 1483, and 1484 Satisfy the Requirements of Rule 106.

On direct examination of Stephanie Amzallag, the government asked her a series of questions about Mr. Milton's request that she review a podcast in which Mr. Milton had been interviewed. (Tr. 1285:2–11). The government elicited testimony that she understood Mr. Milton to be asking her to "listen[ ] to it from a marketing perspective, so branding, messaging." (Tr. 1285:13–14). On cross examination, defense counsel questioned Ms. Amzallag about reviewing interviews, and she testified again that "[t]ypically, when we were listening to interviews, it would be from a branding/messaging perspective." (Tr. 1386:1–5). The defense now requests that metadata of Defense Exhibits 212, 1483, and 1484 be admitted into evidence to complete the record.

Metadata of Defense Exhibit 212 is necessary under Rules 106 and 611 to complete the record regarding the purpose of the reviews conducted by Ms. Amzallag's team because it shows that the reviews included legal review, not just marketing, branding, and messaging. Defense counsel represents that the metadata of Defense Exhibit 212 shows that it is an email from Nicole Rose to Vince Caramella and Britton Worthen, the Chief Legal Officer. The metadata indicates that Ms. Rose sent the email on July 18, 2020 with the subject line "IMMEDIATE APPROVAL NEEDED: Tesla Charts Podcast." Defense Exhibits 1483 and 1484 are recordings that were attached to Defense Exhibit 212. Under Rule 106, these exhibits are necessary to complete the record because they establish that the marketing team followed up with Chief Legal Officer Worthen as part of its vetting process as Mr. Milton anticipated. It is not hearsay because it is a verbal act of seeking "immediate approval" under the vetting process.

Federal Rule of Evidence 106 allows the admission of evidence that in fairness ought to be considered together with other evidence in the record. The rule generally requires "that adversaries be allowed to prevent omissions that render matters in evidence misleading." *See United States v. Williams*, 930 F.3d 44, 58 (2d Cir. 2019) (internal quotation omitted). Under Rule 106, other documents on the same subject matter can be introduced to give context to a document previously admitted into evidence. *See Phoenix Assocs. III v. Stone*, 60 F.3d 95, 103 (2d Cir. 1995) ("[B]ecause Stone's counsel offered appellants' financial statements to establish that appellants themselves did not list a debt owed them by Stone among their assets, the work paper likewise should have been admitted for substantive purposes under Rule 106.").

The defense is not prohibited from offering evidence under Rule 106 even though it did not offer such evidence contemporaneously at trial. *See* Fed. R. Evid. 106 (Advisory Committee Note) ("The rule does not in any way circumscribe the right of an adversary to develop the matter on cross-examination or as part of his own case."); *Phoenix Assocs. III*, 60 F.3d at 103 ("While the wording of Rule 106 appears to require the adverse party to proffer the associated document or portion contemporaneously with the introduction of the primary document, we have not applied this requirement rigidly.").

-3-

Pursuant to Rule 106, the Court should permit the defense to complete the record by admitting metadata of Defense Exhibits 212, 1483, and 1484 through the government's special agent.

## II.    In the Interests of Fairness, the Court Should Deny the Government's Motion To Preclude Government Exhibit 34, and the Court Should Grant Defendant's Motion To Admit Government Exhibit 34 Under Rule 611(a).

Rule 611(a), allows district courts to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . make those procedures effective for determining the truth." Fed. R. Evid. 611(a). In doing so, courts "exercise common sense and a sense of fairness." *United States v. Castro*, 813 F.2d 571, 576 (2d Cir. 1987).

Government Exhibit 34 is an instance where the interests of fairness must prevail. There is no dispute regarding the relevance, reliability, or authenticity of Government Exhibit 34 and its admissibility for non-hearsay purposes of providing Mr. Milton with notice. The government's letter motion indicates that it "does not object to the admissibility of the first two message in the chain sent by Worthen." (ECF 189 at 1). And the document is on the government's exhibit list. And, as discussed above, Government Exhibit 34 also is not hearsay because the defense offers it not for the truth of the matter asserted, but rather because Mr. Milton's statements clearly are probative of his then-existing mental state under Rule 803(3) and to provide notice.

