

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

September 29, 2022

**BY ECF**

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Trevor Milton,* **S1 21 Cr. 478 (ER)**

Dear Judge Ramos:

    The Government writes to preclude the defendant from using certain expert slides that were not produced to the Government until September 29, 2022, at 2:37 AM. While the parties have been making rolling productions of exhibits to each other throughout the trial, the late disclosure of expert materials is particularly prejudicial and therefore those materials should be precluded under the Federal Rules of Criminal Procedure and the Federal Rules of Evidence.

    The defendant's deadline to produce 26.2 materials was July 11, 2022. On August 18, 2022, the defendant produced 8 pages of 26.2 materials. No materials were produced previously. The Government repeatedly asked defense counsel for additional information and materials, but nothing else was produced. On September 6, 2022, defense counsel provided an 8-page slide deck that purported to be draft exhibits for Professor Allen Ferrell. The Government again asked for additional materials and on the record defense counsel said there was nothing else. On September 29, 2022, at 2:37 AM, defense counsel produced a 33-page slide deck containing demonstratives and slides showing the results of an event study on certain dates. Many of these slides are entirely new and were not produced previously. The following pages of Defense Exhibit 955 are new and for the reasons set forth below they should be precluded:

- Pages 3-4, which purport to relate to retail investor activity. These slides were not produced previously. The defendant has not produced the source data from VandaTrack, which does not appear to be publicly available. The defendant also has not produced the spreadsheet or work papers used to generate the graphs on pages 3 and 4. Therefore, the Government is unable to evaluate the accuracy of the chart, test the methodology, or conduct a cross-examination on these materials. Additionally, the Government objects to the title on page 3, which is argumentative.

- Pages 19-27 and 30-33 are slides purporting to show the results of intraday price event studies for various dates from June to September in 2020. These slides were never previously produced to the Government. The Government has not been provided the intraday price data used to conduct the analyses. The Government also has not been provided the spreadsheets or work papers used to create the charts that the defendant seeks to introduce into evidence. All of these charts purport to show that Nikola's stock price was within a boundary of statistical significance, but without the underlying materials the Government is unable to evaluate the accuracy of the chart, test the methodology, or conduct a cross-examination on these materials.

With the defendant's production of the new slides, defense counsel provided the Government with over 27,000 pages of new 26.2 materials. It appears that almost all of these materials are the source materials relied upon by the defendant. The 26.2 materials do not, however, include drafts of the slides, notes, work papers, spreadsheets, or any other materials indicating how the event studies were conducted.

The Court should preclude some or all of the defendant's expert's presentation because of the late disclosure of exhibits and 26.2 materials. Such a remedy is appropriate under the circumstances here. *See United States v. Ulbricht*, 858 F.3d 71, 115 (2d Cir. 2017) (district court did not abuse its discretion by precluding two defense experts based on late disclosure); *United States v. Cervone*, 907 F.2d 332, 345 (2d Cir. 1990) (affirming exclusion of late-noticed expert testimony in the absence of a bad faith finding); *United States v. Mahaffy*, No. 05 Cr. 613 (ILG), 2007 WL 1213738, at *3 (E.D.N.Y. Apr. 24, 2007) (precluding defendant from presenting expert due to failure to comply with disclosure deadlines).

In addition to preclusion, the late production of these materials also entitles the Government, under the applicable Rules of Evidence, to the following relief:

1. Under Federal Rule of Evidence 705, the Government is entitled to production of the underlying data, including the results of regressions and other work papers, used by the expert for cross-examination. The Government requests that the data and underlying materials be produced.

2. Under Federal Rule of Criminal Procedure 26.2, the Government is entitled to all email communication, notes, work papers, and draft slides that have been provided to defense counsel by the expert witness. If the slides used for Defense Exhibit 955, or drafts of those slides, were provided to defense counsel prior to September 28, 2022, defense counsel should be required to explain when the materials were produced and, if the materials were provided previously, show cause why the materials were not produced. Under Rule 26.2(d), the Government requests that it be given a recess during its cross-examination of the expert, if needed, to review the materials before continuing its cross-examination. Additionally, the Government may seek remedies under Rule 26.2(e) depending on the record relating to defense counsel's production of materials.

3. Pursuant to Federal Rule of Evidence 702(b) and (c), the Government requests a *Daubert* hearing relating to whether the expert's slides are based on sufficient facts or data, and are the product of a reliable methodology. Such a hearing is necessary to assess whether the proposed testimony is the product of a reliable methodology and to determine that it is based on sufficient data.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   s/
Jordan Estes
Matthew Podolsky
Nicolas Roos
Assistant United States Attorneys
(212) 637-2543/1947/2421

cc:     Counsel of Record (by ECF)