# CAHILL GORDON & REINDEL LLP
## 32 OLD SLIP
## NEW YORK, NY 10005

| | | | | |
|---|---|---|---|---|
| DANIEL R. ANDERSON | JONATHAN J. FRANKEL | TELEPHONE: (212) 701-3000 | MEGHAN N. McDERMOTT | JOHN A. TRIPODORO |
| HELENE R. BANKS | ARIEL GOLDMAN | WWW.CAHILL.COM | WILLIAM J. MILLER | GLENN J. WALDRIP, JR. |
| ANIRUDH BANSAL | PATRICK GORDON | | EDWARD N. MOSS | HERBERT S. WASHER |
| DAVID L. BARASH | JASON M. HALL | 1990 K STREET, N.W. | NOAH B. NEWITZ | MICHAEL B. WEISS |
| LANDIS C. BEST | STEPHEN HARPER | WASHINGTON, DC 20006-1181 | WARREN NEWTON § | DAVID WISHENGRAD |
| BRADLEY J. BONDI | WILLIAM M. HARTNETT | (202) 862-8900 | DAVID R. OWEN | C. ANTHONY WOLFE |
| BROCKTON B. BOSSON | NOLA B. HELLER | | JOHN PAPACHRISTOS | COREY WRIGHT |
| JONATHAN BROWNSON * | CRAIG M. HOROWITZ | CAHILL GORDON & REINDEL (UK) LLP | LUIS R. PENALVER | ELIZABETH M. YAHL |
| DONNA M. BRYAN | TIMOTHY B. HOWELL | 20 FENCHURCH STREET | KIMBERLY PETILLO-DÉCOSSARD | JOSHUA M. ZELIG |
| JOYDEEP CHOUDHURI * | DAVID G. JANUSZEWSKI | LONDON EC3M 3BY | SHEILA C. RAMESH | |
| JAMES J. CLARK | ELAI KATZ | +44 (0) 20 7920 9800 | MICHAEL W. REDDY | |
| CHRISTOPHER W. CLEMENT | JAKE KEAVENY | | OLEG REZZY | * ADMITTED AS A SOLICITOR IN ENGLAND AND WALES ONLY |
| LISA COLLIER | BRIAN S. KELLEHER | | THORN ROSENTHAL | ± ADMITTED AS A SOLICITOR IN WESTERN AUSTRALIA ONLY |
| AYANO K. CREED | RICHARD KELLY | WRITER'S DIRECT NUMBER | TAMMY L. ROY | |
| PRUE CRIDDLE ± | CHÉRIE R. KISER ‡ | | JONATHAN A. SCHAFFZIN | |
| SEAN M. DAVIS | JOEL KURTZBERG | | ANDREW SCHWARTZ | ‡ ADMITTED IN DC ONLY |
| STUART G. DOWNING | TED B. LACEY | | DARREN SILVER | § ADMITTED AS AN ATTORNEY IN THE REPUBLIC OF SOUTH AFRICA ONLY |
| ADAM M. DWORKIN | MARC R. LASHBROOK | | JOSIAH M. SLOTNICK | |
| ANASTASIA EFIMOVA | ALIZA R. LEVINE | | RICHARD A. STIEGLITZ JR. | |
| JENNIFER B. EZRING | JOEL H. LEVITIN | | ROSS E. STURMAN | |
| HELENA S. FRANCESCHI | GEOFFREY E. LIEBMANN | | SUSANNA M. SUH | |
| JOAN MURTAGH FRANKEL | BRIAN T. MARKLEY | | ANTHONY K. TAMA | |

(202) 862-8910

September 30, 2022

**BY ECF**

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *United States v. Trevor Milton*, S1 21 Cr. 478 (ER)

Dear Judge Ramos:

Trevor Milton, through his counsel, writes in opposition to the government's letter motion seeking to preclude the defendant from using certain expert slides (ECF 196). For the reasons below, the Court should deny the government's motion.

The government's motion is without merit and nothing more than an effort to prejudice Mr. Milton. The defense previously sought a bill of particulars in an effort to identify each statement by Mr. Milton that the government would contend at trial was false or misleading. *See* Memorandum of Law in Support of Defendant's Motion for a Bill of Particulars (ECF 54 at 1). The Court denied Mr. Milton's motion for a bill of particulars during the final pretrial conference. *See* Tr. 6:13–14.

Without the benefit of knowing all the alleged misstatements at issue before the trial, Professor Farrell analyzed *all* the trading days of Nikola stock during the relevant period. The

CAHILL GORDON & REINDEL LLP

-2-

defense turned over the results of that analysis on August 18, 2022. The defense—*having now learned the particular statements on which the government's theory relies*—seeks to introduce slides related to retail investor behavior and intraday stock price charts on the days and times that Mr. Milton is alleged to have made the misstatements. With respect to Slides 19–27 and 30–33, the defense produced to the government substantially similar slides to those now at issue (and even included one such slide in its opening). Despite the defense only recently learning about the statements at the center of the government's case, *the government* argues that *it* is the party being surprised by new information.

Finally, it is worth observing that the government has produced massive amounts of documents, 3500 materials, and exhibits in the early morning hours of many of the witnesses they have called. Indeed, the government produced only a few days in advance the various charts that the government plans to use with its summary witness. The government's charts—unlike the charts the defense seeks to introduce—were not produced in *any form* previously.

