

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

October 2, 2022

**BY ECF**

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: *United States v. Trevor Milton,* **S1 21 Cr. 478 (ER)**

Dear Judge Ramos:

  The Government writes respectfully to propose the following revisions to the draft jury charge circulated by the Court to the parties on September 29, 2022.[1]

**Summary of the Indictment**

  In order to avoid juror confusion, the Government proposes revising the last sentence of the first full paragraph on page four as follows:

> It also alleges that from approximately April 2020 through March 2021, Mr. Milton devised a scheme to obtain money and property by means of false and fraudulent pretenses **in connection with his purchase of Wasatch Creeks Ranch**.

---

[1] The Government notes that as of the time of this filing on October 2, 2022, the defendant has requested two additional instructions regarding materiality and good faith (Dkt. No. 200). These proposals are nothing more than a request that the Court, in the guise of a jury instruction, direct the jury to the defense's arguments (and the instruction regarding "standard business practices" is also confusing, legally incorrect, and lacks support in the record). This request should be denied. Should the defendant wish the Court to include an instruction regarding the defense theory, he may request a defense theory instruction, provided that the instruction "represents a theory of defense with basis in the record that would lead to acquittal" and is "legally correct." *United States v. Hayes*, 811 F. App'x 30, 34 (2d Cir. 2020); *see also, e.g.*, *United States v. Grau*, 752 F. App'x 18, 19-20 (2d Cir. 2018).

For the same reason, the Government proposes revising the last full paragraph on page four as follows:

> Counts One, ~~and~~ Two, **and Three** relate to Mr. Milton's actions **to defraud investors** from November 2019 to September 2020. Count One charges Mr. Milton with securities fraud under Title 15 of the United States Code. Count Two charges Mr. Milton with securities fraud under Title 18 of the United States Code. Count Three charges Mr. Milton with wire fraud as to those same actions from November 2019 to September 2020. Count Four charges Mr. Milton with wire fraud as to his actions from April 2020 through March 2021 **relating to his purchase of Wasatch Creeks Ranch**.

**Count One—Securities Fraud Under Title 15—First Element: Securities Fraud—Scheme or Artifice to Defraud**

The Government proposes revising the conclusion of the first paragraph relating to the first element of Title 15 securities fraud (on page six) to read: "as a fraud or deceit upon a purchaser or seller of Nikola **or VectoIQ** securities." As the original speaking Indictment made clear, the charged scheme encompassed false and misleading statements made prior to the close of the business combination between VectoIQ and Nikola with the intent to drive purchases either of VTIQ or later of NKLA. (*See* Indictment (Dkt. No. 1) ¶ 16 (explaining that investors "investors could purchase shares of what would become NKLA stock after on or about March 3, 2020, but before on or about June 3, 2020, by purchasing VTIQ stock," and defining "Nikola stock" to include both VTIQ and NKLA); *see also id.* ¶¶ 22-26). Indeed, the Government has adduced extensive evidence at trial that the defendant both made false and misleading statements regarding Nikola's business prior to the close of merger and encouraged investors to purchase VTIQ stock with the expectation of conversion to NKLA. (*See, e.g.*, GX 406T, GX 585, GX 586, GX 587, GX 588, GX 589, GX 590, GX 591, GX 592, GX 93).

**Count Two—Securities Fraud Under Title 18—First Element: Scheme or Artifice to Defraud**

The Government proposes adding the following sentences to the paragraph regarding the first element of Title 18 securities fraud on page thirteen:

> **I will instruct you on the meaning of "materially" or a "material fact" in this context in a few moments when I discuss Counts Three and Four. You should apply that definition to Title 18 securities fraud in Count Two as well.**

Alternatively, the Government proposes moving the discussion regarding "a material fact or matter" currently found at pages fifteen to sixteen (with the revisions proposed below) to the Count Two elements found on page thirteen, and including a reference back to that discussion in the wire fraud elements section.

