UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

No. 21-cr- 478 (ER)

TREVOR MILTON,

Defendant.

**DEFENDANT'S FOURTH PROPOSED SUPPLEMENTAL REQUEST TO CHARGE**

MUKASEY FRENCHMAN LLP
570 Lexington Avenue
Suite 3500
New York, NY 10022
Tel: (212) 466-6400

CAHILL GORDON & REINDEL LLP
1990 K Street, NW, Suite 950
Washington, DC 20006
(202) 862-8910

*Attorneys for Trevor Milton*

## PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 13
## VENUE ON COUNTS I – IV

The federal law provides rules that govern venue—that is, the judicial district or districts in which the government is permitted to bring a criminal prosecution.  Under the law pertaining to venue, the government is permitted to bring a criminal prosecution only in certain judicial districts.  This judicial district is the Southern District of New York, which includes Manhattan, the Bronx, and Westchester and Orange Counties, as well as several other counties not relevant to this case.

The government has the burden to establish that venue is proper in the Southern District of New York for each of the four counts in the Indictment.  In addition to the elements that I've just described for each count, you also must decide whether the crime charged in each count or any act in furtherance of that crime, was committed within the Southern District of New York and both foreseeable to the defendant and within his control.

With respect to Count I, violation of Section 10(b) of the Securities and Exchange Act of 1934, and Count II, violation of 18 U.S.C. § 1348, the relevant conduct for the crime charged is the making of a misstatement.  For venue to be proper in the Southern District of New York with respect to Count I and Count II, either (i) the defendant must have made the misstatement while physically present in the Southern District of New York, or (ii) if the defendant was not physically present in the Southern District of New York, the defendant must have purposefully directed the misstatement to an identified recipient in the Southern District of New York.

With respect to Counts III and IV, violation of 18 U.S.C. § 1343, the relevant conduct for the crime charged is the use of wires, which includes the use of the internet, in the making of a misstatement.  For venue to be proper in the Southern District of New York with respect to Counts III and IV, either (i) the defendant must have used wires in the making of a misstatement

1

while physically present in the Southern District of New York, or (ii) if the defendant was not

physically present in the Southern District of New York, the defendant must have used wires,

which he purposefully directed through the Southern District of New York to an identified

recipient, in the making of a misstatement.

I note that on the issue of venue and on this issue alone, the government need not prove

its position beyond a reasonable doubt.  It is sufficient if the government proves by a

preponderance of the evidence.  To prove something by a preponderance of the evidence means

to prove that it is more likely true than not true.  It is determined by considering all of the

evidence and deciding which evidence is more convincing.  Thus, the government has satisfied

its venue obligations if you conclude that it is more likely than not that the crime charged, or any

act in furtherance of the crime you are considering for a particular count, was committed in the

Southern District of New York.

Because venue must be proper for each count, if you find that the government has failed

to prove this venue requirement by a preponderance of the evidence with respect to any of the

charges in the Indictment, then you must acquit Mr. Milton of that charge.

Authority: Modified from charge given in *United States v. Dawkins*, No. 17-cr-684 (ER)
S.D.N.Y. May 3, 2019), ECF No. 270, at 62–63 and charge given in *United States v. Scott*, No.
17-cr-630 (ER) (S.D.N.Y. Nov. 20, 2019), ECF No. 207 at 172–73; *United States v. Kim*, 246
F.3d 186, 193 (2d Cir. 2001) (to establish constitutional venue, meaning the crime was
"committed" in that district, the alleged conduct that establishes venue must be "both foreseeable
to [the defendant] and within his control").

Respectfully submitted,

CAHILL GORDON & REINDEL LLP

By:   /s/ Bradley J. Bondi
      Bradley J. Bondi
      1990 K Street NW, Suite 950
      Washington, DC 20006
      (202) 862-8910


MUKASEY FRENCHMAN LLP

      Marc L. Mukasey
      570 Lexington Avenue
      Suite 3500
      New York, NY 10022
      Tel: (212) 466-6400


*Attorneys for Trevor Milton*

3

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on October 2, 2022 a copy of the foregoing was filed electronically

and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent

by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone

unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access

this filing through the Court's CM/ECF System.


Dated:  New York, New York
        October 3, 2022


        /s/ Bradley J. Bondi
        Bradley J. Bondi
        CAHILL GORDON & REINDEL LLP
        1990 K Street NW, Suite 950
        Washington, DC 20006
        (202) 862-8910