

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

October 10, 2022

**BY ECF**

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: *United States v. Trevor Milton,* S1 21 Cr. 478 (ER)

Dear Judge Ramos:

  The Government writes in opposition to the defendant's proposed "defense theory" instruction, which was filed on October 7, 2022. (Dkt. No. 208.) For the reasons set forth below, the Government objects to portions of the proposed instruction that contain impermissible argument based on an incorrect view of the law that has already been rejected by the Court. The Government also writes regarding its review of the proposed jury charge.

  The Defendant's "Defense Theory" Charge

  While a criminal defendant is entitled to a defense theory charge, the proposed instruction must be, among other things, "legally correct" and "represent[] a theory of defense with basis in the record." *United States v. Vasquez*, 82 F.3d 574, 577 (2d Cir. 1996). Indeed, the instruction must "accurately represent the law in every respect" for it to be permissible. *United States v. Rodriguez*, 222 F. App'x 61, 62 (2d Cir. 2007) (district court did not err in refusing to give defense theory instruction where the "instruction's ambiguous wording" might lead the jury to a conclusion that was "clearly not correct as a matter of law").

  Here, the Government objects to the portions of the proposed instruction referencing the incorrect legal argument that "the alleged victims would receive what they paid for … at a price determined by market forces," that they "paid fair market value," and that the "cash purchase price paid to Peter Hicks … was fair market value for that property." (Dkt. No. 208-1.) There are several problems with these aspects of the proposed instruction. First, there is not a basis in the record to assert that the defendant "believed that the alleged victims would receive what they paid for" or that he "believed that the cash purchase price paid to Peter Hicks … was fair market value for that property." It may be that the defendant now believes that to be the case, but there is no documentary proof or witness testimony that would tend to establish that the defendant thought the things being asserted in the proposed instruction.

Second, the proposed instruction includes elements that are not legally correct. It is not a valid version of the good faith defense that the defendant believed that ultimately his victims would be no worse off because they received fair market value, whatever that might mean. *See United States v. Lange*, 834 F.3d 58, 79 (2d Cir. 2016) ("no ultimate harm" instruction was appropriate where there was evidence that the defendants "intended to immediately deprive investors of their capital through fraud" but "truly believed that in the long-term [their company] would ultimately succeed, deriving profits for the defrauded investors"); *United States v. Leonard*, 529 F.3d 83, 91-92 (2d Cir. 2008) (defendants' suggested "good faith belief" that "there would be no ultimate harm to investors because [their planned] movie would be produced as promised, and that investors would be no worse off" warranted a "no ultimate harm" instruction); *United States v. Rossomando*, 144 F.3d 197, 201 (2d Cir. 1998) ("the fact that the defendant believes (rightly or wrongly) that he will 'ultimately' be able to work things out so that the victim suffers no loss is no excuse"). For that reason, it is incorrect, as a matter of law, that a victim who receives fair value cannot be defrauded. As Judge Learned Hand observed long ago, "A man is none the less cheated out of his property, when he is induced to part with it by fraud, because he gets a quid pro quo of equal value." *United States v. Rowe*, 56 F.2d 747, 749 (2d Cir. 1932); *see also United States v. Rybicki*, 287 F.3d 257, 262 (2d Cir. 2002), *on reh'g in banc*, 354 F.3d 124 (2d Cir. 2003) (even though the government conceded that personal injury claims at issue were "settled for fair value," it was not necessary for the government to prove that "a scheme to defraud was successful or resulted in any actual harm to victims"). The defendant's new proposed instruction includes the same, incorrect language that the Court indicated, during the third part of the charge conference, "fail[s] on the law." (Tr. 2954.)

Third, the final sentence of the proposed defense instruction is also inappropriate. The purpose of the defense instruction is to articulate the defendant's theory of defense. The instruction to the jury that it must acquit the defendant if it agrees "Milton had such beliefs" is misplaced and incorrect. As noted, it is certainly not a defense that Milton believed that, at the end of the day, any victim of his scheme received a "fair" return.

The Government would agree to a revised version of the defendant's defense theory instruction as follows:

> "I will now tell you about one of Mr. Milton's theories of defense. It is important to keep in mind that by explaining his defense, the burden remains on the Government to prove each charge beyond a reasonable doubt. This instruction is simply meant to provide you with the defendant's viewpoint. With respect to Counts Two and Three, Mr. Milton contends that he did not intend to harm the alleged victims by depriving them of money or property. Therefore, he contends, he believed that people who purchased Nikola stock during the relevant time period were not defrauded. Similarly, with respect to Count Four, Mr. Milton contends that he did not intend to harm Peter Hicks by depriving him of money or property."

The Government's Comments on the Jury Charge

Pursuant to the Court's request, the Government had reviewed the proposed jury charge for typographical errors and has identified none.

With respect to the "law enforcement witness" instruction that the Court has added on page 29 of the instructions, the Government respectfully submits that the first sentence should be revised to clarify that Special Agent Penland was a summary witness and was not involved in "the events at issue in this trial." Accordingly, the Government proposes the following revised first sentence of the instruction: "You have heard the testimony of Special Agent Penland, a law enforcement witness who testified during this trial about certain charts and documents."

          Respectfully submitted,

          DAMIAN WILLIAMS
          United States Attorney for the
          Southern District of New York

By:   s/                      
     Jordan Estes
     Matthew Podolsky
     Nicolas Roos
     Assistant United States Attorneys
     (212) 637-2543/1947/2421

cc:    Counsel of Record (by ECF)