

570 Lexington Avenue, Suite 3500
New York, NY 10022

Kenneth A. Caruso
Special Counsel
212-466-6401
Ken.caruso@mfsllp.com

October 11, 2022

**VIA ECF**
The Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    United States v. Milton, 21-cr-478 (ER)

Dear Judge Ramos:

    We respectfully submit this letter in reply to the government's opposition (ECF 209) to our letter (ECF 208) regarding a defense-theory instruction.

    First, the government repeats its contention that "it [i]s not necessary for the government to prove that a scheme to defraud was successful or resulted in any actual harm to victims[.]" ECF 209 at 2 (internal quotation marks omitted). That statement of law, however, does not go far enough. The government can prove either that a victim actually suffered harm, or that the defendant contemplated harm to the victim, or both. *See United States v. Binday*, 804 F.3d 558, 571 n.10 (2d Cir. 2015) ("[t]o convict, the government ha[s] to establish that [Mr. Milton's] omission [or misrepresentation] caused (or was intended to cause) actual harm to the [purchasers] of a pecuniary nature[.]").

    Here, the government has sought to prove both. Thus, it called three witnesses (Messrs. Ryan, Schonberger and Hicks) who testified that they suffered actual harm. The defense has the right to rebut that testimony, and to do so by showing that "the purported victim received the full economic benefit of its bargain[,]" *Binday*, 804 F.3d at 570; that is, by showing that the purported victim paid or received fair market value for property. *United States v. Mittelstaedt*, 31 F.3d 1208, 1219 (2d Cir. 1994) (reversing conviction where alleged victim paid "fair market value for [the] property" purchased). For these reasons, our requested jury instructions simply do not "contain impermissible legal argument[,]" as the government contends. ECF 209 at 1.

    Second, the government contends that "there is not a basis in the record" to support the defense argument, set forth above. ECF 209 at 1. That contention is meritless.

As to Counts Two and Three, if the jury credits the testimony of Professor Ferrell, then the jury can find that the price of a share of Nikola stock was determined "by the market," based on the total mix of publicly available information, and that Mr. Milton's alleged deceptions did not influence the price. *See, e.g.*, Transcript at 2501:19–25; 2567:23–2569:18; 2589:6–9; 2601:10–13; 2602:13–20. The jury can therefore find that the alleged victims got what they paid for -- shares of Nikola stock at a price that reflected fair market value fixed by market forces in the NASDAQ market.

As to Count Four, the record amply supports a jury finding that Hicks suffered no harm, and received fair market value. For example, Hicks and his son valued the Ranch at $8.45 million. Transcript at 2169:12-23. Hicks accepted Mr. Milton's offer of $8.5 million in cash, which allowed Mr. Milton to infer that that price represented fair market value to Hicks. Mr. Milton also offered, and Hicks also accepted, options, exercisable months later, when, as Hicks and Mr. Milton both knew, the options could have no value. On such a record, jury inferences regarding lack of harm and lack of intent to harm are permissible.

Third, the government contends that the defense makes a no-ultimate-harm argument. The contention, however, incorrectly states our position. We contend that the victims paid or received fair market value *at the times of the transactions*. We do not contend that the victims "ultimately . . . would be no worse off[,]" or that everything would work out well "at the end of the day." ECF 209 at 2. In any event, the Court has already ruled, over our objection, that the Court will give a no-ultimate-harm instruction, which would meet the government's professed concerns.

*    *    *

Finally, we object to the government's proposed edit of the "law enforcement witness" instruction. The instruction as written is accurate. Penland "was" indeed "a law enforcement officer during the events at issue in this trial."

Respectfully submitted,

/s/ Kenneth A. Caruso
Kenneth A. Caruso

cc:   All counsel of record