

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

October 12, 2022

**BY ECF**

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:   *United States v. Trevor Milton,* S1 21 Cr. 478 (ER)

Dear Judge Ramos:

The Government writes to object to certain proposed defense exhibits that the defendant has indicated he intends to offer tomorrow morning. As background, earlier this week the defendant identified over 50 exhibits he intends to offer tomorrow. The Government provided objections to a subset of those exhibits, and earlier today defense counsel confirmed that the defendant intends to offer those objected-to exhibits tomorrow. For the reasons set forth below, the Government objects to defense exhibits 77, 89, 212, 245, 246, 527, 533, 1435, 1472, 1476, and 1491.

- Defense exhibit 77 is a 54-minute earnings call for the second quarter of 2022, and it features lengthy statements by Mark Russell and Kim Brady, as well as answers by both individuals in response to questions from analysts. The exhibit is inadmissible because it is hearsay, not relevant, and it would confuse the jury. These are out of court statements being offered for their truth. Russell and Brady were both trial witnesses, but defense counsel did not explore the topics of this 2022 earnings call. The statements cannot be relevant to the defendant's state of mind because he resigned from the company over a year before the statements were made. The recording is also likely to confuse the jury because it will introduce facts about the development of trucks and partnerships that are not in evidence and did not exist while the defendant was at Nikola.

- Defense exhibit 89 are minutes of an October 18, 2017 "standing scalability meeting." According to the minutes, the defendant was not present, and there is no evidence that these minutes were forwarded to him. The defendant previously attempted to offer this exhibit during the testimony of the Government's summary witness. The Government opposed for the same reason it objects now: because the document is inadmissible hearsay. The defendant argued that the document was nonetheless admissible under the rule of completeness. The Court disagreed, denying that motion. *See* Tr. 2264-2267. The

document remains inadmissible hearsay, and there is no exception that would justify its admission.

- Defense exhibit 212 is a document produced by Nikola that states: "Document Withheld for Privilege and/or as Attorney Work Product." The defendant previously attempted to offer this exhibit to show the "metadata of a subject line." Tr. 2278. After extended argument, the Court stated that "it would be error to admit this document" for reasons that were set forth on the record. *See* Tr. 2278-2283.

- Defense exhibit 245 is a November 27, 2017 email from Nikola's general counsel, Britton Worthen, to several individuals including the defendant and board members. Attached to the email is defense exhibit 246, which are board meeting minutes from October 26, 2017. The minutes are four pages long and include updates on a wide variety of topics, most of which are totally irrelevant to the issues at trial. The defendant previously tried to offer these minutes when he unsuccessfully attempted to offer defense exhibit 89. It appears from the record that the defendant is interested in the single line, "Phillips commercial – truck moving, but not under our power." The defendant argued previously that the board gave its "approval" during this meeting which is relevant to the "notice" to the defendant. Tr. 2267-68. But there is nothing in the document that makes clear who made the statement about the Phillips commercial, whether there was any debate or discussion, or whether the board approved the conduct. Indeed, it is impossible to determine whether this is a statement being offered for its effect on Mr. Milton, or in fact a statement by Mr. Milton. The confusion stems from the fact that the document is plainly hearsay, and its admission would likely confuse the jury. The Government previously objected on hearsay grounds, and the Court denied the defendant's application to admit the document under the rule of completeness. *See* Tr. 2261-68. The Court should deny the defendant's application to admit defense exhibits 245 and 246.

- Defense exhibit 527 is a June 26, 2020 email chain involving the defendant, Britton Worthen, Vince Caramella, and Nicole Rose. Caramella and Rose are both part of the marketing department. The email concerns edits to a press release about Badger reservations that was ultimately published on June 29, 2020. Notably, the Government did not offer the June 29, 2020 press release into evidence and has not made any arguments about its accuracy. Caramella's statements at the beginning of the email chain – page 2 of the exhibit – are inadmissible hearsay that the defendant clearly intends to for its truth, to argue that legal was reviewing and approving press releases. The entire email chain is also irrelevant and inadmissible under Rule 403 because it relates to a press release that is not in dispute, and suggests that the defendant is getting signoff and approval when that may not be the case, and certainly is not clear from the document itself.

- Defense exhibit 533 is a July 20, 2020 email from Nicole Rose to Vince Caramella relating to the Tesla Charts podcast. Specifically, the first email in the chain (which is in evidence) is from Elizabeth Fretheim to Caramella, Rose, and Stephanie Fleck about the podcast. The top email on the chain, which is not in evidence, is from Rose to Caramella and states, "There was more context around each of the items in this list so in my opinion they didn't come off quite as strong." Defense counsel previously attempted to introduce the substance

2

of this email through Fretheim by asking her, "Did Ms. Rose tell you that she had told Mr. Caramella that there was more context around each of the items in this list, meaning your list?" Tr. 415.  The Court sustained a hearsay objection to this question.  For the same reason that the Court sustained the hearsay objection, the Court should deny the defendant's motion to admit defense exhibit 533.  The email is inadmissible hearsay.  It is being offered for the truth to prove the content of Rose's statement about the podcast.  The defendant is not on the email so it cannot be offered to prove his mental state.

