# CAHILL GORDON & REINDEL LLP
### 32 OLD SLIP
### NEW YORK, NY 10005

| | | | | |
|---|---|---|---|---|
| DANIEL R. ANDERSON | JONATHAN J. FRANKEL | TELEPHONE: (212) 701-3000 | MEGHAN N. McDERMOTT | JOHN A. TRIPODORO |
| HELENE R. BANKS | ARIEL GOLDMAN | WWW.CAHILL.COM | WILLIAM J. MILLER | GLENN J. WALDRIP, JR. |
| ANIRUDH BANSAL | PATRICK GORDON | | EDWARD N. MOSS | HERBERT S. WASHER |
| DAVID L. BARASH | JASON M. HALL | | NOAH B. NEWITZ | MICHAEL B. WEISS |
| LANDIS C. BEST | STEPHEN HARPER | 1990 K STREET, N.W. | WARREN NEWTON § | DAVID WISHENGRAD |
| BRADLEY J. BONDI | WILLIAM M. HARTNETT | WASHINGTON, DC 20006-1181 | DAVID R. OWEN | C. ANTHONY WOLFE |
| BROCKTON B. BOSSON | NOLA B. HELLER | (202) 862-8900 | JOHN PAPACHRISTOS | COREY WRIGHT |
| JONATHAN BROWNSON * | CRAIG M. HOROWITZ | | LUIS R. PENALVER | ELIZABETH M. YAHL |
| DONNA M. BRYAN | TIMOTHY B. HOWELL | CAHILL GORDON & REINDEL (UK) LLP | KIMBERLY PETILLO-DÉCOSSARD | JOSHUA M. ZELIG |
| JOYDEEP CHOUDHURI * | DAVID G. JANUSZEWSKI | 20 FENCHURCH STREET | SHEILA C. RAMESH | |
| JAMES J. CLARK | ELAI KATZ | LONDON EC3M 3BY | MICHAEL W. REDDY | |
| CHRISTOPHER W. CLEMENT | JAKE KEAVENY | +44 (0) 20 7920 9800 | OLEG REZZY | |
| LISA COLLIER | BRIAN S. KELLEHER | | THORN ROSENTHAL | |
| AYANO K. CREED | RICHARD KELLY | | TAMMY L. ROY | |
| PRUE CRIDDLE ± | CHÉRIE R. KISER ‡ | WRITER'S DIRECT NUMBER | JONATHAN A. SCHAFFZIN | * ADMITTED AS A SOLICITOR IN ENGLAND AND WALES ONLY |
| SEAN M. DAVIS | JOEL KURTZBERG | | ANDREW SCHWARTZ | ± ADMITTED AS A SOLICITOR IN WESTERN AUSTRALIA ONLY |
| STUART G. DOWNING | TED B. LACEY | | DARREN SILVER | |
| ADAM M. DWORKIN | MARC R. LASHBROOK | | JOSIAH M. SLOTNICK | ‡ ADMITTED IN DC ONLY |
| ANASTASIA EFIMOVA | ALIZA R. LEVINE | | RICHARD A. STIEGLITZ JR. | § ADMITTED AS AN ATTORNEY IN THE REPUBLIC OF SOUTH AFRICA ONLY |
| JENNIFER B. EZRING | JOEL H. LEVITIN | | ROSS E. STURMAN | |
| HELENA S. FRANCESCHI | GEOFFREY E. LIEBMANN | | SUSANNA M. SUH | |
| JOAN MURTAGH FRANKEL | BRIAN T. MARKLEY | | ANTHONY K. TAMA | |

(202) 862-8910

October 13, 2022

**BY ECF**

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

     Re:  *United States v. Trevor Milton*, S1 21 Cr. 478 (ER)

Dear Judge Ramos:

  Trevor Milton, through his counsel, writes in support of the admissibility of the following documents: DX 89, 245, 246, 527, 533, 1435, 1472, 1476, and 1491. Defense counsel anticipates offering these documents into evidence during the trial on Thursday, October 13, 2022. For the reasons below, the Court should admit these defense exhibits.

  **I. The Court Should Admit Defense Exhibits 89, 245, and 246 Because They Are Relevant, Non-Hearsay Documents or Relevant Business Records.**

  Defense Exhibits 89, 245, and 246 should be admitted into evidence because they are relevant to, and highly probative of, Mr. Milton's good faith defense.

