*Exhibit A*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

21 Cr. 478 (ER)

TREVOR MILTON,

Defendant.

## JURY INSTRUCTIONS

# Contents

I.      INTRODUCTORY INSTRUCTIONS................................................................1

ROLE OF THE COURT AND THE JURY ...................................................................1

THE PARTIES ...........................................................................................................2

PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF ...............................2

REASONABLE DOUBT .............................................................................................3

SUMMARY OF THE INDICTMENT ..........................................................................3

II.     THE INDICTMENT: .........................................................................................5

COUNT ONE—SECURITIES FRAUD UNDER TITLE 15:  THE NATURE AND ELEMENTS OF THE OFFENSE ................................................................................5

    1.   First Element:  Securities Fraud—Scheme or Artifice to Defraud ...................6

    2.   Second Element:  State of Mind .....................................................................9

    3.   Third Element:  Interstate Commerce ...........................................................11

COUNT TWO—SECURITIES FRAUD UNDER TITLE 18:  THE NATURE AND ELEMENTS OF THE OFFENSE ..............................................................................11

    1.   First Element:  Scheme or Artifice to Defraud ...........................................12

    2.   Second Element:  Criminal Intent.................................................................12

    3.   Third Element:  Connection to the Purchase or Sale of Securities ..............12

COUNTS THREE AND FOUR—WIRE FRAUD:  ELEMENTS OF THE OFFENSE ...................................................................................................................................13

    1.   First Element:  Scheme to Defraud...............................................................13

    2.   Second Element:  Knowing Participation in Scheme with Intent to Defraud 15

    3.   Third Element—Use of Wires ......................................................................18

GOOD FAITH ..........................................................................................................18

VENUE.....................................................................................................................19

VARIANCE IN DATES.............................................................................................20

PERSONS NOT ON TRIAL .....................................................................................20

DEFENDANT'S TESTIMONY ..................................................................................21

DEFENSE THEORY .................................................................................................21

III.    EVALUATION OF EVIDENCE......................................................................22

WHAT IS AND IS NOT EVIDENCE ........................................................................22

DIRECT AND CIRCUMSTANTIAL EVIDENCE .....................................................23

RULINGS ON EVIDENCE AND OBJECTIONS.......................................................24

INFERENCES ..........................................................................................................24

ADVICE OF COUNSEL............................................................................................25

CREDIBILITY OF WITNESSES ..............................................................................25

BIAS OF WITNESSES .............................................................................................27

UNCALLED WITNESSES........................................................................................28

NUMBER OF WITNESSES ......................................................................................28

EXPERT WITNESSES .............................................................................................28

LAW ENFORCEMENT WITNESS ...........................................................................29

PREPARATION OF WITNESSES.............................................................................30

CHARTS AND SUMMARIES ...................................................................................30

USE OF AUDIO RECORDING.....................................................................................31
STIPULATIONS ...........................................................................................................31
FALSE EXCULPATORY STATEMENTS .................................................................31
SYMPATHY OR BIAS.................................................................................................32
PUNISHMENT..............................................................................................................32
IV.    **DELIBERATIONS** .......................................................................................................**33**
DUTY TO DELIBERATE–UNANIMOUS VERDICT..................................................33
ALL JURORS REQUIRED FOR DELIBERATION ....................................................34
JUROR NOTE-TAKING ..............................................................................................34
RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS
WITH THE COURT......................................................................................................34
DUTIES OF THE FOREPERSON.................................................................................35
VERDICT FORM ..........................................................................................................35
V.    **CONCLUSION** .............................................................................................................**35**
ALTERNATE JURORS..................................................................................................36

Members of the Jury, we have almost reached that point where you will begin your final function as jurors.  As you all appreciate, this is one of the most important duties of citizenship in this country.

My instructions to you will be in four parts.  First, I will give some introductory instructions about the role of the Court and of the Jury, and about the presumption of innocence and the Government's burden of proof.  Second, I will describe the charges and the law governing those charges, which you will apply to the facts as you find them to be established by the proof.  Third, I will give you instructions concerning the evaluation of evidence.  The fourth and final section of these instructions will relate to your deliberations.

## I.    INTRODUCTORY INSTRUCTIONS

### ROLE OF THE COURT AND THE JURY

I will first describe the role of the Court and of the Jury.

It is my duty to instruct you as to the law, and it is your duty to accept these instructions of law and apply them to the facts as you determine them.  If an attorney stated a legal principle different from any that I state to you in my instructions, it is my instructions you must follow.  You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate. You should not be concerned about the wisdom of any rule that I state.  Regardless of any opinion you may have about what the law may be or ought to be, it would be a violation of your oath to base your verdict on any view of the law other than that which I give you.

You, the members of the Jury, are the sole and exclusive judges of the facts.  You pass on the evidence, determine the credibility of witnesses, resolve such conflicts as

1

there may be in the testimony, draw whatever reasonable inferences you decide to draw from the facts as you determine them, and determine the weight of the evidence.  In doing so, remember that you took an oath to render judgment impartially and fairly, without prejudice or sympathy or fear, based solely on the evidence and the applicable law.

### THE PARTIES

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that given to any other party to this litigation.  By the same token, the Government is entitled to no less consideration.

### PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

The defendant, Trevor Milton, has pleaded not guilty and has denied every charge against him.  That means the Government has the burden to prove him guilty beyond a reasonable doubt.  That burden of proof never shifts to Mr. Milton.  A defendant in a criminal case never has the burden to call any witnesses or produce any evidence.  Even though Mr. Milton has presented evidence in his defense, it is not his burden to prove himself not guilty.  It is always the Government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

In other words, Mr. Milton starts with a clean slate.  He is presumed innocent of all charges against him, and he must be presumed to be innocent by you throughout your deliberations, until such time, if ever, that you as a jury, unanimously find that the Government has proven him guilty beyond a reasonable doubt.  The presumption of innocence alone requires you to acquit Mr. Milton if the Government fails to prove him guilty beyond a reasonable doubt.

### REASONABLE DOUBT

Since, in order to convict Mr. Milton of a given charge, the Government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the Government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to Mr. Milton's guilt with respect to a particular charge against him, you must find him not guilty of that charge. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Mr. Milton's guilt with respect to a particular charge against him, you should find him guilty of that charge.

### SUMMARY OF THE INDICTMENT

Let us now turn to the specific charges in the Indictment. An Indictment is simply an accusation. It is no more than the means by which a criminal case is started. It creates no presumption, and it permits no inference that Mr. Milton is guilty. The Indictment in

3

this case is not evidence. It merely describes the charges made against Mr. Milton. It is a set of accusations. It may not be considered by you as evidence of Mr. Milton's guilt. Only the evidence or lack of evidence introduced at the trial in this case decides that issue.

The Indictment alleges that from approximately November 2019 through September 2020, Mr. Milton devised a scheme to defraud investors in his company, Nikola, an electric and hydrogen-powered vehicle and energy company, through false and misleading statements regarding the company's product, technology, and business development. It also alleges that from approximately April 2020 through March 2021, Mr. Milton devised a scheme to obtain money and property by means of false and fraudulent pretenses in connection with his purchase of Wasatch Creeks Ranch.

The Indictment contains four counts, or charges. I will, at times, refer to each count by the number assigned to it in the Indictment. You should know that there is no significance to the order of these charges or the specific number of counts charged. In your deliberations and in reaching your verdict, you must consider each count separately. You must return a separate verdict as to each count.

Counts One, Two, and Three relate to Mr. Milton's alleged actions to defraud investors from November 2019 to September 2020. Count One charges Mr. Milton with securities fraud under Title 15 of the United States Code. Count Two charges Mr. Milton with securities fraud under Title 18 of the United States Code. Count Three charges Mr. Milton with wire fraud as to those same actions from November 2019 to September 2020. Count Four charges Mr. Milton with wire fraud as to his actions from April 2020 through March 2021 relating to his purchase of Wasatch Creeks Ranch.

4

In a few moments, I will instruct you on each of these charges in more detail.

You must consider each individual charge separately and evaluate each on the proof or lack of proof that relates to that charge. You must consider whether the Government has carried its burden of proof with respect to each element of each count. Your verdict on any single count should not control your decision on any other count. I will provide you with a verdict form, and you will need to report the results of your deliberations on the verdict form.

## II.    THE INDICTMENT:

### COUNT ONE—SECURITIES FRAUD UNDER TITLE 15:  THE NATURE AND ELEMENTS OF THE OFFENSE

Let us turn first to Count One, the Title 15 securities fraud charge. Count One alleges that from November 2019 through September 2020, Mr. Milton devised a scheme to defraud investors in his company, Nikola, through false and misleading statements regarding the company's product, technology, and business development. The law provides, in relevant part:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . . [t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, or any security-based swap agreement, … any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

In order to meet its burden of proof on this Count, the Government must prove each of the following three elements beyond a reasonable doubt:

5

*First*, that in connection with the purchase or sale of securities, Mr. Milton did *any one* or more of the following:

(1) employed a device, scheme or artifice to defraud, *or*

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, *or*

(3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

*Second*, that Mr. Milton acted knowingly, willfully, and with an intent to defraud; and

*Third*, that in furtherance of the fraudulent conduct, there occurred at least one use of any means or instrument of transportation or communication in interstate commerce, or the use of the mails, or the use of any facility of any national securities exchange.

### 1.   **First Element:  Securities Fraud—Scheme or Artifice to Defraud**

The first element that the Government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of securities, Mr. Milton did any one or more of the following:  (1) employed a device, scheme, or artifice to defraud; (2) made an untrue statement of material fact, or omitted to state a material fact which made what was said, under the circumstances, misleading; or (3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller of Nikola or VectoIQ securities.

A "device, scheme, or artifice to defraud" is merely a plan to accomplish a fraudulent objective.  A "scheme to defraud" is a pattern or course of conduct concerning a material matter designed to deceive a person.  "Fraud" is a general term that embraces

all efforts and means that individuals devise to deceive and take advantage of others.

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was made with the intention to deceive. The concealment of material facts in a manner that makes what is said or represented deliberately misleading may also constitute false or fraudulent statements under the statute. The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.

It is not necessary for the Government to establish all three types of fraudulent conduct. But to find the Government has proven the first element, you must be unanimous as to at least one type of conduct you find to have been proven beyond a reasonable doubt.

