

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

May 12, 2023

<u>VIA ECF</u>

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Trevor Milton*, 21-cr-478 (ER)

Dear Judge Ramos,

      Defendant Trevor Milton respectfully submits this letter to bring to the Court's attention the Supreme Court's recent decision in *Ciminelli v. United States*, No. 21-1170, 598 U.S. ---, (U.S. May 11, 2023) (attached hereto). *Ciminelli* squarely rejects the government's spurious claim that "a defendant need not seek to obtain the money or property at issue to be guilty of wire fraud" (Opp. 26), and thus provides further support for Mr. Milton's post-trial motion for a judgment of acquittal on Count Three (*see* Mem. 37-42; Reply 13-15).

      In *Ciminelli*, the Supreme Court held that deception with the object of depriving a victim of "[t]he right to valuable economic information needed to make discretionary economic decisions" fails to establish federal property fraud. Slip Op. at 9. Consistent with the Solicitor General's concessions to the Supreme Court—which starkly contrasted with the position taken by the government here (*see* Reply 13-14)—the Court confirmed that "the government must prove not only that wire fraud defendants 'engaged in deception,' *but also that money or property was* '*an object of the fraud*.'" Slip Op. at 5 (quoting *Kelly v. United States*, 140 S. Ct. 1565, 1571 (2020)) (emphasis added). Justice Alito's concurrence likewise underscores that wire fraud requires proof a defendant sought "to obtain" or "did in fact obtain, by fraud, a traditional form of property." Alito, J., concurring at 1.

      Here, the trial evidence failed to establish that Mr. Milton deceptively obtained or sought to obtain *anything at all* from investors in Nikola's publicly traded stock, because most of the government's evidence focused on alleged deceit that occurred before there even *were* public investors, and *all* of the evidence related to alleged deceit occurring long before Mr. Milton was able to sell NKLA stock. (Mem. 39-42; Reply 13-14). Even assuming the government proved deceit, the evidence at most established Mr. Milton deprived shareholders of "information" regarding "the valuation of a corporation." *Ciminelli*, Slip. Op. at 7 n.4. Such "information" is not a traditionally protected property interest that can give rise to wire fraud, *id.*, and on the facts

Hon. Edgardo Ramos
May 12, 2023

of this case public shareholders' loss could not have provided Mr. Milton any gain, or otherwise have served as an object of the alleged fraud.

      Mr. Milton respectfully submits that *Ciminelli* confirms that the government failed to prove the "obtaining money or property" element of Count Three.

                                            Respectfully submitted,

                                            /s/ Alexandra A.E. Shapiro

                                            Alexandra A.E. Shapiro

cc: counsel of record (by ECF)