

570 Lexington Avenue, Suite 3500
New York, NY 10022

Torrey K. Young
Partner
212-466-6409
torrey.young@mfsllp.com

December 28, 2023

**<u>VIA ECF</u>**
Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *United States v. Trevor Milton* 1:21 CR 478 (ER)

Dear Judge Ramos:

This letter sets forth Trevor Milton's objections to the government's preliminary order for forfeiture of the Wasatch Creeks Ranch in Utah (ECF 319). The Court should reject the government's proposed forfeiture order for multiple independent reasons.

The trial record clearly establishes Mr. Milton incurred significant direct costs in purchasing the Wasatch Creeks Ranch property with lawful funds.

- Mr. Hicks paid $6.85 million for the property in March 2020. *See* Hicks Direct Tr. at 2032:23-2033:2; Hicks Cross Tr. at 2150:6-12.

- Mr. Hicks analyzed the proposed deal with Mr. Milton and wanted $8.45 million for the property. *See* Hicks Cross Tr. at 2169:12-23.

- Mr. Milton paid Mr. Hicks, just months after Mr. Hicks purchased the property, $8.5 million cash plus stock options. *See* Hicks Direct Tr. at 2091:19-2092:3.

- Thus, Mr. Hicks was paid $1.6 million more than his purchase price from the cash portion of the transaction alone. *See* Hicks Cross Tr. at 2150:6-17.

- The stock options that Mr. Milton provided to Mr. Hicks as part of the transaction were also valuable. Mr. Hicks had the opportunity to exercise them for a gain in excess of a million dollars on multiple dates and did not do so. *See* Hicks Cross Tr. at 2189-2191.

The Honorable Edgardo Ramos
December 28, 2023
Page 2

- After the Hindenburg Report and after Mr. Hicks declined to exercise the options, Mr. Milton agreed to sell Mr. Hicks discounted stock, which Mr. Hicks subsequently made Mr. Hicks another $1.6 million.  *See* Hicks Cross Tr. at 2136:24-2137:3.

Criminal forfeiture is a punitive measure and serves as a specific deterrent.  *Kaley v. United States*, 571 U.S. 320 (2014) ("Forfeitures … at once punish wrongdoing, deter future illegality, and 'lessen the economic power' of criminal enterprises").  The extent of criminal forfeiture is determined by the conviction.  Thus, the forfeiture must correspond in nature and scope to the underlying criminal conduct of which the defendant was convicted.

After sentencing in this matter, the government proposed a preliminary order seeking forfeiture – based on the conviction on Count Four – of the real property known as Wasatch Creeks Ranch pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461.  Section 981(a)(1)(C) makes forfeitable "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to" the crime.  Section 981(a)(2) defines forfeitable "proceeds," and draws a distinction between cases involving inherently illegal goods and services, and "lawful goods or lawful services that are sold or provided in an illegal manner."  *Compare* § 981(a)(2)(A) *with* § 981(a)(2)(B).  With respect to the latter, § 981(a)(2)(B) defines forfeitable "proceeds" of the crime as "the amount of money acquired through the illegal transactions resulting in the forfeiture, *less the direct costs incurred in providing the goods or services.*"  (Emphasis added).  Thus, the Supreme Court has interpreted the meaning of "proceeds" in § 981(a)(2)(B) to mean "profits" not "receipts."  *United States v. Santos*, 553 U.S. 507, 511-12 (2008).

The analysis here should be guided by (a)(2)(B) rather than (a)(2)(A), because there was nothing inherently unlawful about the transaction at issue in Count Four—*i.e.* the exchange of cash and stock options for the Wasatch Creeks Ranch.

The Second Circuit has held that insider trading offenses, for example, are covered by (a)(2)(B), such that only net, rather than gross, proceeds are appropriately subject to forfeiture.  *See United States v. Contorinis*, 692 F.3d 136, 145 n.3 (2d Cir. 2012) ("We agree with our own prior non-precedential conclusion, consistent with that of the Tenth Circuit, that § 981(a)(2)(B) supplies the definition of 'proceeds' in cases involving fraud in the purchase or sale of securities.").  Likewise, courts in S.D.N.Y. and elsewhere have held (1) that wire and mail fraud offenses are governed by (a)(2)(B), *e.g.*, *United States v. Kalish*, No. 06 Cr. 656 (RPP), 2009 WL 130215, at *6-8 (S.D.N.Y. Jan.13, 2009); *United States v. Hollnagel*, No. 10 CR 195–1, 3, 2013 WL 5348317, at *2 (N.D. Ill. Sept. 24, 2013); and (2) that repayments to fraud victims—even if made after the fraud is uncovered—are properly deducted from any forfeiture, *id* at *4.

