# Exhibit C

**<u>WCR stock Option Agreement Analysis</u>**

1. Trevor represented he owned the VectoIQ stock on the effective date (June 1) which he did not
    a. Second whereas clause
    b. 5(a)
    c. 5(d)
2. What he had was a right to such stock which would become his stock the next day
3. That stock (VectoIQ) came with an adjustment rights:
    a. 1(l) says Grantor Shares = stock beneficially owned as of June 2, 2020 as adjusted in any way as defined in section 3 below and Section 2(a) says my 270,960 shares will be adjusted per section 3
    b. Section 3 says if at any time prior to exercise date, any of Trevor's stock get favorable treatment, so do I.
    c. But Trevor's June 1 and 2 VectoIQ stock did not get favorable treatment (Nikola pre-merger stock did).  Nikola had a 1.9 conversion rate in its favor
4. My guess:
    a. Trevor's paralegal says I was entitled to the 270,960 shares (calculated by the June 1 pre-merger numbers) adjusted by Trevor's 1.9 conversion rate.
    b. Option section 3(a) states :  if prior to Expiration Date the holders of the common stock of the Company (or…any shares of stock…at the time receivable upon the exercise of this Option) shall have received… or shall have become entitled to receive…additional stock of the Company by way of dividend or otherwise… [it] shall be entitled to receive…the amount of such other or additional stock of the Company which Optionee would have been issued had it been the holder of record of such Option Shares on the date hereof…."  I don't think this is relevant but maybe the paralegal does.
    c. Was he saying that as of June 1 Trevor owned the right to VectollIQ stock (but not yet ownership of it) so when he represented he owned the stock he was really saying that he was selling his right to $8.5m of stock plus the "additional stock" I was "entitled to" "otherwise" which he translates to the 1.9 conversion?  In the prior iteration, Trevor was conveying to me (in the same group with all the pre-IPO investors at $10/share), shares of either pre merger Nikola or VectollIQ. Is that relevant here at all?
5. How to proceed
    a. Letter to Paralegal:  We could have Utah counsel write a letter to the paralegal indicating that the 1031 exchange agent is asking some question to understand the option agreement.  We could ask a series of 3-5 questions all of which you know the answers to and then bury in there this question:  Per the option agreement and merger what are the minimum and maximum number of shares  Mr Hicks can exercise on and at what price per share?
    b. Do nothing:  In which case do we have any issues in the wording of the exercise and the big issue will be were the share price is above 16 but below 31 in which case any exercise would make money if the reality is 16 and lose money if it is 31.



EXHIBIT

69

https://www.sec.gov/Archives/edgar/data/1731289/000104746920002928/a2241585z424b3.htm

https://twitter.com/nikolatrevor/status/1238654032320716800?lang=en