Moreover, during the cross-examination of Ms. Amzallag, defense counsel was led to believe that the defense would have the opportunity to admit GX-34 into evidence during cross-examination of Mr. Worthen, but the government later removed Mr. Worthen from its witness list. At sidebar during Ms. Amzallag's cross-examination, the government said it would be "happy to [take up the admissibility of GX-34] at another time" and said "[w]e can talk about whether it would be admissible in the . . . defense's case, but our objection . . . now is that it's hearsay." (Tr. 1362:7–13).[2] The Court suggested that GX-34 may be admissible through another witness. (Tr. 1363:3–5). The government reiterated that it objected to admitting GX-34 "through [Ms. Amzallag]." (Tr. 1363:22–23). The Court ruled that GX-34 could not come in through Ms. Amzallag, and it reserved argument on the hearsay point until the exhibit was offered through another witness. (Tr. 1364:14–17). At the time, Mr. Worthen was listed on the government's witness list. In view of the government's statements at sidebar and the Mr. Worthen appearing on the government's witness list, the defense rightly believed that it would be able to offer GX-34 when the government called Mr. Worthen. But the government recently removed Mr. Worthen from its witness list after Ms. Amzallag's testimony. And despite the defense's best efforts, it has been unable to serve trial subpoenas on Nikola employees. Defense counsel's process servers

---

[2]    Even though the government offered to take up the admissibility of GX-34 at another time, defense counsel was diligent in trying to admit the exhibit through Ms. Amzallag. (Tr. 1363:16) (Defense counsel: "No, I want to try through this witness.").

CAHILL GORDON & REINDEL LLP

-4-

have been unable to locate and serve Nikola employees, and the defense has reason to believe they may be evading service.

In the interest of fairness and completeness, the Court should deny the government's motion to preclude Government Exhibit 34, and the Court should grant Defendant's motion to admit Government Exhibit 34 through the government's special agent.

**III.    Metadata of Defense Exhibits 212, 1483, and 1484 and Government Exhibit 34 Are Not Hearsay or Are Admissible Pursuant to an Exception to the Rule against Hearsay.**

Metadata of Defense Exhibits 212, 1483, and 1484 and Government Exhibit 34 are not hearsay. Defense Exhibits 212, 1483, and 1481 are not hearsay because the defense is offering pursuant to Rule 106, which is a non-truth use "to explain and ensure the fair understanding of the evidence that has already been introduced." *Williams*, 930 F.3d at 60. Even so, Defense Exhibits 212, 1483, 1484, and Government Exhibit 34 are not hearsay or, alternatively, are subject to an exception to the rule against hearsay.

Metadata of Defense Exhibits 212, 1483, and 1484 and Government Exhibit 34 also fall within Rule 803(3)'s exception to hearsay. The defense does not intend to offer the exhibits for the truth of any material in the documents, but rather to demonstrate the witness' state of mind, including motive and intent, at the time of the communications, and to provide notice. With respect to Government Exhibit 34, Defendant's expression of his then-existing state of mind, namely his belief that his statement was lawful, squarely falls within 803(3)'s exception to hearsay and goes directly to the defendant's intent. *United States v. DiMaria*, 727 F.2d 265, 270 (2d Cir. 1984) (holding that a defendant's statement that "tended to disprove the state of mind required for conviction" should have been admitted under 803(3)).

The government's arguments against admission miss the mark both factually and legally for two reasons. First, the defendant's statement did not "face backward" because he was stating his then-existing mental state as to why he did not delete or correct the "Already" tweet. The communications with Chief Legal Officer Worthen further provide notice to Mr. Milton and inform his statements relating to the Badger going forward—which the government contends were misstatements. Here, the defendant's decision of inaction (not deleting or correcting), and the mental state informing that decision, was in and of itself part of the ongoing action. The defendant's statement was contemporaneous with the conduct at issue—he did not delete or correct because he understood the statement to be accurate and lawful. It also informed his future statements relating to the Badger, which the government now contends were misleading, and the communication informed Mr. Milton that his statements were being reviewed by Chief Legal Officer Worthen. The trial judge has "discretion in deciding what is a statement of present state of mind. If, for example, the issue is the declarant's state of mind on a Monday, his declarations on Tuesday about his state of mind might be admissible as circumstantial evidence that he had the same state of mind on Monday. This would be on the theory that under these circumstances

-5-

the stream of consciousness has enough continuity so that we may expect to find the same characteristics for some distances up or down the current." *United States v. Cosentino*, 581 F. Supp. 600, 602 (E.D.N.Y. 1984).