The Court should deny the government's motion for the specific reasons below.

- Slides 3–4: The government objects to these slides because these slides were not produced previously and defendant has not produced the source data (ECF 196 at 1). The defense did not produce these slides previously because Professor Ferrell did not intend to use these slides until *after* the testimony at trial from the government's expert, Professor Mayzlin, and other government witnesses about the behavior of retail investors. The VandaTrack database is a resource commonly relied upon by economists, and it is publicly available for a fee to anyone. Further, Slide 3 can be replicated using Robinhood trading data produced by the government.

    These slides summarize voluminous information using simple mathematical functions (addition and division) on the data obtained from VandaTrack. In response to the government's objections, the defense has produced all publicly available VandaTrack data, in addition to the source code, underlying calculations, and formulas Professor Ferrell used.

    The government contends that the title of Slide 3 ("Nikola Retail Investors Did Not Act Uniformly") is argumentative. The title is not argument, but instead represents Professor Ferrell's expert opinion. The defense has asked the government what title it would suggest instead.

- Slides 19–27 and 30–33: The government objects that these slides were not produced previously, and that without the underlying data the government cannot test the methodology used or conduct cross examination. (ECF 196 at 2). The government's arguments are unpersuasive. First, the defense produced on September 6, 2022 similar slides as those at issue, and produced the data underlying those slides (and the new slides)

CAHILL GORDON & REINDEL LLP

-3-

on August 18, 2022. Defense counsel even used one of the similar slides in his opening statement. The defense did not produce these specific slides previously because Professor Ferrell created them based on information the defense learned for the first time during trial regarding the actual alleged misstatements on which the government's theory relies.

Second, if the government wants to test the methodology used to create the slides, it can do so readily based on (1) the publicly available intraday data; (2) the eight pages of data, which represent the results of Professor Ferrell's event studies, that the defense produced to the government on August 18, 2022 pursuant to Rule 26.2; and (3) the alleged misstatements, which, until this trial began, were solely within the knowledge of the government. To create the slides, Professor Ferrell combined the dates and times of the alleged misstatements—*which the government revealed to the defense for the first time during trial*—with the publicly available intraday data and the eight pages of Rule 26.2 material previously disclosed. In response to the government's objections, the defense has produced voluntarily all publicly available data from Tick Data and Bloomberg, source code, underlying calculations, and formulas Professor Ferrell used. The government certainly could have requested the underlying source code, calculations, and formulas when the defense provided the results of the event studies on August 18, 2022.

Further, these slides are summaries of stock price information similar to the summary charts that the government seeks to introduce through its special agent.

The government cannot claim it was surprised to see slides based on the publicly available intraday data, as in Slides 19–27 and 30–33. As mentioned, the defense, without objection, used a similar chart in its opening statement to the jury (and indeed produced such charts as part of the draft exhibits produced to the government on September 6, 2022).

The cases the government relies on in its letter motion are inapplicable and provide no basis for excluding Professor Ferrell's slides. In *United States v. Ulbricht* and *United States v. Cervone*, the Second Circuit examined situations where the parties were late in disclosing their intention to call expert witnesses or introduce specific expert testimony at all. *See United States v. Ulbricht*, 858 F.3d 71, 114 (2d Cir. 2017); *United States v. Cervone*, 907 F.2d 332, 345 (2d Cir. 1990). In contrast, the defense properly disclosed Mr. Ferrell on June 6, 2022, well before trial. And in *United States v. Mahaffy*, No. 05CR613(S-3) (ILG), 2007 WL 1213738, at *3 (E.D.N.Y. Apr. 24, 2007), the court precluded the testimony of an expert witness because the defendants did not comply with the court's scheduling order to identify the topics on which the witness would testify in advance of trial. In contrast, on June 6, 2022, the defense properly identified the topics on which Professor Ferrell would testify, well before trial.

CAHILL GORDON & REINDEL LLP

-4-

Regarding the government's request for additional relief under Federal Rule of Evidence 705, the defense has produced voluntarily all source code, underlying calculations, and formulas Professor Ferrell used.

Regarding the government's request for additional relief under Federal Rule of Criminal Procedure 26.2, the defense has satisfied its obligations.

Regarding the government's request for additional relief under Federal Rule of Evidence 702(b) and (c), a *Daubert* hearing would be untimely and inappropriate. Slides 3–4 and Slides 19–27 and 30–33 fall within the range of opinions that the defense disclosed to the government on June 6, 2022 and are based on data produced by defense counsel on August 18, 2022. The government could have challenged Professor Ferrell's qualifications to give opinions on those topics well in advance of its current motion.

For the reasons discussed, the Court should deny the government's motion to preclude the defense from using Slides 3–4, 19–27, and 30–33.

Respectfully submitted,

/s/ Bradley J. Bondi
Bradley J. Bondi
CAHILL GORDON & REINDEL LLP
1990 K Street NW, Suite 950
Washington, DC 20006
(202) 862-8910
BBondi@cahill.com

Marc L. Mukasey
MUKASEY FRENCHMAN LLP
570 Lexington Avenue, Suite 3500
New York, NY 10022
(212) 466-6400
Marc.Mukasey@mfsllp.com

**Counsel for Trevor Milton**

cc:   Counsel of Record (by ECF)