**Count Three—Wire Fraud—First Element: Scheme to Defraud**

Because reliance is not an element of wire fraud, *see, e.g.*, *United States v. Weaver*, 860 F.3d 90, 95 (2d Cir. 2017), and because the defense has argued to the jury through cross-examination (*see* Tr. 2172-75) that, contrary to law, Peter Hicks disclaimed reliance on the defendant's misrepresentations, *see Weaver*, 860 F.3d at 95, and to avoid juror confusion, the Government proposes revising the paragraph that begins on page fifteen and continues onto page sixteen as follows:

> In addition, the false or fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person ~~in relying upon the representation or statement~~ in making a decision. That means that, if you find a particular statement or representation false, you must determine whether that statement or representation was one that a reasonable person might have considered important in making his or her decision **or was capable of influencing a decision**. The same principle applies to fraudulent half-truths or omissions, that is, failures to disclose facts **in a manner that makes what is said or represented misleading or deceptive**. **On this point, I also note that contractual disclaimers of reliance on prior misrepresentations do not render those misrepresentations immaterial under the criminal wire fraud statute.**

**Venue**

Because there has been evidence adduced relating to activities in the Southern District of New York other than just in Manhattan or the Bronx, the Government proposes revising the last sentence of the first full paragraph under "Venue" on page twenty-one as follows:

> The Southern District of New York is the judicial district that includes Manhattan and the Bronx, **and Westchester (which includes Mamaroneck, New York) and Orange Counties,** as well as several other counties not relevant to this case

The Government also proposes the following changes to the second paragraph under "Venue" on page twenty-one to clarify the nature of actions that satisfy venue for securities fraud, *see United States v. Lange*, 834 F.3d 58, 70 (2d Cir. 2016); *United States v. Levis*, 488 F. App'x 481, 485 (2d Cir. 2012), and to account for particular venue rules relating to Count Three and Four, *see United States v. Ramirez*, 420 F.3d 134, 145 (2d Cir. 2005):

> The Government does not have to prove that a completed crime was committed within the Southern District of New York, or that Mr. Milton was ever in the Southern District of New York. **With respect to Counts One and Two,** ~~I~~it is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged

3

> occurred in this District. The act itself need not be a criminal act. It could include, for example, processing or executing a securities trade within this District**, or the transmission of a communication or wire in furtherance of the scheme into or out of the District**. **With respect to Counts Three and Four, it is sufficient to satisfy the venue requirement if the defendant caused any interstate wire, such as an email, phone call, or television or internet broadcast to be transmitted into or out of the District. The wire need not itself be criminal, as long as it was transmitted or caused to be transmitted as part of the scheme.** And the act need not have been taken by Mr. Milton, so long as the act was part of the crime that you find he committed.

**Charts and Summaries**

In light of admonitions by the Second Circuit to instruct jurors that charts are no better than the underlying evidence and should be evaluated for accuracy by the jury, *see United States v. Ho*, 984 F.3d 191, 210 (2d Cir. 2020), the Government proposes for "Charts and Summaries" on page thirty-one the following alternative instruction, which is adapted from the charge given by the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (JMF):

> The parties presented exhibits in form of charts and summaries. As you will recall, some of the charts and summaries were not admitted into evidence, but were shown to you as aids to make the other evidence more meaningful and to help you in considering the evidence. Others were admitted into evidence as exhibits. I admitted these charts and summaries in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. They are no better than the testimony or the documents upon which they are based. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based. It is for you to decide whether they correctly present the information contained in the testimony and in the exhibits to which they were based.

**Presence of Counsel**

The defendant has repeatedly argued to the jury that the presence of Nikola's general counsel presents a defense to the charged conduct (*see, e.g.*, Tr. 1152, 1335-36, 1341, 1344, 1347, 1351, 1954), but has disclaimed (and has not offered a foundational for) an advice-of-counsel defense. In fact, the defense has pointed to the fact that the general counsel's office was in proximity to the defendant's office. (Tr. 1341). Accordingly, the Government respectfully requests the addition of the following instruction, adapted from the instruction given by the Honorable Analisa Torres in *United States v. Shea*, No. 20 Cr. 412 (AT):

You have heard evidence that Nikola had lawyers. A lawyer's involvement with an individual or entity does not itself constitute a defense to any charge in this case. The defense has not claimed, and cannot claim, that the defendant's conduct was lawful because he acted in good faith on the advice of a lawyer.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   s/_____
Jordan Estes
Matthew Podolsky
Nicolas Roos
Assistant United States Attorneys
(212) 637-2543/1947/2421

cc: Counsel of Record (by ECF)