- Defense exhibit 1435 is a May 28, 2020 email chain involving the defendant, his personal assistant Mathew Peterson, and Nicole Rose.  In the email, Rose sends the defendant a media appearance schedule for the day and offers that she could be present for one of the interviews.  The defendant replies, "feel free to come up to my office and we can do them here.  Would be good to have you here for them in case I need anything."  These emails, particularly the statement by the defendant, is being offered for the truth and is therefore inadmissible hearsay.  He is, of course, not permitted to offer his own statements, such as the statement that it "would be good to have you here for them in case I need anything."

- Defense exhibit 1472 is a December 17, 2019 text message exchange between the defendant and Britton Worthen.  In the text messages, Worthen compliments the defendant's performance on a Fox Business interview that day.  The Government has not offered the December 17, 2019 Fox Business interview as an exhibit, and has not argued to the jury that the defendant made a false statement during the interview.  The text messages are therefore irrelevant, serve no probative purpose because Worthen is merely complimenting a television performance, and are likely to confuse the jury.

- Defense exhibit 1476 is a 10 page email exchange from February 26, 2020.  It appears that the email concerns pre-recording a call, with the assistance of Cowen and Co. and Morgan Stanley, related to the announcement of Nikola's business combination with VectoIQ.  After a lengthy and irrelevant back and forth, most of which is hearsay, the defendant writes, "We are going to have to postpone this. No way to get legal to sign off on this and everyone's comments before 330.  Let's postpone until tomorrow possibly."  The defendant's application to admit this email chain should be denied as it is hearsay, not relevant, and runs afoul of Rule 403.  The Government has not argued that the pre-recorded call contained any false statements, and the recording is not in evidence.  It appears that the defendant is offering this email to show that he sometimes would seek legal "sign off." Such a suggestion would be misleading since this recording is not one of the alleged misrepresentations, and the email is likely to confuse the jury.

- Defense exhibit 1491 is a March 2, 2020 email from the defendant to Britton Worthen.  In the email, the defendant states: "Who is our SEC attorneys? I need approval on stuff. I'd like to use this; Nikola and VectoIQ announce a merger that will allow Nikola to be the first publicly traded hydrogen and battery electric truck manufacturer.  VectoIQ stock symbol VTIQ to be changed to NKLA symbol after SEC approval." Worthen replies, "Just forward on."  The email is inadmissible for several reasons.  First, based on a review of the defendant's tweets, he never tweeted what he wrote to Worthen.  It appears he subsequently tweeted something similar.  But the change in the text illustrates just how confusing and

3

misleading this piece of evidence could be. It is unclear, for instance, whether the defendant consulted attorneys, whether they gave him advice, whether he followed it, whether the change to the language of his tweet was the result of such advice, and whether any attorney reviewed what he ultimately tweeted. Second, the Government has not alleged that the defendant's tweets about VectoIQ stock changing to Nikola are false. Quite the opposite, the Government has offered similar tweets to prove his intent to manipulate the VectoIQ stock prior to June 2020. Third, the email is likely to confuse or mislead the jury into thinking that "SEC attorneys" were reviewing the defendant's tweets. The trial evidence has been entirely to the contrary, and the email – which is also inadmissible hearsay – has to the potential to give a misimpression about the facts.

Therefore, the Government respectfully requests that the Court deny the defendant's motion to admit the foregoing exhibits into evidence. The Government understands that the defendant intends to offer the following exhibits, to which the Government does not object: DX 489, DX 1586T, DX 47, DX 9415T, DX 463T, DX 464T, DX 478T, DX 479T, DX 483T, DX 487T, DX 492T, DX 494T, DX 500T, DX 501T, DX 502T, DX 503T, DX 506T, DX 1015T, DX 9423, DX 9417, DX 9416, DX 9410, DX 9408, DX 9405, DX 9404, DX 9431, DX 9430, DX 9429, DX 606, DX 1868, DX 1869, DX 1870, DX 494, DX 1497 (already in evidence), DX 1750, GX 400, GX 401, GX 410 (already in evidence), GX 413, GX 414, GX 415, GX 417, DX 496, DX 497, DX 501, and DX 479.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   s/_____
Jordan Estes
Matthew Podolsky
Nicolas Roos
Assistant United States Attorneys
(212) 637-2543/1947/2421

cc:     Counsel of Record (by ECF)