  Defense Exhibit 89 is a document containing minutes from a Nikola weekly leadership meeting held on October 18, 2017. As testimony has established, these meetings—and the

Cahill Gordon & Reindel LLP

-2-

subsequent minutes thereof—were regularly conducted at Nikola. On page one of the minutes in Defense Exhibit 89, Nikola's Chief Engineer Kevin Lynk is recorded as saying about the Nikola One: "Truck did commercial shoot, where it moved, last week with Phillips"—thus demonstrating that Mr. Milton had good faith to believe that the video released by Nikola was appropriate because the management team was aware of the circumstances.

Similarly, Defense Exhibit 245 is an email from Chief Legal Officer Britton Worthen to the Board of Directors and Trevor Milton, attaching Defense Exhibit 246 which are minutes of the October 2017 meeting of the Board of Directors. Board meetings were regularly held at Nikola in accordance with the company's corporate governance obligations. Page three of the minutes in Defense Exhibit 246 provides, under the "Marketing" subheading, "Phillips commercial—truck moving, but not under our power"—thus demonstrating that Mr. Milton had good faith to believe that the video released by Nikola was appropriate because Nikola's Board of Directors was aware of the circumstances.

These exhibits are probative of Mr. Milton's good faith. They show that other senior officers and directors of the company, including Chief Legal Officer Worthen and the Board of Directors, fully knew the circumstances about the Nikola One "moving" in the Phillips commercial. Mr. Milton had a good faith belief that there was nothing inappropriate with the depiction of the truck's movement because the officers and directors of the company understood the circumstances and did not object. *United States v. White*, 692 F.3d 235, 246 (2d Cir. 2012) ("Evidence is relevant when it has any tendency to make a fact more or less probable than it would be without the evidence, and, unless an exception applies, all relevant evidence is admissible." (internal citations and quotations omitted)).

These exhibits are not hearsay. Defense Exhibits 245 and 246 are admissible to show their effect on Mr. Milton: He was copied on the cover email sent by Chief Legal Officer Worthen (Defense Exhibit 245) that included the minutes stating, "Phillips commercial—truck moving, but not under our power." Reading this language would have had the effect of providing notice to Mr. Milton that there was nothing improper about using the Nikola One in a commercial, or posting additional footage from the third-party commercial shoot on Nikola's social media pages. *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) ("[A] statement offered to show its effect on the listener is not hearsay.").

Alternatively, all three exhibits—Defense Exhibit 89, 245, and 246—are also admissible as business records under Federal Rule of Evidence 803(6). Rule 803(6) has five components: (1) the record must be "made at or near the time by—or from information transmitted by—someone with knowledge;" (2) the record must be "kept in the course of a regularly conducted activity of a business;" (3) making the record must have been a "regular practice of that activity;" (4) the above three criteria must be shown by testimony or certification by a custodian or other qualified witness; and (5) the opponent must not show that the document is untrustworthy. *See* Fed. R. Evid. 803(6)(A)–(E). Rule 803(6) "favors the admission of evidence rather than its

CAHILL GORDON & REINDEL LLP

-3-

exclusion if it has any probative value at all." *United States.* v. *Kaiser*, 609 F. 3d 556, 574 (2d Cir. 2010) (internal quotation and citation omitted).

As testimony and the documents demonstrate, it was a regular practice at Nikola to have weekly leadership meetings, which also were referred to as Standing Scalability meetings, and Board of Directors meetings in the course of the company's business, and to keep minutes of those meetings. Courts in this district repeatedly have held that similar minutes of meetings are admissible as business records. *See Busher v. Barry*, No. 14-CV-4322 (NSR), 2019 WL 6895281, at *6–7 (S.D.N.Y. Dec. 18, 2019) (finding board minutes admissible under the business records exception); *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.*, 621 F. Supp. 198, 217–18 (S.D.N.Y. 1985) (holding that minutes of board of directors were business records where it was a regular practice to keep those minutes, even though director who laid foundation was not a custodian of those minutes).

## II. The Court Should Admit Defense Exhibits 527, 1427, 1476, and 1491 Because They Are Highly Relevant, Non-Hearsay Documents or Fall Within a Hearsay Exception.

### *Defense Exhibit 527*

Defense Exhibit 527 is a June 26, 2020 email chain between Mr. Milton, Nikola's Chief Legal Officer Britton Worthen, and Vince Caramella, Nikola's Chief Marketing Officer. The email chain discusses Mr. Worthen's edits to a June 29, 2020 Nikola press release announcing the opening of reservations for the Badger pickup truck. In the email chain, Mr. Milton wrote "[h]ere are my changes to address Britton's concerns." The second page also has an earlier email from Mr. Caramella stating "Britton – Need legal review/approval."