**"In Connection With"**

You cannot find that the Government has proven the first element of securities fraud unless you find that Mr. Milton participated in fraudulent conduct that was "in connection with" a purchase or sale of securities. The requirement that the fraudulent conduct be "in connection with" a purchase or sale of securities is satisfied so long as there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct coincided with a securities transaction. You need not find that Mr. Milton actually participated in any

7

specific purchase or sale of a security if you find that he participated in fraudulent conduct that was "in connection with" a "purchase or sale" of securities.

It is not necessary for you to find that Mr. Milton was or would be the actual seller of the securities. It is sufficient if the misrepresentation or omission of material fact involved the purchase or sale of securities. By the same token, the Government need not prove that he personally made the misrepresentation or that he omitted the material fact. It is sufficient if the Government establishes that Mr. Milton caused the statement to be made or the fact to be omitted. With regard to the alleged misrepresentations and omissions, you must determine whether the statements were true or false when made, and, in the case of alleged omissions, whether the omissions were misleading.

**Material Fact**

If you find that the Government has established beyond a reasonable doubt that a statement was false or a statement was omitted rendering the statements that were made misleading, you must next determine whether the statement or omission was material under the circumstances. The word "material" here refers to the nature of the false or misleading statements. We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance. Matters that are "material" may also include fraudulent half-truths or omissions of material fact. A material fact is one as to which there is a substantial likelihood that a reasonable investor would have considered important in making his or her investment decision in light of the total mix of information publicly available. That means that if you find a particular statement of fact or omission to have been untruthful or misleading, before you can find that statement or omission to be material, you must also find that the statement or

8

omission was one that would have mattered to a reasonable investor in making their decision.

In considering whether a statement or omission was material, let me caution you that it is not a defense if the material misrepresentation or omission would not have deceived a person of ordinary intelligence. In addition, a written disclaimer cannot render any misrepresentation, including any oral misrepresentation, immaterial as a matter of law. Once you find that the offense involved the making of material misrepresentations or omissions of material facts, it does not matter whether any of the victims involved were careless, gullible, or even negligent, or that they might have uncovered the scheme on their own had they probed more deeply, because the law protects the gullible and unsophisticated as well as the experienced investor.

Nor does it matter whether the alleged unlawful conduct was or would have been successful, or whether the defendant profited or would have profited as a result of the alleged scheme. Success is not an element of the offense. If, however, you find that the defendant expected to or did profit from the alleged scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

## 2. **Second Element:  State of Mind**

The second element of the Title 15 securities fraud charge in Count One relates to Mr. Milton's state of mind. If you find that the Government has met its burden of proving the first element — that is, the element I just explained — the Government must then prove beyond a reasonable doubt that Mr. Milton engaged in the scheme knowingly, willfully, and with an intent to defraud. To act knowingly means to act intentionally, deliberately, and voluntarily, rather than by mistake, accident, ignorance, or carelessness.

To act willfully means to act voluntarily and with a wrongful purpose.

Whether Mr. Milton acted knowingly, willfully, and with an intent to defraud is a question of fact for you to determine, like any other fact question. Direct proof of knowledge and intent to deceive is not required. Knowledge and criminal intent may, like any other fact, be established by circumstantial evidence. What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you evidence of certain actions and statements by Mr. Milton. The Government contends that these actions and statements show beyond a reasonable doubt Mr. Milton's knowledge of the unlawful purposes of his actions. On the other hand, Mr. Milton denies either that these acts and statements occurred or that they show that he had such knowledge, intent, and purpose. It is for you to determine whether the Government has established beyond a reasonable doubt that Mr. Milton had such knowledge, intent, and purpose.

Please note that if Mr. Milton honestly believed that his statements and actions were proper and not in furtherance of any unlawful scheme, then such good faith would be a complete defense to all of the charges here. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be. Thus, by way of example, if Mr. Milton honestly believed that his statements to investors were accurate and not misleading, that would be a complete defense to the charge of securities fraud, even if that belief ultimately proved to be inaccurate. However, the defendant does not bear the burden of proving his good

10

faith; it remains at all times the Government's burden to prove, beyond a reasonable doubt, that the defendant acted knowingly, willfully, and with an intent to defraud.

### 3. Third Element: Interstate Commerce

With respect to Count One, the Title 15 securities fraud charge, the third and final element that the Government must prove beyond a reasonable doubt is that Mr. Milton used, or caused to be used, the mails or the instrumentalities of interstate commerce in furtherance of the alleged scheme to defraud.

The parties agree that this element has been met.

## COUNT TWO—SECURITIES FRAUD UNDER TITLE 18:  THE NATURE AND ELEMENTS OF THE OFFENSE

Count Two charges Mr. Milton with securities fraud under Title 18 of the United States Code.  The law provides, in relevant part, that a person is guilty of the crime of securities fraud if he

> knowingly executes, or attempts to execute, a scheme or artifice—(1) to defraud any person in connection with any . . . security of an issuer with a class of securities registered under section 12 of the Securities Exchange Act of 1934 . . .; or (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any money or property in connection with the purchase or sale of any commodity for future delivery, or any option on a commodity for future delivery, or any security of an issuer with a class of securities registered under section 12 of the Securities Exchange Act of 1934.