Here, Mr. Milton is entitled to deduct "direct costs incurred" from any amount subject to forfeiture, which would include the cash and other property he paid to Mr. Hicks.  At minimum, forfeiture here should not include the $8.5 million cash value of the property that Mr. Milton paid to Mr. Hicks, which was $1.65 million greater than what Hicks had paid weeks prior.

The Honorable Edgardo Ramos
December 28, 2023
Page 3

Forfeiture of the entire Wasatch Creeks Ranch property also raises Eighth Amendment concerns. The Eighth Amendment's prohibition against excessive fines applies in criminal forfeiture proceedings. U.S. Const. Amend. 8; Fed. R. Crim. P. 32.2(b)(1). The right flows from the basic "precept of justice that punishment for crime should be graduated and proportioned to [the] offense." *Atkins v. Virginia*, 536 U.S. 304, 311 (2002) (quoting *Weems v. United States*, 217 U.S. 349, 367 (1910)).

The Supreme Court in *Bajakajian* has noted "[t]he touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998) (citing *Austin v. United States*, 509 U.S. 602, 622-623 (1993) (noting Court of Appeals' statement that "the government is exacting too high a penalty in relation to the offense committed")*; Alexander v. United States*, 509 U.S. 544, 559 (1993) ("It is in the light of the extensive criminal activities which petitioner apparently conducted . . . that the question whether the forfeiture was 'excessive' must be considered")).

Considering the offense here, Mr. Milton provided Mr. Hicks with $8.5 million cash and additional valuable non-cash property in connection with the transaction in the form of stock options and discounted stock. Within months Mr. Hicks made over $3.25 million dollars. Forfeiture of the entire property is excessively disproportionate to the crime.

Once a criminal defendant has contended, with some evidentiary support, that at least some of an asset's value is derived from lawful, non-forfeitable sources, then the government must demonstrate what portion is forfeitable. Fed. R. Crim. P. 32.2(b)(1). In this case, forfeiting the Wasatch Creeks property is excessive given that Mr. Milton paid Mr. Hicks more than fair market value in cash for the Ranch, plus additional valuable property. It is all the more excessive because Mr. Hicks is currently seeking treble damages in a separate civil action against Mr. Milton. *See Hicks v. Milton et al.*, 2:22-cv-00166 (D. Utah). Additionally, Mr. Milton purchased contiguous properties to the Wasatch Creeks Ranch. *See* ECF 273 at paragraph 92. The forfeiture of the Wasatch Creeks Ranch not only would strip Mr. Milton of the increased value in the property since 2020, but would also diminish the value of properties that have no relationship to Count Four. Mr. Milton should not be subjected to these repetitive and overlapping penalties. It is piling on.

Mr. Milton maintains his objections to forfeiture due to the government's failure to comply with Fed R. Crim. P. 32.2. To wit, the government did not provide a preliminary order in advance of sentencing. To lawfully forfeit the property, the government must comply with the mandatory procedures set forth in Rule 32.2. Here, the government failed to comply with what is arguably the most critical requirement -- to timely secure a preliminary order of forfeiture for the property it seeks to forfeit. Presently, there is a split in the Circuits as to whether the requirements of 32.2(b) are time-related directives or mandatory. The Supreme Court granted cert on this issue on September 29, 2023. *See McIntosh v. United States*, U.S., No. 22-7386, *cert.* granted September 29, 2023. The Second and Fourth Circuits have held the requirements of 32.2(b) are time-related directives, while the Sixth and Eight Circuits have denied forfeiture where the timing provisions of the rule were violated.

The Honorable Edgardo Ramos
December 28, 2023
Page 4


        If the Court determines to enter the forfeiture order, Mr. Milton requests that its execution be stayed pending appeal pursuant to Fed. R. Crim. P. 32.2(d).  *See e.g.*, *United States v. Silver*, 203 F. Supp. 3d 370, 385-86 (S.D.N.Y. 2016) (Court granted a stay in the fine and forfeiture order pending appeal).  The Court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review.  Fed. R. Crim. P. 32.2(d).  A stay of the forfeiture order is particularly relevant given that real property is not fungible. Mr. Milton further requests that all other financial aspects of the sentence, including the fine and any interest thereon, be stayed pending appeal, save for the special assessments, which he has already paid. *See* Fed. R. Crim. P. 38.

                                        Respectfully submitted,

                                         /s/ Torrey K. Young
                                        Torrey K. Young
                                        Marc L. Mukasey
                                        MUKASEY FRENCHMAN LLP
                                        570 Lexington Avenue, Suite 3500
                                        New York, New York 10022

                                        -and-

                                        Alexandra A.E. Shapiro
                                        Avery D. Medjuck
                                        SHAPIRO ARATO BACH LLP
                                        1140 Avenue of the Americas, 17th Floor
                                        New York, New York 10036

                                        *Counsel for Defendant Trevor Milton*


Cc:     AUSA Matthew Podolsky
        AUSA Nicolas Roos