Second, all the authority that the government cites involved distinguishable facts, most notably that the statements at issue related to acts that happened in the distant past. *See United States v. Netschi*, 511 F. App'x 58, 61 n.4 (2d Cir. 2013) ("Some of the statements [sought to be introduced] were made after the scheme itself was discovered and after [codefendant] had filed for bankruptcy."); *United States v. Harwood*, 998 F.2d 91, 98 (2d Cir. 1993) ("[S]tatements were not offered to prove [declarant's] state of mind, but were intended to . . . support an inference about conduct that had occurred five months earlier."); *United States v. Cardascia*, 951 F.2d 474, 488 (2d Cir. 1991) (differentiating between "the defendant's then existing state of mind" which would be admissible under 803(3), and  a "statement[] of [defendant]'s state of mind with regard to conduct that occurred eight months earlier" which would not be admissible); *United States v. Blake*, 195 F. Supp. 3d 605, 610 (S.D.N.Y. 2016) (refusing to admit "a self-serving explanation of past events"); *United States v. Annabi*, No. S1 10 CR 7 CM, 2012 WL 489111, at *2 (S.D.N.Y. Feb. 14, 2012) (disallowing emails written five years after payments were made from being offered to explain the state of mind of the defendant at the time said payments were made).  This is not the case here because the defendant's statements relate to ongoing events, not those of the past.

Similarly, defense counsel is not offering metadata of Defense Exhibits 212, 1483, or 1484 for the truth of the matter asserted because defense counsel is not interested in whether immediate approval of the Tesla charts podcast was in fact needed. Rather, defense counsel offers these exhibits to demonstrate Ms. Rose's then-existing intent, motivation, or state of mind: specifically, that when she sent the email, she believed she needed Mr. Worthen and Mr. Caramella to approve the podcast.

The documents are not hearsay but nonetheless fall within the business records exception. Metadata of Defense Exhibits 212, 1483, and 1484 and Government Exhibit 34 fall within Rule 803(6)'s business records exception because they are a record of a regularly conducted activity. The Second Circuit has stated that the Rule 803(6) business records exception "favors the admission of evidence rather than its exclusion if it has any probative value at all." *United States v. Kaiser*, 609 F. 3d 556, 574 (2d Cir. 2010) (internal quotation and citation omitted). To determine whether emails are admissible under Rule 803(6), "[c]ourts examine whether it was the business duty of an employee to make and maintain emails as part of his job duties and whether the employee routinely sent or received and maintained the emails." *Penberg v. HealthBridge Mgmt.*, 823 F. Supp. 2d 166, 187 (E.D.N.Y. 2011) (admitting email under business records exception because it was "regular business practice . . . to share the type of information contained in the email" and "[the sender's] duty" to send such emails).

In fairness to Mr. Milton and to complete the record under Rule 106, the Court should deny the government's motion to preclude Government Exhibit 34, and the Court should grant

CAHILL GORDON & REINDEL LLP

-6-

Defendant's motion to admit metadata of Defense Exhibits 212, 1483, and 1484 and Government Exhibit 34. These exhibits are not hearsay, or, alternatively, they fall within Rule 803(3)'s and 803(6)'s exceptions to the rule against hearsay.

Respectfully submitted,


/s/ Bradley J. Bondi
Bradley J. Bondi
CAHILL GORDON & REINDEL LLP
1990 K Street NW, Suite 950
Washington, DC 20006
(202) 862-8910
BBondi@cahill.com

Marc L. Mukasey
MUKASEY FRENCHMAN LLP
570 Lexington Avenue, Suite 3500
New York, NY 10022
(212) 466-6400
Marc.Mukasey@mfsllp.com

*Counsel for Trevor Milton*

cc:     Counsel of Record (by ECF)