The government has pointed to numerous alleged misstatements by Mr. Milton regarding the status of the Badger prototypes in the summer of 2020. The email chain is relevant and probative of Mr. Milton's state of mind because it demonstrates that Nikola's Chief Legal Officer reviewed a press release that contained, among other information, expected specifications of the Nikola Badger. The email chain, which demonstrates Mr. Milton's willingness to change the language of a press release based on Chief Legal Officer Worthen's concerns, also bears directly on Mr. Milton's good faith and state of mind.

Defense Exhibit 527 is a business record under Rule 803(6). As part of its regular course of business, Nikola maintained a process for drafting and reviewing press releases. Stephanie Amzallag testified that Vince Caramella and Chief Legal Officer Worthen were involved in that "process." *See* Tr. Sept. 21, 2022 at 1335:16–1336:2.

The email also is admissible under Rule 803(3), because it tends to disprove the state of mind that the government must prove in this case, and that Mr. Milton intentionally tried to mislead investors about the status of the Badger prototypes. *See United States v. DiMaria*, 727

CAHILL GORDON & REINDEL LLP

-4-

F.2d 265, 270 (2d Cir. 1984) (holding that a defendant's statement that "tended to disprove the state of mind required for conviction" should have been admitted under 803(3)).

### *Defense Exhibit 1472*

Defense Exhibit 1472 is a December 17, 2019 text message exchange between Mr. Milton and Chief Legal Officer Worthen. In the text messages, Chief Legal Officer Britton Worthen—after seeing Mr. Milton appear on Fox Business Network—wrote to Mr. Milton, "great job!! Well done my friend". Defense Exhibit 1472 is relevant and highly probative to Mr. Milton's good faith defense and state of mind because it demonstrates that Chief Legal Officer Worthen provided positive feedback to Mr. Milton after he appeared on television, effectively approving of Mr. Milton speaking publicly to promote Nikola. This exhibit shows that Mr. Milton reasonably believed that his statements were consistent with the views of senior executives at Nikola, and it further demonstrates that senior officers at Nikola were viewing his media appearances.

Defense Exhibit 1472 is not hearsay because the defense does not offer it for the truth of the matter asserted. That is, the defense does not offer it prove that Mr. Milton in fact performed well on television. Rather, the defense seeks to admit Defense Exhibit 1472 to demonstrate the effect the message had on Mr. Milton and to provide notice to Mr. Milton that others were viewing his media appearances and would react upon watching. *See United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) ("[A] statement offered to show its effect on the listener is not hearsay.").

### *Defense Exhibit 1476*

Defense Exhibit 1476 is an email from Mr. Milton to Steve Girsky, CEO Mark Russell, CFO Kim Brady, and others, discussing the recorded call announcing the VTIQ merger. Mr. Milton stated, "We are going to have to postpone this. No way to get legal to sign off on this and everyone's comments before 33." This exhibit is highly relevant to Mr. Milton's good faith defense because it demonstrates that he was conscientiousness with respect to the need to exercise care in public statements, including by relying on Nikola's legal department to review the company's communications. The exhibit further refutes evidence presented by the government that Mr. Milton acted cavalierly or without checking with others at the company.

Defense Exhibit 1476 is not hearsay because the defense does not offer it for the truth of the matter asserted. That is, the defense does not offer Defense Exhibit 1476 to show that, in fact, there was literally no way that the legal department could have signed off in time. Rather, the defense offers Defense Exhibit 1476 to demonstrate Mr. Milton's desire to rely on the legal department to review public statements.

Defense Exhibit 1476 also is admissible under Rule 803(3) because it tends to disprove the state of mind that the government must prove in this case. *United States v. DiMaria*, 727

CAHILL GORDON & REINDEL LLP

-5-

F.2d 265, 270 (2d Cir. 1984) (holding that a defendant's statement that "tended to disprove the state of mind required for conviction" should have been admitted under Rule 803(3)).

### *Defense Exhibit 1491*

Defense Exhibit 1491 is an email chain between Mr. Milton and Chief Legal Officer Britton Worthen dated March 2, 2020 with the subject line "Okay with this language for social media." Mr. Milton emailed Mr. Worthen about a social media post regarding the potential merger between Nikola and VTIQ asking: "Who is our SEC attorneys? [sic] I need approval on stuff. I'd like to use this." Mr. Worthen responded "just forward on."

The email communication is relevant because it demonstrates that Mr. Milton specifically sought approval for "language for social media." Worthen's response, "Just forward on," clearly gave Mr. Milton tacit approval for his proposed language. This response and the corresponding effect on Mr. Milton's state of mind goes directly to his good faith.