To prove that the defendant committed this crime, the Government must prove each of the following elements beyond a reasonable doubt:

*First*, that the defendant executed a scheme or artifice either (a) to defraud a person or (b) to obtain money or property by means of  materially false and fraudulent pretenses, representations, or promises;

*Second*, that the defendant knowingly and willfully participated in the scheme or artifice; and

*Third*, that the scheme to defraud was in connection with the purchase or sale of stock in a company whose securities were registered under Section 12 of the Securities Exchange Act of 1934 or was otherwise required to file reports under that Act.

### 1. First Element:  Scheme or Artifice to Defraud

As I instructed you earlier, a scheme or artifice to defraud is merely a plan to accomplish a fraudulent objective.  A "scheme to defraud" is a pattern or course of conduct concerning a material matter designed to deceive a person.  "Fraud" is a general term that embraces all efforts and means that individuals devise to deceive and take advantage of others.

I will instruct you on the meaning of "materially" or a "material fact" in this context in a few moments when I discuss Counts Three and Four.  You should apply that definition to Title 18 securities fraud in Count Two as well.

### 2. Second Element:  Criminal Intent

As I instructed you earlier, to act knowingly means to act intentionally, deliberately, and voluntarily, rather than by mistake, accident, ignorance, or carelessness. To act willfully means to act voluntarily and with a wrongful purpose.

To prove specific intent to defraud, the Government must prove that Mr. Milton intended to deceive the alleged victims and intended to harm them by depriving them of money or property.

### 3. Third Element:  Connection to the Purchase or Sale of Securities

With respect to the third element, as I instructed you with respect to Count I with

respect to the third element, a scheme to defraud is connected to the purchase or sale of a security if you find that the alleged conduct coincided with a securities transaction. It is not necessary for you to find that the defendant actually purchased or sold securities. As a matter of law, the shares of Nikola and VectoIQ were securities registered under Section 12 of the Securities Exchange Act.

## COUNTS THREE AND FOUR—WIRE FRAUD: ELEMENTS OF THE OFFENSE

Counts Three and Four of the Indictment charge Mr. Milton with committing wire fraud, in violation of Title 18, United States Code, Sections 1343. The law provides that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, [shall be guilty of a federal crime].

In order to prove Mr. Milton guilty of wire fraud, the Government must establish beyond a reasonable doubt the following elements of the crime of wire fraud:

*First*, that there was a scheme or artifice to defraud the victims of money or property or to obtain money or property by false or fraudulent pretenses, representations, or promises;

*Second*, that the defendant knowingly and willfully participated in the scheme or artifice to defraud with knowledge of its fraudulent nature and with specific intent to defraud; and

*Third*, that in execution of the scheme or artifice, the defendant used, or caused the use of, interstate wires.

1. **First Element: Scheme to Defraud**

13

As I instructed you earlier, a scheme or artifice to defraud is merely a plan to accomplish a fraudulent objective. A "scheme to defraud" is a pattern or course of conduct concerning a material matter designed to deceive a person. "Fraud" is a general term that embraces all efforts and means that individuals devise to deceive and take advantage of others.

The wire fraud statute provides that it can be satisfied by the existence of a scheme or artifice to defraud the victims of money or property or to obtain money or property by means of false or fraudulent pretenses, representations, or promises. A pretense, representation, statement, or document is fraudulent if it was made falsely and with intent to deceive. A representation, statement, claim, or document may also be fraudulent if it contains half-truths or if it conceals material facts in a manner that makes what is said or represented deliberately misleading or deceptive.

The deception need not be premised on spoken or written words alone. The arrangement of words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished does not matter.

This element does not require that any particular person actually relied on, or actually suffered damages as a consequence of, any fraudulent representation or concealment of facts. Nor need you find that Mr. Milton profited from the fraud. It is enough that a false statement, or a statement omitting material facts that made what was said deliberately misleading, was made as part of a fraudulent scheme in the expectation that it would be relied on. You must concentrate on whether there was such a scheme, not on the consequences of the scheme. Of course, proof concerning the accomplishment

14

of the goals of the scheme may be evidence of the existence of the scheme itself.

In addition, the false or fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in making a decision. That means that, if you find a particular statement or representation false, you must determine whether that statement or representation was one that a reasonable person would have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions, that is, failures to disclose facts in a manner that makes what is said or represented misleading or deceptive. On this point, I also note that contractual disclaimers of reliance on prior misrepresentations do not render those misrepresentations immaterial as a matter of law under the criminal wire fraud statute.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

If you find beyond a reasonable doubt that a scheme to defraud did exist, you next should consider the second element of wire fraud.

2. **Second Element:  Knowing Participation in Scheme with Intent to Defraud**

The second element that the Government must prove beyond a reasonable doubt under Counts Three and Four is that Mr. Milton devised the scheme to defraud knowingly, willfully, and with specific intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you. To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to

15

associate oneself with it with a view and intent toward making it succeed.

In order to satisfy this element, it is not necessary for the Government to establish that Mr. Milton originated the scheme to defraud.  It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that Mr. Milton, while aware of the scheme's existence, knowingly participated in it.

It is also not required that Mr. Milton participated in or had knowledge of all of the operations of the scheme.  The guilt of a particular defendant is not governed by the extent of his or her participation.

As I have previously noted, before the defendant may be convicted of the fraud charged here, he must also be shown to have acted knowingly and willfully and with a specific intent to defraud.

To act "knowingly" means to act voluntarily and deliberately, and not because of ignorance, mistake, accident, or carelessness.