The email chain is not hearsay because it is not being admitted for its truth, that Mr. Milton literally "needed" approval on "stuff like this," but that Mr. Milton *believed* that he needed approval. Mr. Milton's inquiry about the identity of Nikola's SEC attorneys has no truth value but is merely a question. The Court admitted DX-1497, an email where Mr. Milton made a similar statement "We need a good SEC attorney" over the government's hearsay objection. *See* Tr. Sept. 28, 2022 at 1931:2–1932:10.

### III. The Court Should Admit Defense Exhibits 533 and 1435 Because They Are Relevant, Non-Hearsay Documents or Fall Within a Hearsay Exception.

### *Defense Exhibit 533*

Defense Exhibit 533 is a July 20, 2020 email from Nicole Rose to Vince Caramella telling Mr. Caramella, in response to Elizabeth Fretheim's email regarding concerns about the TeslaCharts podcast, that there "was more context around each of the items on this list so in my opinion they don't come off quite as strong." This exhibit is relevant to show that Ms. Rose did not agree with Ms. Fretheim's assessment of Mr. Milton's TeslaCharts interview.

This email chain is admissible as a business record under Rule 803(6). Mr. Milton's podcasts were reviewed in the regular course of Nikola's business. Stephanie Amzallag testified that Mr. Caramella was sometimes part of the team that reviewed things posted to social media (as the TeslaCharts podcast was). *See* Tr. Sept. 21, 2022 1346:23–1346:2. Accordingly, the review evidenced in this email is part of the regular course of Nikola's business.

CAHILL GORDON & REINDEL LLP

-6-

*Defense Exhibit 1435*

Defense Exhibit 1435 is an email exchange between Mr. Milton and Nicole Rose in which Ms. Rose asks Mr. Milton if he needed anything for the JMac interview and whether she should be present for the JMac interview. Mr. Milton responded that she should "feel free to come up to my office and we can do them there" and that it "would be good to have you here for them in case I need anything." The transcript of the JMac interview is in evidence as GX-408T, and the government alleges that Mr. Milton made misstatements during this interview regarding the Badger pickup truck.

This email exchange is highly relevant to Mr. Milton's good faith defense, because the plain language demonstrates that Mr. Milton did not intend to conceal or misrepresent anything. To the contrary, Mr. Milton wanted a member of Nikola's public relations team to be present while he conducted one of the interviews at issue in this case. This email exchange bears directly on Mr. Milton's good faith and lack of criminal intent.

Defense Exhibit 1435 is not hearsay because the defense does not offer it for the truth of the matter asserted. That is, the defense does not offer the email to prove that Ms. Rose should literally "feel free" and that it actually "would be good" for her to be present during the interview. Rather, the defense offers Defense Exhibit 1435 to demonstrate that Mr. Milton requested that she be present.

Defense Exhibit 1435 also should be admitted to complete the record and in the interest of fairness. The government moved the JMac podcast into evidence only at the close of its case. Therefore, the defense did not have the opportunity to question any witness about the podcast, or Mr. Milton's process for preparing for or recording the podcast. Accordingly, the Court should admit Defense Exhibit 1435 for purposes of completeness under Rule 106 because it ought "in fairness . . . to be considered." Fed. R. Evid. 106. The defense is not prohibited from offering evidence under Rule 106 even though it did not offer such evidence contemporaneously at trial. Fed. R. Evid. 106 (Advisory Committee Note) ("The rule does not in any way circumscribe the right of an adversary to develop the matter on cross-examination or as part of his own case."); *Phoenix Assocs. III v. Stone*, 60 F.3d 95, 103 (2d Cir. 1995) ("While the wording of Rule 106 appears to require the adverse party to proffer the associated document or portion contemporaneously with the introduction of the primary document, we have not applied this requirement rigidly.").

The Court should admit DX 89, 245, 246, 527, 533, 1435, 1472, 1476, and 1491 for the reasons discussed in this letter.

CAHILL GORDON & REINDEL LLP

-7-

Respectfully submitted,

/s/ Bradley J. Bondi
Bradley J. Bondi
CAHILL GORDON & REINDEL LLP
1990 K Street NW, Suite 950
Washington, DC 20006
(202) 862-8910
BBondi@cahill.com

Marc L. Mukasey
MUKASEY FRENCHMAN LLP
570 Lexington Avenue, Suite 3500
New York, NY 10022
(212) 466-6400
Marc.Mukasey@mfsllp.com

***Counsel for Trevor Milton***

cc:   Counsel of Record (by ECF)