To act "willfully" means to act voluntarily and with a wrongful purpose.

Mr. Milton acted with specific intent to defraud if he engaged or participated in the fraudulent scheme with some realization of its fraudulent or deceptive character and with an intention to be involved in the scheme to defraud and to help it succeed with a purpose of causing harm to the victim.  The Government need not prove that the intended victim or victims was or were actually harmed; only that such harm was contemplated. Actors are presumed to intend the natural and probable consequences of their actions. So, when the necessary result of the actor's scheme is to injure others, fraudulent intent may be inferred from the scheme itself.  In addition, the Government need not prove that the intent to defraud was the only intent of Mr. Milton.  A defendant may have the

16

required intent to defraud even if the defendant was motivated by other lawful purposes as well.

The question of whether a person acted knowingly, willfully, and with specific intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind. Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he or she committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent are subjective. Such knowledge and intent may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom. Circumstantial evidence, if believed, is of no less value than direct evidence.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether the defendant possessed or lacked an intent to defraud, you need not limit yourself to just what the defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.

As a practical matter, then, in order to sustain the charges against Mr. Milton, the Government must establish beyond a reasonable doubt that he knew that his conduct was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent

17

conduct for the purpose of causing some loss to another.

### 3. Third Element—Use of Wires

The third and final element that the Government must establish beyond a reasonable doubt to sustain its burden under Counts Three and Four, the wire fraud charges, is that interstate wires (for example, phone calls, email communications, text messages, bank wire transfers, or online document filings) were used in furtherance of the scheme to defraud.

The parties agree that this element has been met.

### GOOD FAITH

Good faith on the part of Mr. Milton is a complete defense to each and every one of the charges in this case. If Mr. Milton believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, he cannot be found guilty. An honest mistake, or even carelessness, does not rise to the level of criminal conduct. By way of example, if Mr. Milton honestly believed that his statements to investors were accurate and not misleading, that would be a complete defense to the securities fraud charges, even if that belief ultimately proved to be inaccurate. Let me remind you that Mr. Milton has no burden to prove his good faith. Rather, the Government must prove bad faith and intent to defraud beyond a reasonable doubt. If the evidence in this case leaves you with a reasonable doubt as to whether Mr. Milton acted in bad faith, or with an intent to defraud, then you must find him not guilty.

In considering whether or not a defendant acted in good faith, however, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no investors would lose any money does not necessarily

18

constitute good faith. No amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him.

## VENUE

With respect any given count you are considering, the Government, in addition to proving the essential elements of that charge, must also prove that at least one act in furtherance of the charge occurred in the Southern District of New York. This requirement is called venue. The Southern District of New York is the judicial district that includes Manhattan and the Bronx, and Westchester (which includes Mamaroneck, New York) and Orange Counties, as well as several other counties not relevant to this case.

The Government does not have to prove that a completed crime was committed within the Southern District of New York, or that Mr. Milton was ever in the Southern District of New York. With respect to Counts One and Two, it is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred in this District. The act itself need not be a criminal act. It could include, for example, executing a securities trade within this District, or the transmission of a communication or wire in furtherance of the scheme into or out of the District. With respect to Counts Three and Four, it is sufficient to satisfy the venue requirement if the defendant caused any interstate wire, such as an email, phone call, or television or internet broadcast to be transmitted into or out of the District. The wire need not itself be criminal, as long as it was transmitted or caused to be transmitted as part of the scheme. And the act need not have been taken by Mr. Milton, so long as the act was part of the crime that you find he

19

committed.

Unlike the elements of the offenses which must be proven beyond a reasonable doubt, the Government is only required to prove venue by a preponderance of the evidence. A preponderance of the evidence means that it is more probable than not that some act in furtherance of the crime you are considering occurred in this District.

Thus, with respect to each of the four counts, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime charged occurred within this district, even if other acts in furtherance of the crime charged occurred outside of this district. If you find that the Government has failed to prove this venue requirement, then you must acquit Mr. Milton of this charge.

## VARIANCE IN DATES

The Indictment refers to various dates. The Government does not need to prove that an act occurred during a specific time period or on a specific date. I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month, but the testimony indicates that in fact it was a different date or month. The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

## PERSONS NOT ON TRIAL

You may not draw any inference, favorable or unfavorable, towards the Government or Mr. Milton, from the fact that any person other than Mr. Milton is not on trial here. You also may not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your

20

function as jurors.

## DEFENDANT'S TESTIMONY

A defendant in a criminal case never has any duty to testify or come forward with any evidence. That is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and Mr. Milton is presumed innocent.

In this case, Mr. Milton did not testify. Under our Constitution, a defendant has no obligation to testify or to present any evidence because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he is innocent.

You must not attach any significance to the fact that Mr. Milton did not testify. You may not draw adverse inferences against Mr. Milton because he did not take the witness stand. You may not consider the decision not to testify in any way in your deliberations in the jury room. There are many reasons why an innocent person may choose not to testify.

## DEFENSE THEORY

I will now tell you about one of Mr. Milton's theories of defense. It is important to keep in mind that by explaining his defense, the burden remains on the Government to prove each charge beyond a reasonable doubt. With respect to Counts Two and Three, Mr. Milton contends that he did not intend to harm the alleged victims by depriving them of money or property. Therefore, he contends, he believed that people who purchased Nikola stock during the relevant period were not defrauded. Similarly, with respect to Count Four, Mr. Milton contends that he did not intend to harm Peter Hicks by depriving

21

him of money or property.

III.     **EVALUATION OF EVIDENCE**

**WHAT IS AND IS NOT EVIDENCE**

You are to consider only the evidence in the case.  The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulations to which the parties have agreed.  Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

Exhibits which may have been marked for identification but not received into evidence may not be considered by you as evidence.  Only those exhibits received into evidence may be considered as evidence.

It is for you alone to decide the weight, if any, to be given to the testimony and stipulations you have heard and the exhibits you have seen.  Testimony that I have excluded or stricken is not evidence and may not be considered by you in rendering your verdict.

You are not to consider as evidence questions asked by the lawyers.  It is the witnesses' answers that are evidence, not the questions.  Arguments or objections by the attorneys are not evidence because the attorneys are not witnesses.  What they have said to you in their opening statements and their summations is intended to help you understand the evidence to reach your verdict.  If, however, your recollection of the evidence differs from the statements made by the attorneys in their opening statements or summations, go with your recollection of the evidence.

Finally, any statements or rulings that I may have made do not constitute evidence.  Because you are the sole and exclusive judges of the facts, I do not mean to

22

indicate any opinion as to what the facts are or what the verdict should be. The rulings I have made during the trial are not any indication of my views. Also, you should not draw any inference from the fact that I may on occasion have asked certain questions of witnesses. Those questions were intended only to clarify or expedite and are not an indication of my view of the evidence. In short, if anything I have said or done seemed to you to indicate an opinion on any matter you need to consider, you must disregard it.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is called direct evidence. One kind of direct evidence is a witness's testimony about something they know by virtue of their own senses— something the witness has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact, indirectly, by proof of other facts. Here is a simple example of circumstantial evidence:

Assume that when you came into the courthouse this morning the sun was shining, and it was a nice day. Assume that the courtroom blinds are drawn, and you cannot look outside. As you are sitting here, someone walks in with an umbrella that is dripping wet. Somebody else then walks in with a raincoat that is also dripping wet. You cannot look outside the courtroom and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But on the combination of the facts that I have asked you to assume, it would be reasonable and logical for you to conclude that between the time you arrived at the courthouse and the time these people walked in, it

23

had started to rain.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Many facts, such as a person's state of mind, can only rarely be proved by direct evidence. Circumstantial evidence is of no less value than direct evidence. You are to consider both types of evidence. The law makes no distinction between the two, but simply requires that before convicting a defendant you, the Jury, must be satisfied of the defendant's guilt beyond a reasonable doubt from all the evidence in the case.

## RULINGS ON EVIDENCE AND OBJECTIONS

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not admissible. Counsel also have the right and duty to ask the Court to make rulings of law. All those questions of law must be decided by me. You should not show any prejudice against an attorney, or his client, because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the Jury, or asked the Court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence or the lack of evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence. If, however, I sustained an objection to any evidence, or if I ordered evidence stricken, that evidence must be entirely ignored.

## INFERENCES

I have used the term "infer," and the lawyers in their arguments have asked you to

24

draw inferences. When you draw an inference, you conclude, from one or more established facts, that another fact exists, and you do so on the basis of your reason, experience, and common sense. The process of drawing inferences from facts in evidence is not a matter of guesswork, suspicion, or speculation. An inference is a reasoned, logical deduction or conclusion that you, the Jury, may draw—but are not required to draw—from the facts which have been established by either direct or circumstantial evidence. In considering inferences, you should use your common sense and draw from the facts which you find to be proven whatever reasonable inferences you find to be justified in light of your experience.

## ADVICE OF COUNSEL

You have heard evidence that Nikola had lawyers. A lawyer's involvement with an individual or entity does not itself constitute a defense to any charge in this case. The defense has not claimed that the defendant's conduct was lawful because he acted on the advice of a lawyer.

## CREDIBILITY OF WITNESSES

Now, for the important subject of evaluating testimony. How do you evaluate the credibility or believability of the witnesses? The answer is that you use your plain common sense. There is no magic formula by which you can evaluate testimony. You should use the same tests for truthfulness that you would use in determining matters of importance in your everyday lives. You should ask yourselves: Did the witness impress you as honest, open, and candid, or was the witness evasive and edgy as if hiding something? How did he or she appear—that is, his or her bearing, behavior, manner, and appearance while testifying? How responsive was the witness to the questions asked on

25

direct examination and on cross-examination?  You should consider the opportunity the witness had to see, hear, and know about the things about which he or she testified; the accuracy of his or her memory; his or her candor or lack of candor; his or her intelligence; the reasonableness and probability of his or her testimony; its consistency or lack of consistency with other credible evidence; and its corroboration or lack of corroboration by other credible evidence.

In short, in deciding credibility you should size the witness up in light of his or her demeanor, the explanations given, his or her interest in the case, and all of the other evidence in the case.  Always remember to use your common sense, good judgment, and life experience.

Few people recall every detail of every event precisely the same way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential.

If you find that a witness is intentionally telling a falsehood, that is always a matter of importance you should weigh carefully.  If you find that any witness has willfully testified falsely as to any material fact—that is, as to an important matter—the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.  However, the law does not require you to consider such a witness totally unbelievable.  You may accept so much of his or her testimony as you deem true and disregard what you feel is false.

You are not required to accept testimony even though the testimony is

26

uncontradicted and the witness's testimony is not challenged. You may decide because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons, that the testimony is not worthy of belief. On the other hand, you may find, because of a witness's bearing and demeanor and based upon your consideration of all the other evidence in the case, that the witness is truthful.

By the processes which I have just described, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

## BIAS OF WITNESSES

In deciding whether to believe a witness, you should also specifically note any evidence of bias, hostility, or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating or not cooperating with a particular party. If you find any such bias, hostility, affection, interest, or motive, you must then consider whether or not it affected or colored the witness's testimony.

You should also take into account any evidence that a witness may benefit or suffer in some way from the outcome of the case. Such interest in the outcome may create a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given

27

by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's bias or interest has affected his or her testimony. You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

## UNCALLED WITNESSES

There are people whose names you heard during the course of the trial that did not appear in court to testify. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way. You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, and that the burden always rests with the Government to prove the defendant's guilt beyond a reasonable doubt.

## NUMBER OF WITNESSES

The fact that one party called more witnesses and introduced more evidence than the other, does not mean that you should find the facts in favor of the side offering the most witnesses. The burden of proof is always on the Government. Mr. Milton is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

## EXPERT WITNESSES

In this case, I have permitted certain witnesses to express their opinions about

28

matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.  As with the testimony of any other witness, you may decide to accept all, some, or none of the testimony of any expert witness.

**LAW ENFORCEMENT WITNESS**

You have heard the testimony of Special Agent Penland, a law enforcement witness who testified during this trial about certain charts and documents.  The fact that a witness is or was employed by the Government does not mean that her testimony deserves more or less consideration, or greater weight, than that of any other witness.  At the same time, it is legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that her testimony may be colored by a personal or professional interest in the outcome of the case.  It is your decision, after reviewing all

29

the evidence, whether to accept or reject the testimony of the witness and to give to that testimony whatever weight you find it deserves.

## PREPARATION OF WITNESSES

You have heard evidence that, prior to appearing in court, witnesses have discussed the facts of the case and their testimony with attorneys. Although you may consider this fact when you are evaluating a witness's credibility, I should tell you that there is nothing improper or unusual about a witness meeting with lawyers before testifying, so that the witness can be aware of the subjects he or she will be questioned about and can focus on those subjects and have the opportunity to prepare or review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

## CHARTS AND SUMMARIES

The parties presented exhibits in the form of charts and summaries. As you will recall, some of the charts and summaries were not admitted into evidence, but were shown to you as aids to make the other evidence more meaningful and to help you in considering the evidence. Others were admitted into evidence as exhibits. I admitted these charts and summaries in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. They are no better than the testimony or the documents upon which they are based. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based. It is for you to decide whether they correctly present the information contained in the testimony and in the exhibits upon which they

30

were based.

## USE OF AUDIO RECORDING

An audio recording has been admitted into evidence in this case.  This evidence was lawfully obtained by the Government, and properly admitted in this case.  Whether you approve or disapprove of the Government's use of the recording of this conversation may not enter your deliberations.  I instruct you that the Government's use of this evidence is entirely lawful.

## STIPULATIONS

You have heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed-upon facts as true.

## FALSE EXCULPATORY STATEMENTS

You have heard testimony that the defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which the defendant attempted to exculpate himself are false.  If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the Jury, to decide.

## SYMPATHY OR BIAS

Under your oath as jurors, you are to evaluate the evidence calmly and objectively, without sympathy or prejudice.  You are to be completely fair and impartial.  You are to be guided solely by the evidence in this case, and the crucial, bottom-line question that you must ask yourselves as you sift through the evidence is:  Has the Government proven the elements of the crimes charged beyond a reasonable doubt?

It would be improper for you to consider, in deciding the facts of the case, any personal feelings you may have about the race, religion, national origin, sex, disability, or age, of any party or witness, or any other such irrelevant factor.  It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.  All parties are entitled to the same fair trial at your hands.  They stand equal before the law and are to be dealt with as equals in this Court.  If you let fear or prejudice or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to Mr. Milton's guilt with respect to a particular count, you should not hesitate to render a verdict of acquittal on that charge.  But, on the other hand, if you should find that the Government has met its burden of proving Mr. Milton's guilt beyond a reasonable doubt with respect to a particular count, you should not hesitate because of sympathy or any other reason to render a verdict of guilty on that charge.

## PUNISHMENT

In determining whether the Government has proven the charges beyond a reasonable doubt, you should not consider the question of possible punishment, in the

32

event you are to find Mr. Milton guilty as charged. The duty of imposing a sentence rests exclusively upon the Court. Your function is to weigh the evidence in the case and to determine whether or not Mr. Milton is guilty beyond a reasonable doubt, solely upon the basis of such evidence or the lack of such evidence.

Therefore, I instruct you that you cannot allow a consideration of the punishment which may be imposed upon Mr. Milton, if he is convicted, to influence your verdict in any way, or in any sense enter into your deliberations.

## IV.    DELIBERATIONS

### DUTY TO DELIBERATE–UNANIMOUS VERDICT

You will now retire to decide the case. It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for yourself, but you should do so only after consideration of the case with your fellow jurors. Your verdict, and the answers to each question on the verdict form, must be unanimous. Discuss and weigh your respective opinions dispassionately, without sympathy, prejudice, or favor toward either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations. You should all listen to one another with courtesy and respect. If, after stating your own view, and if after listening to your fellow jurors, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view. On the other hand, do not surrender your honest convictions and beliefs

concerning the weight or effect of the evidence solely because of the opinions of your fellow jurors or because you are outnumbered or for the mere purpose of returning a verdict. Your final vote must reflect your conscientious belief as to how the issues should be decided. Your verdict must be unanimous.

## ALL JURORS REQUIRED FOR DELIBERATION

You are not to discuss the case until all jurors are present. Nine or ten or even eleven jurors together is only a gathering of individuals. Only when all jurors are present do you constitute a jury, and only then may you deliberate.

## JUROR NOTE-TAKING

If any of you took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations. Any notes you have taken are to be used solely to assist you and are not a substitute for the transcript of the testimony, which has been taken down verbatim by the court reporter, or the exhibits themselves. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. And please remember that if notes were taken during the lawyers' arguments, the lawyers' arguments are not evidence.

## RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH THE COURT

The exhibits will be sent to you in the jury room. If you want any of the testimony read back to you, that can be arranged. Please appreciate that it is not always easy to locate the testimony that you might want, so be as specific as you possibly can as to what witness and what portion of that witness's testimony you would like to hear.

34

Any communication with the Court should be made in writing, signed by your foreperson, and given to the Court Security Officer, who will be outside the jury room door while you deliberate.  I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person.  In any event, do not tell me or anyone else how the Jury stands on any issue until after a unanimous verdict is reached.  So do not ever indicate, in a note or otherwise, what the vote is or which way the majority is leaning or anything like that.

## DUTIES OF THE FOREPERSON

Your first task when you retire to deliberate is to select, by your own vote, one of you to sit as your foreperson.  The foreperson does not have any more power or authority than any other juror, and his or her vote or opinion does not count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  He or she will send out any notes.  When you have reached a unanimous verdict, you should send a note, signed by the foreperson.  The note should only say, "The jury has reached a unanimous verdict."  You should *not* indicate how you decided the case.  You will then return to open court where the foreperson will announce the verdict on behalf of the Jury.

## VERDICT FORM

The foreperson will receive a verdict form on which to record your verdict.  It lists the questions that you must resolve based on the evidence and the instructions that I have given you.  When the foreperson has completed the form, he or she must sign his or her name, and the form will be marked as a Court Exhibit.

V.    **CONCLUSION**

35

The most important part of this case, members of the Jury, is the part that you as jurors are about to play as you deliberate on the issues of fact. It is for you, and you alone, to decide whether the Government has proved beyond a reasonable doubt each of the essential elements of the crimes with which Mr. Milton is charged. If the Government has succeeded on a particular count, your verdict should be guilty as to that count; if it has failed, your verdict should be not guilty. I know you will try the issues that have been presented to you according to the oath that you have taken as jurors. In that oath you promised that you would well and truly try the issues in this case and render a true verdict according to the law and the evidence, impartially and fairly, without prejudice or sympathy. Your function is to weigh the evidence in the case and determine whether the Government has proved beyond a reasonable doubt Mr. Milton's guilt of the crimes charged in the Indictment.

As I previously stated, your verdict must be unanimous. Again, if at any time you are not in agreement, you are not to reveal the standing of the jurors—that is, the split of the vote—to anyone, including me, at any time during your deliberations.

### ALTERNATE JURORS

At this time, the regular jurors will begin their deliberations in the case. Nevertheless, the alternate jurors are not quite excused. While the Jury conducts its deliberations, you do not have to be in court, but you should give Ms. Rivera phone numbers where you can be reached, because it is possible that one or more of you could be needed to deliberate if a regular juror is unable to continue.

Ms. Rivera will call you if deliberations are completed without our needing you, so that you will know you are completely finished. Between now and then, you must

36

continue to observe all the restrictions I have instructed you on throughout the trial. That is, you must not discuss this case with anyone, including your fellow alternate jurors, the regular jurors, other people involved in the trial, members of your family, friends, co-workers, or anyone else. You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging, or by way of any other social networking websites, including Facebook and LinkedIn. Do not speak at all with any of the parties, the witnesses, or the attorneys. Do not permit anyone to discuss the case with you. Do not "friend" or "follow" one another, or any participant in this trial, on Facebook, Twitter, LinkedIn, or any other social networking website. Do not even remain in the presence of anyone discussing the case. If anyone approaches you and tries to talk to you about the case, please report that to me, through Ms. Rivera, immediately.

Do not listen to or watch or read any news reports concerning this trial if there were to be any; do not do any research on the Internet or otherwise; and do not visit any places mentioned during the trial or conduct any kind of investigation of your own, including on social media. Should you be asked to participate in reaching a verdict in this case, the only information you will be allowed to consider in deciding this case is what you learned in this courtroom during the trial.

To the alternate jurors: I'm sorry that you will probably miss the experience of deliberating with the Jury, but the law provides for a jury of twelve persons in this case. So, before the rest of the Jury retires into the jury room, if you have any clothing or objects there you are asked to pick them up and to withdraw before any deliberations start.

37